IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

CASE NO.:

        Plaintiff,

v.

JEWELERS MUTUAL INSURANCE
COMPANY,

        Defendant.

_____/

## PROPOSED NOTICE OF TAKING DEPOSITION DUCES TECUM

**PLEASE TAKE NOTICE** that the undersigned attorneys will take the following

deposition at the place, date and time indicated below:

| NAME | DATE | TIME | PLACE |
|---|---|---|---|
| **Corporate Representative with knowledge pursuant to Fla. R. Civ. P. 1.310(b)(6)** | **TBD** | **TBD** | **TBD** |

> **In accordance with the Americans with Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the offices of the undersigned at 305-444-5969**

Pursuant to Rule 1.310(b)(6) of the Florida Rules of Civil Procedure, you are hereby requested to designate one or more officers, directors, managing agents or other persons who consent to testify on behalf of the parties being deposed as the persons having the most knowledge concerning the area of the subject matter described on **Schedule A** attached hereto.

Upon oral examination before a commissioner appointed by the Court, a Notary Public, or any other officer authorized to administer oaths by the laws of the State of Florida, who is neither a relative nor employee of such attorney or counsel and who is not financially interested in this action. The deposition will continue from day to day until completed. The deposition is being taken for purposes of discovery and for use as evidence in this case, for use at trial, or for such other purposes as are permitted under the Florida Rules of Civil Procedure.

**The deponent is to bring at the above time and place the following documents listed on the attached Schedule B.**

**EXHIBIT
Composite A**

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to: JEWELERS MUTUAL INSURANCE COMPANY on the 3rd day of June 2022.

**Your Insurance Attorney, PLLC.**
2601 South Bayshore Drive 18th Floor
Coconut Grove, FL 33133
Phone No.: 1-888-570-5677
Fax: 1-888-745-5677
Email: YIA20@yourinsuranceattorney.com
Secondary Email: Eservice@yourinsuranceattorney.com

By: _____ /s/    *Idelys Martinez*_____
           Idelys Martinez, Esq.
           Florida Bar No. 1011047

**SCHEDULE A**

1.  The allegations set forth in the Complaint.

1.  The Insurance Policy entered into between the Insurer and the Insured as referenced in the Complaint.

2.  All facts related to the Insurer's involvement in the Insured's claim as referenced in the Complaint.

3.  All facts related to communications between the Insured and agents of the Insurer as it relates to the allegations set forth in the Complaint.

4.  The adjustment and claim handling of the instant claim alleged in the Complaint.  .

5.  The dollar value of the Insured's damages.

6.  All facts and information supporting your defenses to the Plaintiff(s) claim for insurance proceeds as alleged in the Complaint.

7.  All facts and information supporting Your Answer and Affirrmative Defenses.

8.  All facts and information supporting any defense or exclusion of coverage under the Insurance Policy entered into between Plaintiff and Defendant as referenced in the Complaint.

**SCHEDULE B**

1. Please bring a copy of all documents in your possession for the instant Claim as defined in the Complaint that are not protected by a claimed privilege. If you are not producing documents pursuant to this Schedule B request because you are claiming a privilege please provide a privilege log. If a document is not produced and not referenced on a privilege log we will assume it does not exist.



**<u>SERVED WITH COMPLAINT</u>**

**RE:** MAJOR LEAGUE JEWELERS v. JEWELERS MUTUAL INSURANCE COMPANY


To Whom It May Concern:

At this time we would like to request that your office provide five or more dates to coordinate the deposition of your corporate representative(s), in connection with the above-referenced matter within **one hundred and sixty (160) days**. I have attached the proposed areas of inquiry for your convenience. Please note this is not an exhaustive list and additional areas of inquiry may be necessary depending upon additional discovery and responses to questions asked at the deposition. Please forward all dates to YIA20@Yourinsuranceattorney.com

Should you have any questions, please do not hesitate to contact us. In the meantime, I look forward to your anticipated prompt cooperation in this matter. Failure to provide dates within the prescribed time may necessitate the filing of a Motion to Compel.

Kind Regards,

**YOUR INSURANCE ATTORNEY, PLLC**
**Idelys Martinez, Esq.**

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

        Plaintiff,

        CASE NO.:

v.

JEWELERS MUTUAL INSURANCE
COMPANY,

        Defendant,

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, MAJOR LEAGUE JEWELERS (the "Insured"), pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby requests that Defendant, JEWELERS MUTUAL INSURANCE COMPANY (the "Insurance Company"), make available for inspection and duplication, in response to each numbered paragraph, all documents specified herein which are in its possession, custody or control or in the possession, custody or control of its agents, accountants or attorneys. Defendant is requested to make such production within the time period prescribed either by the Florida Rules of Civil Procedure or by order of the Court, at the offices of **Your Insurance Attorney, PLLC., 2601 South Bayshore Drive, 18th Floor, Coconut Grove, Florida 33133.**

## I.    DEFINITIONS AND INSTRUCTIONS

1.     The terms "you", "your(s)", "yourselves", "defendant", and/or "Insurance Company" means the party or parties to which this request is addressed, and any agents, representatives, attorneys or other persons acting or purporting to act, on its behalf.

2.     The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

3.      The "Complaint" means the Complaint filed by the Insured in this action.

4.      The term "document" shall mean any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, work-sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

5.      The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

6.      The term "Insurance Company" shall refer to the Defendant in this action, its affiliates, subsidiaries, predecessors, successors, agents, attorneys and/or anyone else acting in its behalf.

7.      The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, personal delivery or otherwise.

8.      As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neuter shall include each of the other genders.

9.      The terms "and", "as well as" and "or" shall be construed disjunctively as well as conjunctively as necessary to make the interrogatory inclusive rather than exclusive.  The term "all" means "any and all."  The terms "each" and "every" means "each and every," the term "including" means "including without limitation."

10.     The terms "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

11.     The terms "locate" or "location" means to state the present whereabouts of each document and to identify the person(s) having possession, custody or control thereof.

12.     The term "to date" shall mean the date on which you respond to this request.

13.     When producing the required documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

14.     When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

15.     In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file.

16.     The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

17.     If you claim that the attorney/client or any other privilege or the attorney's work product doctrine applies to any document, the production of which is called for by these requests, then for each such document, state its date, subject matter, author(s), recipient(s), present custodian and all past custodians, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim.

18.     If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any one of these requests, then in response to the appropriate request:

     (a)     furnish each such document that is available to you without undertaking what you contend to be an unreasonable burden;

     (b)     state with particularity the grounds on which you contend that additional efforts to obtain such documents would be unreasonably burdensome; and

     (c)     describe with particularity the efforts made by you to secure such documents, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such documents, including the duration of time spent and nature of work done by each person.

19.     Unless otherwise indicated, all requests include the time period from the date of the Loss to the date you receive this request.

20.     The term "Insured" shall refer to the Plaintiff(s), affiliates, predecessors, successors, agents, attorneys and/or anyone else acting in their behalf.

## II.   <u>LOST/DESTROYED DOCUMENTS</u>

If any document to be produced was, but is no longer, in your possession, custody or control and/or has been destroyed or is otherwise incapable of production or state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; (d) if not destroyed, the reason why the document is incapable of production; and (e) the subject matter of the document.

## III.   <u>DOCUMENTS REQUESTED</u>

1.     A true and correct certified copy of the insurance policy provided by the Insurance Company to the Insured, for which this lawsuit is premised, including but not limited to, declaration sheet(s), all addendums and attachments.

2.     Each and every timesheet, log and all other documents reflecting time spent by the Insurance Company at the Property.

3.     Each and every document, evidencing the name, address, and the position/relationship with the Insurance Company, of every individual who has visited or plans to visit the Property on behalf of the Insurance Company.

4.     Any and all correspondence or written communications from the Insurance Company to the Insured, which in any manner pertain to the Insured's loss as described in the Complaint.

5.     Any and all correspondence or written communications from the Insured, to the Insurance Company which in any manner pertains to the Insured's loss as described in the Complaint.

6.     Any and all photographs taken by the Insurance Company of the Property.

7.     All documents containing information regarding a statement by the Insured at any time during the Insurance Company's handling of the Insured's loss, including adjuster notes, claim reports, interoffice memorandum, tape recordings, Examination Under Oath transcripts, and any other transcripts or written statements from the Insured.

8.      Any and all bills or estimates for repairs to the Property submitted to the Insurance Company by the Insured.

9.      Any and all checks paid to, or on behalf of the Insured, representing insurance coverage payment(s) for the loss.

10.     All reports which in any manner pertain to the Insured's loss.

11.     All Proof of Loss forms pertaining to the subject loss that were sent or received by you or your representatives to or from the Insured or the Insured's representative.

12.     Transcripts of all recorded statements taken by you or your representatives in connection with the subject loss.

13.     All inspection reports or other documents that evidence the cause of the damages at issue in the subject claim as determined by you or your representative.

14.     All applications for insurance submitted by or on behalf of the Insured to you or your representatives in connection with obtaining or renewing the subject Policy.

15.     All photographs or videos taken by you or your representative(s) in connection with the initial issuance or renewal of the subject Policy.

16.     A current curriculum vitae (CV) or resume for each person retained on your behalf for the purpose of rendering an opinion as to the cause or extent of the subject damage.

17.     All affidavits or sworn statements in your possession pertaining to the subject loss.

18.     Transcripts of all examinations under oath (EUO) taken by you or your representatives in connection with the subject loss.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail

to: JEWELERS MUTUAL INSURANCE COMPANY c/o The Florida Chief Financial Officer as

RA, 200 E. Gaines Street, Tallahassee, Florida 32399-4201, on this 3rd day of June 2022.

> **Your Insurance Attorney, PLLC.**
> 2601 South Bayshore Drive 18th Floor
> Coconut Grove, FL 33133
> Phone No.: 1-888-570-5677
> Fax: 1-888-745-5677
> Email:YIA20@Yourinsuranceattorney.com
> Secondary Email: Eservice@Yourinsuranceattorney.com
>
> By*: /s/ Idelys Martinez*
> Idelys Martinez, Esq.
> Florida Bar No. 1011047

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

      Plaintiff,

CASE NO.:

v.

JEWELERS MUTUAL INSURANCE
COMPANY,

      Defendant.

_____/

## **PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Plaintiff, MAJOR LEAGUE JEWELERS (the "Insured"), pursuant to Rule 1.340 of the

Florida Rules of Civil Procedure, propounds the following First Set of Interrogatories upon

Defendant, JEWELERS MUTUAL INSURANCE COMPANY (the "Insurance Company"), to be

answered in writing, under oath, within the time specified.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail

to: JEWELERS MUTUAL INSURANCE COMPANY c/o The Florida Chief Financial Officer as

RA, 200 E. Gaines Street, Tallahassee, Florida 32399-4201, on this 3rd day of June 2022**.**

**Respectfully Submitted by,**

**Your Insurance Attorney, PLLC.**
2601 South Bayshore Drive 18th Floor
Coconut Grove, FL 33133
Phone No.: 1-888-570-5677
Fax: 1-888-745-5677
Email:YIA20@Yourinsuranceattorney.com
Secondary Email: Eservice@Yourinsuranceattorney.com

By*: /s/ Idelys Martinez*_____
Idelys Martinez, Esq.
Florida Bar No. 1011047

## DEFINITIONS AND INSTRUCTIONS

1.      Insert your answers in the space provided following each question.  If additional space is needed, so indicate in the space provided, prepare your answers on a separate paper, and attach the additional paper to your answers.

2.      Separately answer each interrogatory, and each subsection of each interrogatory. The term "you" and "your" means the party or parties to which this request is addressed, including its divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, accountants, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.

3.      The terms "Insurance Company" or "Defendant" means the defendant in this action to which these Interrogatories are addressed, including its agents, attorneys, accountants, and all other persons acting or purporting to act on their behalf.  The terms "Insurance Company" or "Defendant" also includes the party's divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and accountants as well as each partnership in which it is a partner, and includes any other person, acting or purporting to act on its behalf.

4.      The terms "you" and "your" mean the party or parties to which these interrogatories are addressed, including its agents, attorneys, accountants, and all other persons acting or purporting to act on its behalf.

5.      The "Complaint" means the Complaint filed by the Insured in this action.

6.      The term "Claim" means any statement, concept, assertion, idea, allegation, fact, law, rule, theory, observation, cause of action, or principle whatsoever, based upon which Plaintiff demands that she has suffered damages, or has a right to payment, as the result of any act or omission of Defendant.

7.      The terms "person" or "persons" mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, and group of natural persons or other entity, and includes any other person acting on behalf of a person.

8.      The term "contract" means any promise, or set or promises, which creates an obligation to do or not do a particular thing where there was meeting of the minds on a given proposition and an understanding and intention between the parties.

9.      The term "communication" means any information given, whether oral or written; any oral or written statement, conference, consultation, dialogue, colloquy, discussion, conversation, agreement, the sharing of knowledge by one with another, bargaining preparatory to making a contract or any expression of any kind.

10.     The term "document" means and includes any kind of written, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, and every record of every type, including originals, non-identical copies and drafts, and both sides of any documentation where information appears on both sides, and including but not limited to: letters, correspondence, memoranda, meeting transcripts or minutes, public filings or tax returns, papers, books, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, notes, notations, accountants' working papers, transcriptions, agendas, reports, recordings of telephone or other conversations, of interviews, of conferences or of meetings, telephone messages, diaries, indices, books, reports, ledgers, working papers, invoices, worksheets, receipts, computer printouts, financial statements, schedules affidavits, contracts, canceled checks, statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the

foregoing, whether handwritten, printed or electronically prepared, filed or stored, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print-outs, data processing input and output, microfilms, newspapers, magazines, books, periodicals or press releases, including information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored to which you have or had access. "Document" shall also be deemed to include any summary of a document or documents called for hereafter.

11.  The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

12.  As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

13.  The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to make the interrogatory inclusive rather than exclusive. The term "all" means "any and all." The term "each" means "each and every," and the term "every" means "each and every."

14.  The terms "refer" or "relate to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

15.  The term "locate" or "location" means to state the present whereabouts of each Document and to identify the persons having possession, custody or control thereof.

16.  The term "to date" shall mean the date on which you answer these interrogatories.

17.  The term "including" means "including but not limited to".

18.     "Relating to" or "relevant to" means embodying, pertaining to, concerning, involving, constituting, comprising, reflecting, discussing, evidencing, referring to, consisting of, or having any logical or factual connection whatever with the subject matter in question.

19.     The term "Identify," when used with reference to a natural person, means state:

(a)     his full name and address (or, if the present address is not known, his last known address).

(b)     the full name and address of each of his employers, each corporation of which he is an officer or director and each business in which he is a principal.

(c)     his present (or, if the present is not known, his last known) position and his position or positions at the time of the act to which the interrogatory answer relate, and

(d)     such other information sufficient to enable Plaintiff to identify the person.

20.     "Identify," when used with reference to any entity other than a natural person, means:

(a)     state the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity, and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization.

21.     "Identify," when used with reference to a document or written communication, means state:

(a)     its nature (e.g., letter, telegram, floppy disc, computer printout, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee, if there is an addressee;

(b)     the identity of each signer to the document or communication;

(c)     the title or heading of the document or communication;

(d)     its substance;

(e)     its present (or, if the present is not known, the last known) location and custodian.

     (f)    the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (I) respondent and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof;

     (g)    the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

22.    "Identify," when used with reference to an oral transaction or oral communication, means state:

     (a)    its nature (e.g., telephone call, conversation in person, etc.)

     (b)    the date and place thereof.

     (c)    the identity and address of each person participating therein, present during or witness to any part thereof.

     (d)    identify each document in which such transaction or communication was recorded, described or referred to.

23.    "Identify" when used with reference to a lawsuit means state:

     (a)    the caption of each lawsuit;

     (b)    the court in which the lawsuit was filed;

     (c)    the case number;

     (d)    identify the parties, and

     (e)    a brief summary of the nature of the claim or charge.

24.    "Identify" when used with reference to an administrative claim or charge means state:

     (a)    identify the claimant or charging party;

     (b)    the administrative office were filed;

     (c)    the number assigned to identify the claim or charge, and

(d)     a brief summary of the nature of the claim or charge.

25.     "Identify," when used in any other context that is herein above set forth, means to describe the act, word, situation, event, etc. (and/or conduct, course of action of any nature whatsoever, including without limitation any failure to act, to engage in any conduct or to pursue any course of action), to be identified as fully as possible and identify each document or communication or act in which such act, word, situation, event, conduct or course of action, etc., was recorded, refers or relates to each answer, forms all or part of the basis for an answer; and/or corroborates and answer.

26.     You may, in lieu of identifying any Document or written communication, attach a true copy of each Document as an exhibit to the answers to these interrogatories.  On each occasion in which you choose to attach a Document as your answer to an interrogatory, identify the portion of the Document that answers the interrogatory.

27.     Identify each Document produced pursuant to an interrogatory by the paragraph number of the interrogatory in response to which it is produced and by the file from which the document was produced.

28.     If any of the information furnished in an answer to all or part of an interrogatory is not within your personal knowledge, identify each person who has personal knowledge of the information furnished in such answer and each person who communicated to you any part of the information furnished.

29.     If the answer to all or any part of the interrogatory is not presently known or available to you, include a statement to that effect, furnish the information now known or otherwise available to you, and respond to the entire interrogatory by supplemental answer, in writing, under oath, within ten days from the time the entire answer becomes known or available to you, but. in no event less

than five days prior to trial.

30.    If you contend that it would be unreasonably burdensome to obtain and provide all of the information called for in response to any one of these interrogatories or any subpart thereof, then in response to the appropriate interrogatory or subpart:

(a)    set forth all such information that is available to you without undertaking what you contend to be an unreasonable burden;

(b)    state with particularity the grounds on which you contend that additional efforts to obtain such information would be unreasonably burdensome; and

(c)    describe with particularity the efforts made by you to secure such information, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such information, including the duration of time spent and nature of work done by each person.

31.    Unless your response to an interrogatory is complete when made, these interrogatories are continuing insofar as you are required to promptly make further or supplemental answers if new information is discovered and/or acquired by you between the date of your initial answer and any time thereafter.

32.    If you claim in response to any request for production that any requested document is "privileged" and not subject to discovery, you shall so state expressly and, in addition, shall provide a privilege log, describing the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

33.    If all of the information furnished in answer to all or part of an interrogatory is not within the personal knowledge of the affiant, identify each person to whom all or part of the information furnished is a matter of personal knowledge and each person who communicated to the

affiant any part of the information furnished.

      34.    To the extent precise and complete information cannot be furnished, such information as is available shall be supplied, together with an estimate of the precise and complete information. Where such an estimate is given, the method employed in making the estimate shall be described.

## **INTERROGATORIES**

      1.     Please state the name, title, current business address, and phone number of all persons answering or assisting with the answering of this set of interrogatories.

      2.     Please state the date that the Insurance Company first received notice from the Insured for a claim of benefits under the Policy for property damages as described in the Complaint in this lawsuit.

      3.     In reference to the Insurance Company's denial of the Insured's claim for benefits under the Policy, please state:

        a.        The date the decision to deny the claim was made.

        b.        Identify each person who participated in the decision to deny the Insured's claim.

        c.        Describe each and every fact upon which you relied in forming the basis for your denial of the Insured's claim.

        d.        Identify each document sent by the Insurance Company to the Insured detailing the reasons why the Insurance Company denied the Insured's claim.

        e.        State the location, including, page(s), line(s) and paragraph number(s), and the exact language contained in the Policy, which you used to base your decision to deny coverage of the Insured's claim.

4.        Identify each person, by name, address, phone number and position, whom on behalf of the Insurance Company, inspected the Insured Property in reference to the claim for benefits under the Policy, including his or her field of expertise and the date of each inspection.

      5.     Identify each written estimate for repair or replacement, including the amount set forth in each estimate, which has been provided to the Insurance Company by the Insured in reference to the Insured's claim for benefits under the Policy.

      6.     Identify all persons (other than the Insurance Company) believed or known by you, your agents or attorneys to have knowledge concerning any of the issues raised by the pleadings, specifying the subject matter about which witnesses have knowledge and state whether you have obtained any statements (oral, written or recorded) from any of said witnesses, list the dates any such

witness statements were taken, by whom any such witness were taken and who has the present possession, custody and control of any such statements.

7.     Identify all persons who, on the Insurance Company's behalf, have in any way participated in the investigation, evaluation, adjusting or handling of the claim involved hereto. Please specify the nature of the participation for each and every such person and give the time period during which they participated.

8.     For each decision that was made that the claim of the Insured were allegedly not covered under the Policy, please state the date you first decided that the Insured was allegedly not covered, the date you arrived at the conclusion the Insured was not covered and the names and address and phone number and the dates of involvement of each and every person that knows any information concerning these matters.

9.     Please describe all requests made by the Insurance Company upon the Insured for post-loss compliance (i.e., requests for examination under oath, information, documents, sworn proofs of loss, etc.,) in reference to this claim and the dates made.

10.    With reference to each of your affirmative defenses raised in the lawsuit, please describe each and every fact upon which you rely to substantiate such affirmative defense, including identification of all witnesses to each such fact.

11.     Please verify the date the Policy became effective.

12.     Please state the amount of money paid by the Insured towards the premium of the Policy in place at the time of the Loss.

13.     Please state whether or not you performed any inspections of the insured premises prior to the Loss.  If so, provide the date the inspection was performed, the purpose of the inspection, by whom and their contact information.

14.     Please provide the name and contact information for the agent that sold the Policy to the Insured.

15.     If you contend that the Insured did not comply with the terms and conditions set forth in the Policy please described:

      a.     the term and/or condition of the Policy not complied with;

      b.     how the Insured failed to comply with the term and/or condition;

       c.     when a request was made by you demanding compliance with the term and/or condition of the Policy;

       d.     why compliance with the terms and/or condition was necessary for you to adjust the Loss and determine coverage.

   16.   Please verify the name, phone number, address and title of the corporate representative(s) with the most knowledge regarding the allegations set forth in the complaint.

17.   Please identify all claims made by the Insured for the Insured premises.

IN WITNESS WHEREOF, the Insurance Company has executed the foregoing answers to interrogatories and states that same are true and correct to the best of the undersigned's knowledge and belief.

_____

JEWELERS MUTUAL INSURANCE COMPANY

By: _____

Title: _____

STATE OF FLORIDA                          }
                                          }
COUNTY OF _____                 }

BEFORE ME, the undersigned authority, personally appeared _____, who is personally known to me or who has produced _____ as identification, being first duly sworn according to law, deposes and says that he executed the foregoing Answers to Plaintiff's First Set of Interrogatories and that they are true and correct to the best of his/her knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of my office; in the County and State last aforesaid, this _____ day of _____2022.

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

        Plaintiff,               CASE NO.:

v.

JEWELERS MUTUAL INSURANCE
COMPANY,

        Defendant,

_____/

## **COMPLAINT**

Plaintiff, MAJOR LEAGUE JEWELERS (the "Insured"), hereby sues Defendant, JEWELERS MUTUAL INSURANCE COMPANY (the "Insurance Company"), and alleges as follows:

## **PARTIES, JURISDICTION AND VENUE**

1.     This is an action for damages that exceeds Thirty Thousand and 00/100 Dollars ($30,000.00), exclusive of interest, costs and attorney's fees and equitable relief by way of a Declaratory Judgment action.

2.     The Insured is an individual who at all times material hereto has resided in Broward County, Florida.

3.     The Insurance Company is a Florida corporation qualified to do business in Florida and has, at all times material hereto, been conducting business in Broward County, Florida.

4.     Venue is proper in Broward County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Broward County, Florida.

5.     All conditions precedent to the filing of this lawsuit have occurred, have been waived or have been performed.

## **GENERAL ALLEGATIONS**

6.    At all times material hereto, in consideration of a premium paid by the Insured, there was in full force and effect a certain homeowners insurance policy issued by the Insurance Company with a policy number of 55-015767 (the "Policy"). A true and correct copy of policy is attached hereto as Exhibit "A".

7.    Accordingly, under the terms of the Policy, the Insurance Company agreed to provide insurance coverage to the Insured's property against certain losses.  The damaged property is located at 10272 Cayman St, Hollywood, FL 33026 (the "Property").

8.    On or about September 29th, 2021, while the Policy was in full force and effect, the Property sustained a covered loss as a result of Negligent Procurement (the "Loss").

9.    The Insurance Company assigned claim number 45-014740 to the Loss.

10.    Subsequently, on or about December 23rd, 2021, the Insurance Company informed the Insured that it was denying coverage for the Loss on the basis that it was not covered by the Policy.  However, after diligent inspection of the Loss, it was obvious that the Property sustained damage which the Insurance Company agreed to provide coverage for under the terms of the Policy.

11.    The Insured has suffered and continues to suffer damages resulting from Insurance Company's breach of the Policy.

12.    The Insured has been obligated to retain the undersigned attorneys for the prosecution of this action and is entitled to a reasonable attorney's fee pursuant to Florida Statute Sections 627.428 and/or 626.9373.

**COUNT I**
**BREACH OF CONTRACT**

13.     The Insured reincorporates paragraphs 1 through 12 as if fully set forth herein.

14.     It is undisputed that the Insured and the Insurance Company entered into a written contract, the Policy, wherein the Insured agreed to pay a premium and the Insurance Company agreed to insure the Insured's Property.

15.     The Insured has paid all premiums due and owing as contemplated by the Policy; thus, fully performing  obligations under the Policy.

16.     The Insured's Property sustained damage which the Insurance Company agreed to provide coverage for under the terms of the Policy.

17.     Furthermore, at all times material hereto, the Insured has satisfied all post-loss obligations to the best of  ability in accordance with the Policy.

18.     In contrast, the Insurance Company has failed to: (i) acknowledge coverage for the Loss; and/or (ii) acknowledge that payment would be forthcoming; and/or (iii) make any payment of insurance proceeds to the Insured. As a result of the foregoing, the Insurance Company has breached the Policy.

19.     As a direct and proximate result of the Insurance Company's breach of the Policy, the Insured has sustained damages.

WHEREFORE, the Insured respectfully requests that this Court enter judgment against the Insurance Company for damages, plus interest, court costs and reasonable attorney's fees pursuant to Sections 627.428 and/or 626.9373.

## COUNT II
## <u>DECLARATORY JUDGMENT</u>

20.     The Insured reincorporates paragraphs 1 through 12 as if fully set forth herein.

21.     There is a bona fide, actual, present, adverse, and practical need for this Court to render a declaration as to whether the Policy issued by Insurer to Insured provides coverage to Insured for the Loss.

22.     There is doubt between the Insured and Insurer regarding coverage of the loss which affects the rights and/or privileges of the Parties.

23.     This declaration deals with a present controversy as to the application of the law to facts regarding the insurance coverage available to Insured for the Loss.

24.     By filing this declaratory judgment action, the Insured is not requesting that the Court merely provide legal advice or answer questions propounded from curiosity.

25.     Based upon the foregoing, the Insured is entitled to a declaratory judgment, holding that coverage does exist for the Loss; thus removing any doubt that exists between the Parties.

26.     Pursuant to Section 86.081, Florida Statues, the Insured is entitled to costs.

WHEREFORE, the Insured respectfully seeks the entry of a declaratory judgment against the Insurer holding that the Loss is covered under the Policy, plus costs and attorney fees for bringing this action and such other relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 3rd day of June 2022.

Respectfully Submitted,

**Your Insurance Attorney, PLLC.**
2601 South Bayshore Drive 18th Floor
Coconut Grove, FL 33133
Phone No.: 1-888-570-5677
Fax: 1-888-745-5677
Email:YIA20@Yourinsuranceattorney.com
Secondary Email: Eservice@Yourinsuranceattorney.com

By: */s/ Idelys Martinez* _____
Idelys Martinez, Esq.
Florida Bar No. 1011047

EXHIBIT "A"



**EST 1913**

# Jewelers Mutual ®

G R O U P

24 Jewelers Park Drive P.O. Box 468 Neenah, WI 54957-0468 USA
800-558-6411 ▪ JewelersMutual.com

## Jewelers Block
## New Business Declaration

**Effective 12/28/2020**

---

| **Name and Address** | **Policy Number** | **Policy Period** |
|---|---|---|
| Major League Jewelers<br>10272 Cayman St<br>Hollywood FL  33026-4664 | 55-015767 | 12/28/2020 to 12/28/2021<br>**12:01 a.m. standard time** |

---

| **Agency** P28Z | **Policy Coverage Parts Attached** | |
|---|---|---|
| IJU Agency Ltd<br>1040 Avenue Of The Americas<br>Ste 1401<br>New York, NY  10018-3703 | Policy Premium<br>**Total** | $5,147.00<br>**$5,147.00** |

**Agency Phone:**  212-575-1860

**Named Insured**
Major League Jewelers

**Doing Business As:** Corporation

**Agreement**

In return for your payment of the premium, we provide the coverages shown. Coverage applies to the described premises ONLY where a limit of insurance is shown, subject to all the terms of policy forms and endorsements shown.

Underwritten by Jewelers Mutual Insurance Company, SI

**Policy Number: 55-015767**

**Jewelers Block
New Business Declaration**

**Policy Period:**
12:01 a.m. standard time
12/28/2020 to 12/28/2021

**Effective: 12/28/2020**

## Important Membership Information

This policy is issued by Jewelers Mutual Insurance Company, SI, an insurer whose policyholders are members of a mutual holding company. This means special provisions apply to each member's policies or contracts of insurance, of which the following apply to and form a part of this policy:

**Membership and Voting** - While this policy is in force, each named insured in the Declarations is a member of Jewelers Mutual Holding Company, Wisconsin. As a member, you are entitled to one vote, in person or by proxy, at all meetings of the members. If two or more persons qualify as members under a single policy, they are deemed one member for the purposes of voting and collectively are entitled to one vote. You can only cast one vote regardless of the number of policies or coverage you purchased. The owner of any group policy has one vote regardless of the number of individuals insured or coverage purchased. Fractional voting is not permitted. If you are a minor, any vote is vested in your parent or legal guardian.

**Annual Meeting Notice -** The annual meeting of the members of Jewelers Mutual Holding Company is held at its home office in Neenah, Wisconsin on the third Wednesday in May, in each year, at 10:00 a.m. This notice is your formal notification of the time and place. If the Board of Directors changes the time or place of the meeting, notice of the change will be mailed to each member at the address disclosed in this policy at least 10 days prior to the meeting.

_____
President & CEO

_____
Corporate Secretary



EST 1913

# Jewelers Mutual®

G R O U P

24 Jewelers Park Drive P.O. Box 468 Neenah, WI 54957-0468 USA
800-558-6411 ■ JewelersMutual.com

## Certified Terrorism Insurance Policyholder Disclosure Notice

Dear Policyholder:

On an annual basis, we are required to disclose the federal government's participation in payment of certified terrorism losses. We are also required to notify you of the portion of your policy premium, if any, which is attributed to the coverage under the Terrorism Risk Insurance Act (the Act).

The Act, as amended, contains a $100 billion cap that limits both the U.S. Government and Jewelers Mutual Group's liability for losses resulting from certified acts of terrorism when the amount of such loss in any one calendar year exceeds $100 billion. If the aggregate insured loss for all insurers exceeds $100 billion, your coverage may be reduced. This applies to foreign and domestic acts of terrorism.

The United States Government generally reimburses 85% through 2015; 84% beginning on January 1, 2016; 83% beginning on January 1, 2017; 82% beginning on January 1, 2018; 81% beginning on January 1, 2019 and 80% beginning on January 1, 2020, of covered terrorism losses that exceed the statutorily established deductible paid by Jewelers Mutual Insurance Company, SI. The premium charged to you for this coverage is shown below. You pay a premium only for coverage that Jewelers Mutual provides for the potential loss from terrorist attacks. It does not include any charges for the portion of loss that may be covered by the federal government under the Act.

The portion of your premium attributed to coverage for certified terrorism acts under the Act is $51.00.

On an annual basis, you may reject certified terrorism coverage by notifying us in writing.

In some states, the terrorism exclusion makes an exception for fire losses resulting from an act of terrorism. Accordingly, if you reject the terrorism coverage, that rejection is not applicable to fire losses resulting from an act of terrorism. In these states, the coverage in your policy for such fire losses will continue and we will charge a portion of the premium listed above.

Note: While this policy *does* provide coverage for certain terrorism losses in compliance with the federal Terrorism Risk Insurance Act, it *may not* cover *all* types of terrorism losses, such as nuclear events.

This form is attached to your policy showing the premium charged to you and is intended to assist you in understanding the endorsement. Read your entire policy carefully to determine what is and is not covered.

If you have any questions, please contact your insurance agent.


Underwriting Department

Underwritten by Jewelers Mutual Insurance Company, SI                    DNCAT 01 15
(Includes copyrighted material of Insurance Services Office, Inc. with its permission.)

**Policy Number: 55-015767**

# Jewelers Block
# New Business Declaration

**Policy Period:**
12:01 a.m. standard time
12/28/2020 to 12/28/2021

**Effective: 12/28/2020**

---

1. **On The Described Premises Location # 1**
   10272 CAYMAN ST
   HOLLYWOOD, FL  33026-4664

   **Type of Business**

   Retail

   Limit of insurance – The limit of insurance shown is the most we will pay for any one loss.

|    |                                                                                      | Limit of Insurance      | Deductible |
|----|--------------------------------------------------------------------------------------|-------------------------|------------|
| a. | Stock (Including customers' and memorandum/consignment property and samples)         | $300,000                | $5,000     |
| b. | Show window(s)                                                                       |                         |            |
|    | 1) Closed to business                                                                | ZERO                    | ZERO       |
|    | 2) Open to business                                                                  | Included in stock limit | $5,000     |
| c. | Out of Safe/Vault/Stockroom limit when closed to business                            | N/A                     | N/A        |
| d. | Patterns, molds, models, and dies                                                    | ZERO                    | ZERO       |
| e. | Your interest in tenant's improvements                                               | ZERO                    | ZERO       |
| f. | Furniture; fixtures; safes; modular vaults; machinery, tools and their parts         | ZERO                    | ZERO       |
| g. | Money and securities                                                                 | ZERO                    | ZERO       |

Underwritten by Jewelers Mutual Insurance Company, SI    JB DS 01 01 13

**Policy Number: 55-015767**

**Jewelers Block
New Business Declaration**

**Policy Period:**
12:01 a.m. standard time
12/28/2020 to 12/28/2021

**Effective: 12/28/2020**

---

**2.  Off All Described Premises**

Limit of insurance – The limit of insurance shown is the most we will pay for any one loss.

| | Limit of Insurance | Deductible |
|---|---|---|
| **a.**  In transit by: | | |
| **1)**  Registered Mail through the U.S. Postal Service in excess of any coverage purchased from the U.S. Postal Service | $100,000 | ZERO |
| **2)**  Priority Mail Express through the U.S. Postal Service in excess of any coverage purchased from the U.S. Postal Service. The Priority Mail Express deductible (up to $2,500) will be waived for shipments arranged through JM Shipping Solution or another online logistics site approved by us. | $25,000 | $2,500 |
| **3)**  Armored car service | ZERO | ZERO |
| **4)**  Specified private, paid delivery service, or other contract or common carrier | ZERO | ZERO |
| **5)**  Unspecified private, paid delivery service, or other contract common carrier (not including any service provided by the U.S. Postal Service) | ZERO | ZERO |
| **b.**  In the custody of jewelry dealers not included in 2.d. This does not include property covered while entrusted to another jewelry dealer for safekeeping by someone covered in 2.d. | ZERO | ZERO |
| **c.**  In the safe or vault of a bank, trust, or safe-deposit company | $300,000 | $5,000 |
| **d.**  Property in the close personal custody and under the direct control of you, your employee, a commissioned salesperson, or a person you hire for a short time when traveling off the described premises: | $25,000 | $1,000 |
| **1)**  The most we will pay for any one loss involving an individual is the limit listed below or | | |
| **a)**  You, your employees, or a person you hire for a short time who carry property valued at more than $25,000: | | |

| | Limit | Deductible |
|---|---|---|
| **Name, City, State** | $100,000 | $5,000 |
| Anyone Member of Firm, Hollywood, Florida | | |

| | Limit of Insurance | Deductible |
|---|---|---|
| **2)**  The most we will pay for any one loss involving two or more individuals traveling together is the lesser of the sum of their limits or | $300,000 | $5,000 |
| **e.**  Otherwise away from any described premises and not included in 2.a., b., c., or d. | ZERO | ZERO |

**Policy Number: 55-015767**

# Jewelers Block
# New Business Declaration

**Policy Period:**
12:01 a.m. standard time
12/28/2020 to 12/28/2021

**Effective: 12/28/2020**

## Coverage Forms and Endorsements

If a form or endorsement applies only to a specific described premises, the location number will be shown. Otherwise, the forms and endorsements apply to all described premises covered by the policy.

### All Lines

| Form Number | Version | Description |
|---|---|---|
| DNCAT | 01 15 | Certified Terrorism Insurance Policyholder Disclosure Notice |

### Jewelers Block

| Described Premises Location # | Form Number | Version | Description |
|---|---|---|---|
| | CO 90 01 | 04 14 | Jewelers Block or Jewelers Standard Section Page |
| | IM 04 12 | 01 18 | Deductible Amendment |
| | IM 04 15 | 03 19 | Shipping Endorsement |
| | JB 00 01 | 01 18 | Jewelers Block Application |
| | JB 00 02 | 10 15 | Comprehensive Jewelers Block Policy |
| | JB 04 06 | 02 14 | Loss-Free Renewal Credit Clause |
| | JB 04 10 | 10 15 | Unattended Property Exclusion |
| | JB DS 01 | 01 13 | Jewelers Block Declaration |
| | JB010G | 02-02 | Property Off Premises Amendment |
| | JB021 | 06-01 | Alarm Guidelines |
| | JB051 | 05-06 | Private Books and Records |
| 1 | CL0600 | 01 15 | Certified Terrorism Loss |
| 1 | CL1630 | 06-06 | Conditional Terrorism Exclusion |
| 1 | IM 01 24 | 01 20 | Amendatory Endorsement Florida |
| 1 | JB003P | 04-12 | Stock Out of Safe(s)/Vault(s) during Hurricane Warning Period |
| 1 | JB025 | 06-01 | Bank Vault Requirement |
| 1 | JB700A | 01-98 | Special State Amendatory Endorsement |



EST 1913

# Jewelers Mutual®

G R O U P

24 Jewelers Park Drive P.O. Box 468 Neenah, WI 54957-0468 USA
800-558-6411 ▪ JewelersMutual.com

# Jewelers Block Documents

**EST 1913**

# Jewelers Mutual
G R O U P

24 Jewelers Park Drive P.O. Box 468 Neenah, WI 54957-0468 USA
800-558-6411 ▪ JewelersMutual.com

# Jewelers Block Application

Policy number: <u>55-015767</u>
Policy Effective Date: 12/28/2020

Applicant name:     Major League Jewelers

| Location number | Premises Address |
|---|---|
| 1 | 10272 CAYMAN ST<br>HOLLYWOOD, FL  33026-4664 |

## Part A – General Information

Principals or officers of this applicant: On file at Jewelers Mutual Group

Names and addresses of any other jewelry business or location owned or managed by any of the principals or officers of this applicant:

**Described Premises Location 1: 10272 Cayman St, Hollywood, FL 33026-4664**

None

## Part B – Loss Information

With respect to any jewelry-related business now or previously owned by any of the principals or officers listed above, describe below each loss not previously reported to us during the last 5 years, whether insured or not, involving jewelry stock, inventory, or any other property or condition for which you are seeking coverage under this application.

☒ **No losses**

## Part C – Inventory

**Described Premises Location 1: 10272 Cayman St, Hollywood, FL 33026-4664**

1.a. Do you take a complete, documented physical inventory of all your stock at least once every 12 months?
☒ Yes ☐ No
Date last taken: 12/01/2020 (MM/DD/YYYY)
Owned Inventory total: $300,000 (Exact) As taken from: ☐ Physical Inventory ☐ Perpetual Inventory
 b. Do you keep the following records?

| | | |
|---|---|---|
| 1) | A detailed and itemized inventory of your stock, including quantity, description, and value. | ☐ Yes ☐ No |
| 2) | Purchase invoices, sales receipts and related documents. | ☐ Yes ☐ No |
| 3) | A detailed listing of property away from the described premises. | ☐ Yes ☐ No |

Policy number: <u>55-015767</u>
Policy Effective Date: 12/28/2020

**Described Premises Location 1: 10272 Cayman St, Hollywood, FL 33026-4664**

2.  The breakdown of property from your last complete, documented physical inventory was:

    a.  Loose diamonds:     0%

    b.  Watches and watch movements $5,000 or less in value:     0%

    c.  Watches and watch movements more than $5,000 in value:     0%

    d.  Other jewelry, jewels, pearls, precious and semiprecious stones, bullion, gold, silver, platinum and other precious alloys and metals:

       1)  valued at $500 or more per item or unit:     50%

       2)  valued at less than $500 per item or unit:     50%

    e.  Scrap precious alloys and metals:     0%

    f.  Non-jewelry stock made of precious alloys and metals:     0%

    g.  All other stock not otherwise categorized above     0%

                  Total (must equal 100%)     100%

3.  Your **previous** complete, documented physical inventory at least 6 months prior to 1. above was taken on: 01/01/2017 (MM/DD/YY)    Owned Inventory total: $300,000 (Exact)

4.  The maximum value of all your owned stock during the last 12 months did not exceed: $300,000

5.  The highest daily value of scrap precious alloys and metals on your premises during the last 12 months was: $_____

6.  Do you maintain detailed records of other people's property? ☐ Yes ☒ No
The average daily amount of other people's property in your custody or control during the last 12 months was:

    a.  $ _____ for customers' property; and

    b.  $ _____ for memorandum/consignment property.

7.  Do you handle pawned property? ☐ Yes ☐ No  If coverage for pawned property is desired, complete a. through c.

    a.  Exact recent pawn inventory: $_____    Date:_____
                                                          (MM/DD/YY)

    b.  Exact previous pawn inventory: $_____    Date:_____
                                                            (MM/DD/YY)

    c.  Maximum amount loaned and unpaid, plus accrued interest on pawn last 12 months? $_____

Policy number: <u>55-015767</u>
Policy Effective Date: 12/28/2020

---

## Part D – Exposure Information

1.  Off Described Premises – **Within the basic coverage territory** which includes the
    United States, its territories and possessions, Puerto Rico and Canada:                **Exposure**

    a.  The total value of property shipped at our risk (or your previous insurer's
        risk) during the last 12 months for each category shown below was:

        1)  Registered Mail™ through the U.S. Postal Service in excess of the
            $100,000 automatic limit provided by Jewelers Mutual Group:          $ _____

        2)  Priority Mail Express™ through the U.S. Postal Service in excess of the
            $25,000 automatic limit provided by Jewelers Mutual Group:           $ _____

        3)  Armored car service:                                                 $ _____

        4)  Specified private, paid delivery service, or other contract or common
            carrier:
            a)  _____          $ _____
            b)  _____          $ _____

        5)  Unspecified private, paid delivery service, or other contract or common
            carrier (not including any service provided by the U.S. Postal Service):     $ _____

    b.  For property in the custody of jewelry dealers, such as appraisers and
        repairers, or out on consignment or memorandum during the last 12 months:
        What was the average daily value out with all dealers?                   $ _____
        What was the maximum out with any one dealer?                            $ _____

---

## Part E – Security Information

**Described Premises Location 1: 10272 Cayman St, Hollywood, FL 33026-4664**          JB025

1.  Are all of your display cases and/or show windows:

    a.  Equipped with locks? ☐Yes ☐ No ☒ N/A - No showcases/windows

    b.  Kept locked except when you are actually removing property from or placing property into the display
        case or show window? ☐ Yes ☐ No

        If no, explain: _____

2.  Is your premises protected by an operating burglar alarm system when closed to business? ☒ Yes ☐ No
    If no, explain: _____
    Name of your premises burglar alarm service company: Monitronics

3.  Is there an active UL certificate for your burglar alarm system(s)? ☐ Yes ☐ No

    If yes, provide the UL certificate number(s): _____ Expires: _____

---

Policy number: <u>55-015767</u>
Policy Effective Date: 12/28/2020

**Described Premises Location 1: 10272 Cayman St, Hollywood, FL 33026-4664**    JB025

4.    Safe(s) (<u>All</u> must be described.)

        **Safe _____**

    a.    Manufacturer's name:               _____

    b.    Model name and number:       _____

    c.    Fire/burglary rating:             _____

    d.    Does safe weigh less than 500 lbs?   ☐ Yes ☐ No

        If yes, is safe bolted to the floor?   ☐ Yes ☐ No

    e.    Is safe located within a vault?      ☐ Yes ☐ No

    f.    Safe alarm company:           _____

        1)    Extent of safe protection:     ☐ Safe door contact

                                        ☐ Capacitance/vibration

        2)    Motion directly covers safe?   ☐ Yes ☐ No

        3)    Active UL certificate exists?   ☐ Yes ☐ No

        4)    UL certificate number:      _____

        5)    Expires:                  _____

5.    Do you have a vault(s)? ☐ Yes ☒ No
    **If yes, please view Vault Application, Part E.6., CO 00 06**

6.    Do you have a stockroom(s)? ☐ Yes ☒ No
    **If yes, please view Stockroom Application, Part E.7., CO 00 07**

7.    During the term of the policy, the maximum value of property on premises customarily
kept out of locked safe(s), vault(s) or stockroom(s) when closed to business will be:
**$_____**
(This is not a limit of insurance. See the limits pages to request a coverage limit for
property left out when closed to business.)

## Part F – Warranties and Representations applicable to Jewelers Block

**All Other States:**  The signing of this application does not bind the company to issue a policy, and I am not bound to accept one. However, should a policy be issued, I warrant that the statements made in this application and any vault and/or stockroom applications are true and correct, and acknowledge that the acceptance and pricing of the policy is based on these statements. A copy of this application and any vault and/or stockroom applications will be attached to and made part of the policy.  **If these statements are not true and correct, Jewelers Mutual Group reserves the right to void the policy and not provide coverage for a claimed loss.**

Policy number: <u>55-015767</u>
Policy Effective Date: 12/28/2020

## State Fraud Warnings

**Florida:** Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree.

I agree that if after the date of this application and prior to the effective date of any policy based on this application, any of the information contained in this application changes, the undersigned shall notify the Company of such event or circumstance and shall provide the Company with information that would complete, update or correct such information. In such event, the Company in its discretion may modify or withdraw any outstanding quotation.

| | |
|---|---|
| Signature on file at Jewelers Mutual Insurance Company, SI | 01/19/2021 |
| Applicant signature (Must be principal or officer) | Date |

AAIS
CL 0600 01 15
Page 1 of 1

This endorsement changes
the policy
-- PLEASE READ THIS CAREFULLY --

# CERTIFIED TERRORISM LOSS

1.  The following definitions are added.

    a.  "Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in consultation with the Secretary of Homeland Security, and the Attorney General of the United States:

        1)  to be an act of terrorism;
        2)  to a violent act or an act that is dangerous to human life, property, or infrastructure;
        3)  to have resulted in damage:

            a)  within the United States; or
            b)  to an air carrier (as defined in section 40102 of title 49, United States Code); to a United States flag vessel (or a vessel based principally in the United States, on which United States income tax is paid and whose insurance coverage is subject to regulation in the United States), regardless of where the loss occurs; or at the premises of any United States mission;

        4)  to have been committed by an individual or individuals, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion; and
        5)  to have resulted in insured losses in excess of five million dollars in the aggregate, attributable to all types of insurance subject to the Terrorism Risk Insurance Act, as amended.

    b.  "Certified terrorism loss" means loss that results from a "certified act of terrorism".

2.  The "terms" of any terrorism exclusion that is part of or that is attached to this Coverage Part are amended by the following provision:

    This exclusion does not apply to "certified terrorism loss".

3.  The following provision is added.

    If the Secretary of the Treasury determines that the aggregate amount of "certified terrorism loss" has exceeded one hundred billion dollars in a calendar year (January 1 through December 31), and "we" have met "our" insurer deductible under the Terrorism Risk Insurance Act, as amended, "we" will not pay for any portion of "certified terrorism loss" that exceeds one hundred billion dollars. If the "certified terrorism loss" exceeds one hundred billion dollars in a calendar year (January 1 through December 31), losses up to one hundred billion dollars are subject to pro rata allocation in accordance with procedures established by the Secretary of the Treasury under the Terrorism Risk Insurance Act, as amended.

4.  The following provisions are added.

    a.  Neither the "terms" of this endorsement nor the "terms" of any other terrorism endorsement attached to this Coverage Part provide coverage for any loss that would otherwise be excluded by this Coverage Part under:

        1)  exclusions that address war, military action, or nuclear hazard; or
        2)  any other exclusion; and

    b.  the absence of any other terrorism endorsement does not imply coverage for any loss that would otherwise be excluded by this Coverage Part under:

        1)  exclusions that address war, military action, or nuclear hazard; or
        2)  any other exclusion.

CL 0600 01 15

Copyright, American Association of Insurance Services, Inc., 2015

AAIS
CL 1630 06 06
Page 1 of 3

This endorsement changes
the policy
-- PLEASE READ THIS CAREFULLY --

# CONDITIONAL TERRORISM EXCLUSION

## NOTICE

**The Terrorism Risk Insurance Program (the Program), as established under federal law, is scheduled to terminate while your policy is in effect.**

**The Terrorism Exclusion found in this endorsement will apply only if the federal government does not renew, extend, or otherwise replace the Program or if the conditions, definitions, or requirements of the Program are changed by the federal government and federal law no longer requires that we make Terrorism Coverage available to you.**

1. The Terrorism Exclusion set forth by this endorsement becomes effective on the earliest of the following:

   a. the date that the federal Terrorism Risk Insurance Program (the Program) established by the Terrorism Risk Insurance Act has terminated with respect to the type of insurance provided by the Coverage Part to which this endorsement applies; or

   b. the effective date of a renewal, extension, or continuation of the Program, if federal law no longer requires that "we" make terrorism coverage available to "you" and the Program has been renewed, extended, or replaced subject to changes that:

      1) redefine terrorism; or
      2) increase "our" financial exposure under the Program; or
      3) impose requirements on insurance coverage for terrorism that differ from the terms, amounts, or other limitations that otherwise govern coverage for loss or damage under the "terms" of the Coverage Part to which this endorsement applies.

   If a condition described above under items 1.a. and 1.b. occurs prior to the effective date of the policy period to which this endorsement applies, the Terrorism Exclusion set forth by this endorsement applies as of the effective date of that policy period.

2. If the Terrorism Exclusion set forth by this endorsement becomes effective, this Terrorism Exclusion:

   a. supersedes any other endorsements that address "certified acts of terrorism", "certified terrorism loss", "non-certified acts of terrorism", and or "non-certified terrorism loss" that also apply to the Coverage Part to which this endorsement applies, but only with respect to loss or damage caused by one or more incidents of terrorism that occur on or after the effective date of this Terrorism Exclusion; and

   b. remains in effect unless "we" notify "you" of changes to this Terrorism Exclusion.

Copyright, American Association of Insurance Services, Inc., 2006

AAIS
CL 1630 06 06
Page 2 of 3

3.  If none of the conditions described above under items 1.a. and 1.b. occur, any other endorsements that address "certified acts of terrorism", "certified terrorism loss", "non-certified acts of terrorism", and or "non-certified terrorism loss" that also apply to the Coverage Part to which this endorsement applies continue to apply until "we" notify "you" of changes to such other endorsements.

4.  The word terrorism, when shown in this endorsement in quotation marks, has the following meaning:

    "Terrorism" means activities against persons, organizations, or property of any nature:

    a.  that involve the following or preparation for the following:

        1)  use or threat of force or violence; or
        2)  commission or threat of a dangerous act; or
        3)  commission or threat of an act that interferes with or disrupts an electronic, communication, information, or mechanical system; and

    b.  when one or both of the following applies:

        1)  the effect is to intimidate or coerce a government or the civilian population or any segment thereof, or to disrupt any segment of the economy; or
        2)  it appears that the intent is to intimidate or coerce a government, or to further political, ideological, religious, social, or economic objectives, or to express (or express opposition to) a philosophy or ideology.

5.  The following exclusion is added:

**TERRORISM EXCLUSION**

"We" will not pay for loss or damage caused directly or indirectly by "terrorism", including action in hindering or defending against an actual or expected incident of "terrorism". Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage.

This exclusion applies only when one or more of the following are attributed to an incident of "terrorism":

a.  the "terrorism" is carried out by means of the dispersal or application of radioactive material, or through the use of a nuclear weapon or device that involves or produces a nuclear reaction, nuclear radiation, or radioactive contamination; or

b.  radioactive material is released, and it appears that one purpose of the "terrorism" was to release such material; or

c.  the "terrorism" is carried out by means of the dispersal or application of pathogenic or poisonous biological or chemical materials; or

d.  pathogenic or poisonous biological or chemical materials are released, and it appears that one purpose of the "terrorism" was to release such materials; or

Copyright, American Association of Insurance Services, Inc., 2006

**AAIS**
**CL 1630 06 06**
**Page 3 of 3**

e.  the total of insured damage to all types of property in the United States, its territories and possessions, Puerto Rico, and Canada exceeds $25,000,000. In determining whether the $25,000,000 threshold is exceeded, "we" will include all insured damage sustained by property of all persons and entities affected by the "terrorism" and business interruption losses sustained by owners or occupants of the damaged property. For the purpose of this provision, insured damage means damage that is covered by any insurance plus damage that would be covered by any insurance but for the application of any terrorism exclusions. Multiple incidents of "terrorism" which occur within a 72-hour period and appear to be carried out in concert or to have a related purpose or common leadership will be deemed to be one incident, for the purpose of determining whether the threshold is exceeded.

Item 5.e. above describes the threshold used to measure the magnitude of an incident of "terrorism" and the circumstances in which the threshold will apply, for the purpose of determining whether this Terrorism Exclusion will apply to that incident. When this Terrorism Exclusion applies to an incident of "terrorism", there is no coverage under the Coverage Part to which this endorsement applies.

6.  When the Terrorism Exclusion set forth by this endorsement applies due to an incident of "terrorism" described above under items 5.a. or 5.b., that Terrorism Exclusion supersedes the Nuclear Hazard Exclusion in the Coverage Part to which this endorsement applies.

7.  The following provisions are added.

a.  Neither the "terms" of this endorsement nor the "terms" of any other terrorism endorsement attached to the Coverage Part to which this endorsement applies provide coverage for any loss or damage that would otherwise be excluded by that Coverage Part under:

1)  exclusions that address war, military action, or nuclear hazard; or
2)  any other exclusion.

b.  The absence of any other terrorism endorsement does not imply coverage for any loss or damage that would otherwise be excluded by the Coverage Part to which this endorsement applies under:

1)  exclusions that address war, military action, or nuclear hazard; or
2)  any other exclusion.

**CL 1630 06 06**

Copyright, American Association of Insurance Services, Inc., 2006

# Jewelers Mutual®

### G R O U P

24 Jewelers Park Drive P.O. Box 468 Neenah, WI 54957-0468 USA
800-558-6411 ■ JewelersMutual.com

# Amendatory Endorsement
# Florida

This endorsement changes the policy as follows:

## LOSS PAYMENT

Paragraph 8., **"Your" Losses** is amended to include:

> If "we" have agreed in writing to the settlement of a claim, "we" will tender payment for that loss within 20 days after such settlement is reached.

## OTHER COVERAGE CONDITIONS

Paragraph 4., **Cancellation**, is deleted and replaced by the following:

**4.** Cancellation –

**a.** "You" may cancel this policy by returning it to "us" or by giving "us" a written notice and stating at what future time coverage is to cease.

**b.** "We" may cancel this policy, or one or more of its parts, by giving "you" written notice before the cancellation is to take effect. The notice will state the reason for cancellation and the time the cancellation is to take effect. The notice will be sent to "your" mailing address shown on the Declarations Page or the mailing address last known to "us". Proof of delivery or mailing is sufficient proof of notice. Notice will be sent:

**1)** 10 days before the cancellation is to take effect, if the cancellation is for nonpayment of premium;

**2)** 20 days before the cancellation is to take effect, if the cancellation is for any reason other than nonpayment of premium and the policy has been in place for 90 days or less;

**3)** 45 days before the cancellation is to take effect for all other reasons, if the policy has been in place more than 90 days.

However, if there has been a material misstatement or misrepresentation, or "you" have failed to comply with the underwriting requirements "we" have

established, "we" may cancel this policy immediately.

**c.** If this policy has been in effect 90 days or less "we" may cancel for any reason notwithstanding:

**1)** property insurance claims that are the result of an act of God can only be used as the cancellation reason if "we" can demonstrate, by claims frequency or otherwise, "you" have failed to take action reasonably necessary as requested by "us" to prevent recurrence of the damage to the insured property;

**2)** a single property insurance claim which is the result of water damage can only be used as the cancellation reason if "we" can demonstrate "you" have failed to take action reasonably requested by "us" to prevent a future similar occurrence of damage to the insured property.

**d.** If this policy has been in effect more than 90 days, "we" may cancel only if one or more of the following reasons apply:

**1)** nonpayment of premium;

**2)** a material misstatement;

**3)** a failure to comply, within 90 days of the coverage effective date, with underwriting requirements established by "us";

**4)** a substantial change in the risk covered by the policy;

**5)** claims that are the result of an act of god if "we" can demonstrate, by claims frequency or otherwise, "you" have failed to take action reasonably necessary as requested by "us" to prevent recurrence of the damage to the insured property; or

**6)** a claim which is the result of water damage if "we" can demonstrate "you" have failed to take action reasonably requested by "us" to

Underwritten by Jewelers Mutual Insurance Company, SI                    IM 01 24 01 20

prevent a future similar occurrence of damage to the insured property.

**e.** If "you" or "we" cancel this policy, "your" return premium, if any, will be refunded to "you" within 15 working days after the effective date of the cancellation, unless the final policy premium is subject to audit. If the final policy premium is subject to audit, the audit will be completed and the return premium refunded within 90 days. If the return premium is $5.00 or less, "we" will not provide a refund unless "you" request it. Cancellation will be effective even if we have not paid or offered a refund.

This section is amended to include the following:

**Nonrenewal –** If "we" do not renew your policy, "we" will give "you" notice at least 45 days before the nonrenewal. The notice of nonrenewal will be sent to "you" at the mailing address shown on the Declarations Page or the mailing address last known to "us". The notice will state the reason for nonrenewal and the time the nonrenewal will take effect. Proof of delivery or mailing is sufficient proof of notice. "We" cannot nonrenew the policy for any reason prohibited by law.

Property insurance claims that are the result of an act of God can only be used as the nonrenewal reason if "we" can demonstrate, by claims frequency or otherwise, "you" have failed to take action reasonably necessary as requested by "us" to prevent recurrence of the damage to the insured property.

A single property insurance claim which is the result of water damage can only be used as a nonrenewal reason if "we" can demonstrate "you" have failed to take action reasonably requested by "us" to prevent a future similar occurrence of damage to the insured property.

**Renewal** – If "we" renew this policy, "we" will give "you" a written notice of the renewal premium at least 45 days before the renewal date.

Paragraph 11., **Misrepresentation, Concealment or Fraud**, is deleted and replaced by the following:

**11. Misrepresentation, Concealment or Fraud** – This coverage may be voided if, before or after a loss:

**a.** any "insured" has, either innocently or intentionally, concealed or misrepresented:

**1)** a material fact or circumstance concerning this insurance that relates to this insurance or the subject thereof; or

**2)** an "insured's" interest herein.

This means that "we" in good faith would not have issued this policy, would not have issued this policy at the premium charged, or would not have issued the policy at the terms provided, if the true facts had been known by "us".

**b.** there has been fraud or false swearing by any "insured" with regard to a matter that relates to this insurance or the subject thereof.

Paragraph 15.b., **Suit Against "Us"**, is deleted and replaced by the following:

**b.** The suit is commenced within five years after the loss.



EST 1913

**Jewelers Mutual**®

G R O U P

24 Jewelers Park Drive P.O. Box 468 Neenah, WI 54957-0468 USA
800-558-6411 ■ JewelersMutual.com

# Deductible Amendment

This endorsement changes the Jewelers Block or Jewelers Standard coverages as follows:

**Loss Payment**

Item 1., is deleted and replaced with the following:

1. **Deductible** – "We" pay only that part of "your" loss over the deductible amount stated on the Declarations Page in any one occurrence.

The deductible amount will be applied to the loss amount or the applicable Limit of Insurance, whichever is less. The deductible will not apply to a loss caused by fire or lightning.

If this policy is endorsed to add disappearance as a covered peril, the deductible amount applicable to a covered disappearance loss will be applied to the loss amount.

Underwritten by Jewelers Mutual Insurance Company, SI     IM 04 12 01 18

**Shipping Amendment**

# Jewelers Mutual®

G R O U P

24 Jewelers Park Drive P.O. Box 468 Neenah, WI 54957-0468 USA
800-558-6411 ■ JewelersMutual.com

This endorsement changes the Jewelers Block or Jewelers Standard policy as follows:

## EXTENSIONS OF COVERAGE

Item 2. in the Jewelers Block policy is deleted and replaced by the following:

**2.** "We" cover property in transit by "you", "your" employee, or a commissioned salesperson to or from:

    **a.** the U.S. Postal Service, or

    **b.** a logistics service center location approved by "us".

up to a limit of $150,000. This limit applies to any one loss involving an individual or two or more individuals traveling together. A $1,000 deductible will apply to this extension only.

(This does not increase the limits for item 2.d. of the Declarations.)

## WHAT MUST BE DONE IN CASE OF LOSS

Item 5. is amended to include the following:

In the event of loss or damage while being shipped, "you" must notify "us" or "our" agent by written notice of claim no more than 21 days from the date of the shipment.

Failure to comply with these notice requirements may result in a denial of coverage.

## VALUATION OF LOSSES

Only as it relates to shipments arranged through JM Shipping Solution or TransGuardian, Item 1., **Amount "We" Pay**, is deleted and replaced with the following:

**1.** The smallest of the amounts shown is the most that "we" will pay for a loss:

    **a.** The declared value provided on the day of the shipment.

    **b.** The replacement value as defined on "your" invoice issued to the shipment recipient prior to the occurrence of any loss.

    **c.** The memo amount.

    **d.** The cost to repair or rebuild the property covered with material of like kind and quality.

    **e.** The applicable limit of insurance.

Only as it relates to shipments arranged through JM Shipping Solution or TransGuardian, Item 2. **Property While Being Shipped**, is deleted and replaced with the following:

**2. Property While Being Shipped** - "We" will apply the limit of insurance on a per package basis.

## LOSS PAYMENT

Only as it relates to shipments arranged through TransGuardian or JM Shipping Solution, Item 4., **Insurance Under More Than One Policy**, is deleted and replaced with the following:

**4. Insurance Under More Than One Policy** - If there is other collectible insurance that applies to a covered loss, "we" will pay only that portion of the loss that exceeds the amount of the other insurance. If the amount paid by the other insurance is equal to or greater than the deductible, a separate deductible will not apply.

## OTHER COVERAGE CONDITIONS

The following is added:
**Shipments** - Shipments are subject to the following conditions:

    **a.** The airbill and/or shipper's label and/or packaging shall make no reference to valuable contents, including but not limited to diamonds, gold, gems, silver and/or jewelry in the name of the shipper or recipient. This condition does not apply to names of cities or streets.

    **b.** No monetary values are to be declared on the airbill except as may be required by Customs for international shipments.

    **c.** "You" must obtain written proof of acceptance or a receipt from the carrier or logistics provider. Failure to obtain a receipt will void coverage. Losses arising prior to proof of acceptance

or after proof of delivery by the carrier are excluded.

**d.** Unmanned drop boxes of any carrier to deliver a shipment to the carrier <u>must not</u> be used.



**Jewelers Block Policy**

24 Jewelers Park Drive P.O. Box 468 Neenah, WI 54957-0468 USA
800-558-6411 ▪ JewelersMutual.com

**Please Read This Entire Policy Carefully – This Is A Legal Contract**

**TABLE OF CONTENTS**

Agreement.................................................................................................................................1

Definitions...............................................................................................................................2

Extensions of Coverage..........................................................................................................3

Loss Payment..........................................................................................................................7

Other Coverage Conditions....................................................................................................8

Perils Covered.........................................................................................................................4

Perils Not Covered, Exclusions and Limitations...................................................................4

Property Covered.....................................................................................................................2

Property Not Covered and Exclusions....................................................................................3

Territory Where Coverage Applies.........................................................................................3

Valuation of Losses.................................................................................................................7

What Must Be Done in Case of Loss......................................................................................6

Additional endorsements may also apply. They are identified on the Declarations Page. Refer to the Definitions for words that have special meanings. These words are shown in "quotation marks".

**AGREEMENT**

Subject to all the "terms" that apply, and in return for "your" payment of the required premium, "we" provide the coverages described in this policy during the policy period.

## DEFINITIONS

1. "Business" means a trade, profession or occupation, whether full or part time, including the rental of property to others.

2. "Close personal custody and under the direct control" means that the property, in order to be covered by this policy, shall actually be held in the hand of, or physically attached to, or within sight and arm's reach of the carrier at all times while traveling off the "described premises". This does not include while the property is located within "your" hotel room, motel room, residence, or while in an attended vehicle.

3. "Described premises" means the interior of that part of the building(s) which "you" occupy at the location(s) shown on the Declarations Page.

4. "External cause" means a cause of loss originating from outside an object. This does not include losses resulting from a fault or weakness that is inherent within the object which causes it to break, spoil, become defective or destroy itself, even if that fault or weakness was caused by someone else's act or omission.

5. "Insured" means "you".

6. "Pollutant" means:

   a. any solid, liquid, gaseous, thermal, or radioactive irritant, including but not limited to acids, alkalis, fumes, smoke, soot, vapor, and waste. Waste includes materials to be recycled, reclaimed, or reconditioned, as well as disposed of; and

   b. electrical or magnetic emissions, whether visible or invisible, and sound emissions.

7. "Specified perils" means aircraft; civil commotion; explosion; falling objects; fire; hail; leakage from fire extinguishing equipment; lightning; riot; sinkhole collapse; smoke; sonic boom; vandalism; vehicles; volcanic action; water damage; weight of ice, snow, or sleet; and windstorm.

   Falling objects does not include loss to:

   a. personal property in the open; or

   b. the interior of buildings or structures or to personal property inside buildings or structures unless the exterior of the roof or walls are first damaged by a falling object.

   Water damage means the sudden or accidental discharge or leakage of water or steam as a direct result of breaking or cracking of a part of the system or appliance containing the water or steam.

8. "Terms" means the provisions, limitations, exclusions, conditions and definitions used in this policy.

9. "Theft" means the illegal taking or removal of property.

10. "We", "us" and "our" mean the company providing this coverage.

11. "You" and "your" mean the persons or organizations (include principals and officers) named on the Declarations Page as Named Insured.

## PROPERTY COVERED

Subject to the limits of insurance shown on the Declarations Page:

"We" cover:

1. "Your" inventory of stock for sale that consists of jewels, jewelry, precious and semiprecious stones, precious metals and alloys, and other inventory for sale that is usual to "your" "business";

2. "Your" goods in process, samples, and raw materials;

3. Such property sold but not yet delivered;

4. Similar property, as described above, belonging to others that has been delivered or entrusted to "you". However, the property of others in the jewelry "business" is only insured for amounts "you" have paid on the property or for which "you" are legally responsible because of loss or damage; and

5. Such property when traveling off the "described premises" in the "close personal custody and under the direct control" of "you", "your" employee, a commissioned salesperson, or a person "you" hire for a short time at all times other than when left for safekeeping with another jewelry dealer in the trade and/or while in the custody of customs.

## PROPERTY NOT COVERED AND EXCLUSIONS

"We" do not cover property:

1. That is sold on an installment plan once it leaves "your" custody.

2. On "business" premises that "you" own or use which are not "described premises", except as provided in the EXTENSIONS OF COVERAGE section.

3. At any exhibition promoted or financially assisted by any jewelry trade association away from the "described premises", except as provided in the EXTENSIONS OF COVERAGE section, unless endorsed to the policy.

4. Displayed in a showcase or show window that is not on the "described premises", unless endorsed to the policy or on the premises of another jewelry dealer.

5. Displayed in a show window or outside showcase on the "described premises" while closed to business if the loss is caused by "theft" or attempted "theft" of covered property which results from the smashing or cutting of a show window unless a limit of insurance appears on the Declarations Page.

6. While being shipped, unless there is a limit of insurance on the Declarations Page and it is:

   a. Shipped by the U.S. Postal Service as Registered Mail or Priority Mail Express;

   b. Shipped by armored car service; or

   c. Shipped under receipt by a private, paid delivery service or other common or contract carrier (not including any service provided by the U.S. Postal Service). This does not include property checked as baggage.

7. When sent C.O.D., if the receiver has the right to inspect before accepting delivery.

8. For "theft" from in or on a vehicle that is not attended, unless endorsed to the policy. An attended vehicle has a person actually in or on the vehicle. This person must be "you", "your" employee or a person whose sole duty is to attend the vehicle.

   This exclusion does not apply while property is in the custody of a common or contract carrier or the United States Postal Service as Registered Mail or Priority Mail Express.

## EXTENSIONS OF COVERAGE

1. "We" cover damage directly caused by "theft" or attempted "theft", except by fire, to the part of the building that "you" occupy, provided "you" own the building or are legally liable to the owner for this damage.

   "We" do not cover damage to glass except for structural glass. "We" do not cover lettering or decoration that is on the glass.

2. "We" cover property in transit by "you", "your" employee, or a commissioned salesperson to or from the U.S. Postal Service up to a limit of $125,000. This limit applies to any one loss involving an individual or two or more individuals traveling together. A $1,000 deductible will apply to this extension only. (This does not increase the limits for item 2.d. of the Declarations.)

3. "We" cover property while at any premises "you" use, rent, or lease for a period of seven or fewer consecutive days up to the applicable person(s) travel limit of insurance on the Declarations Page. This extension does not apply to property while at any exhibition promoted or financially assisted by any jewelry trade association.

4. "We" cover property while at any exhibition promoted or financially assisted by any jewelry trade association away from the "described premises" where you are a registered buyer up to a limit of $25,000. A $1,000 deductible will apply to this extension only.

5. "We" will pay up to $1,500 to cover accounting expenses of a retained accounting firm that "you" incur to present a claim for loss of property covered from a covered peril. "You" must contact "us" to authorize these expenses in advance.

   "We" do not pay for:

   a. any expenses incurred under the Appraisal provisions in the Valuation of Losses section of this policy, or

   b. any public adjusters' fees.

## TERRITORY WHERE COVERAGE APPLIES

Coverage applies only while the property covered is within or in transit between the United States of America, its territories and possessions, Canada, and Puerto Rico.

Underwritten by Jewelers Mutual Insurance Company, SI

## PERILS COVERED

"We" provide coverage against risks of direct physical loss from "external cause" to property covered, except as excluded or limited.

## PERILS NOT COVERED, EXCLUSIONS AND LIMITATIONS

"We" do not pay for loss if one or more of the following exclusions apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded causes or events.

1. **Animals –** "We" do not cover loss caused by or resulting from animals, including birds, insects or vermin.

2. **Business Conditions –** "We" do not cover loss caused by or resulting from delay, loss of market, business interruption, obsolescence, or depreciation.

3. **Civil Authority –** "We" do not cover loss caused by order of any civil authority, including seizure, confiscation or destruction of property.

   "We" will cover loss resulting from acts of destruction by the civil authority to prevent the spread of fire, unless the fire is caused by a peril excluded under this policy.

4. **Criminal, Fraudulent or Dishonest Act –**

   a. "We" do not cover loss caused by or resulting from criminal, fraudulent or dishonest acts committed by:

      1) "You";

      2) Others who have an interest in the property covered;

      3) Others to whom "you" or anyone delivers or entrusts the property covered for any reason, including but not limited to giving possession of property to someone by reason of a fraudulent scheme, trick, device or false pretense by the person receiving the property except for temporary safekeeping during travel; or

      4) The employees or leased workers of a.1), 2) or 3) while working or otherwise.

   b. "We" do cover loss caused by or resulting from criminal, fraudulent or dishonest acts committed by:

      1) The United States Postal Service;

      2) An armored car service;

      3) A private, paid delivery service;

      4) Any other common or contract carrier; or

      5) Others, whom "you" hire or use as mere porters while off premises and who are not on "your" payroll.

5. **Contamination or Deterioration –** "We" do not cover loss caused by contamination or deterioration including corrosion, decay, fungus, mildew, mold, rot, rust, or any quality, fault, or weakness in the covered property that causes it to damage or destroy itself.

   Except as excluded for Nuclear, Biological, Chemical, and Radiological Hazards, if contamination or deterioration results in a covered peril, "we" do cover the loss or damage caused by that covered peril.

6. **Disappearance –** "We" do not cover unexplained loss, shortage discovered on taking inventory, or shortage from a package received in good condition with unbroken seals.

7. **Earth Movement or Volcanic Eruption –** "We" do not cover loss caused by any earth movement (other than sinkhole collapse) or caused by eruption, explosion, or effusion of a volcano.

   Earth movement includes, but is not limited to, earthquake; landslide; mudflow; mudslide; or sinking, rising or shifting of earth.

   Sinkhole collapse means the sudden settlement or collapse of earth supporting the property covered into subterranean voids created by the action of water on a limestone or similar rock formation. It does not include the value of the land or the cost of filling sinkholes.

   "We" will cover direct loss by fire, explosion or volcanic action resulting from either earth movement or eruption, explosion, or effusion of a volcano.

   Volcanic actions means:

   a. Airborne volcanic blast or airborne shock waves;

   b. Ash, dust or particulate matter; or

   c. Lava flow.

Volcanic action does not include the cost to remove ash, dust or particulate matter that does not cause direct physical loss to the property covered.

All volcanic eruptions that occur within a 72-hour period shall be considered a single loss.

8. **Glassware-Fragile Articles –** "We" do not cover breakage of fragile articles, except as a result of fire; lightning; windstorm; hail; smoke; explosion; aircraft, spacecraft, self-propelled missiles, and objects that fall from these items; vehicles, including an accident to a transporting vehicle; strikes; riots; civil commotion; vandalism; "theft", attempted "theft"; sprinkler leakage; or the collapse of a building(s).

9. **Internal Cause –** "We" do not cover loss caused by or resulting from a fault or weakness that is inherent within the property which causes it to break, spoil, become defective or destroy itself.

10. **Nuclear, Biological, Chemical, and Radiological Hazards –** "We" do not pay for loss, damage, loss of income, cost, or expense caused directly or indirectly from:

    a. a nuclear reaction, nuclear radiation, radioactive contamination, biological contamination, or chemical contamination:

       1) whether controlled or uncontrolled; or

       2) whether caused by, contributed to, or aggravated by a covered peril; or

       3) whether caused by a natural, accidental, or artificial means; or

    b. the use, dispersal or application of pathogenic or poisonous biological or chemical materials whether actual, alleged, or threatened; or

    c. the release of pathogenic or poisonous biological or chemical materials, or radioactive materials.

    Loss caused by nuclear, biological, chemical, or radiological hazards is not considered loss caused by fire, explosion, or smoke. Direct physical loss by fire resulting from the nuclear, biological, chemical, or radiological hazards is covered.

11. **Ordinance or Law –** "We" do not cover loss or increased cost caused by enforcement of any code, ordinance or law regulating the use, construction, repair, or demolition of any building or structure.

12. **Packing –** "We" do not cover loss caused by or resulting from insufficient or defective packing.

13. **Pollutants –** "We" do not pay for loss caused by or resulting from release, discharge, seepage, migration, dispersal, or escape of "pollutants" unless the release, discharge, seepage, migration, dispersal, or escape is caused by a "specified peril".

    "We" do cover any resulting loss caused by a "specified peril".

14. **Temperature-Humidity –** "We" do not cover loss to personal property caused by or resulting from dampness, or changes in or extremes of temperature.

15. **Virus or Bacteria –** "We" do not pay for loss, cost, or expense caused by, resulting from, or relating to any virus, bacterium, or other microorganism that causes disease, illness, or physical distress or that is capable of causing disease, illness, or physical distress.

    This exclusion applies to, but is not limited to, any loss, cost, or expense as a result of:

    a. any contamination by any virus, bacterium, or other microorganism; or

    b. any denial of access to property because of any virus, bacterium, or other microorganism.

    With respect to any loss or damage subject to the "terms" of this exclusion, such exclusion supersedes any exclusions relating to "pollutants" or to contamination.

16. **Voluntary Parting –** "We" do not cover loss caused by or resulting from voluntary parting with title or possession of any property because of the acceptance of:

    a. Counterfeit money or fraudulent money orders;

    b. Checks or promissory notes which are not paid upon presentation; or

    c. Credit cards that are illegally obtained and/or used.

17. **War and Military Action –** "We" do not pay for loss or damage caused by the following:

    a. war, including undeclared or civil war;

    b. warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

18. **Water Damage –** "We" do not cover loss caused by flood, surface water, waves, tidal water, overflow of a body of water or spray from any of these, whether wind driven or not.

"We" will cover the direct loss by fire, explosion or sprinkler leakage which may result.

"We" will cover the direct loss by water if the property covered is away from the "described premises".

19. **Wear-Breakdown –** "We" do not cover loss caused by or resulting from wear and tear, mechanical breakdown, centrifugal force, marring, or scratching.

20. **Workmanship –** "We" do not cover loss or damage to property being worked on or as a result of being worked on. This includes repairing, adjusting, constructing, manufacturing, processing, servicing, testing or cleaning.

## WHAT MUST BE DONE IN CASE OF LOSS

1. **Abandonment of Property –** "We" do not have to accept any abandonment of property.

2. **Cooperation –** "You" must cooperate with "us" in performing all acts that are required by this coverage and by providing or assisting in "our" obtaining all information necessary to determine if the claimed loss is covered and the amount of any loss.

3. **Damaged Property –** "You" must exhibit the damaged property as often as "we" reasonably request.

4. **Examination –** "You" must submit to an examination under oath in matters connected with the loss as often as "we" reasonably request and "you" must correct and sign the transcript. "You" must also assist "us" in obtaining the attendance of others for examination under oath. If more than one person is examined, "we" have the right to examine and receive statements separately and not in the presence of the others.

5. **Notice –** "You" must promptly notify "us" or "our" agent (in writing, if requested). "You" must notify the police if the loss is a result of a violation of a law.

6. **Proof of Loss –** "You" must send "us" a statement of loss (under oath, if requested) within 90 days after the loss. This must include the following information:

   a. The time, place and circumstances of the loss.

   b. Other policies of insurance that may cover the loss.

   c. "Your" interest and the interest of all others in the property involved, including all mortgages and liens.

   d. Changes in title of the property covered during the policy period.

   e. Detailed estimates for repair or replacement of property covered.

   f. An inventory of lost, damaged and all remaining property covered. This must show in detail the quantity, description, cost and actual cash value of the property covered, and the amount of the loss.

   Copies of all purchase invoices, sales receipts and related documents that substantiate the inventory must be attached.

7. **Protect Property –** "You" must take all reasonable steps to protect the property covered from further damage.

8. **Records –** "You" must produce all records that relate to value, loss, cost and warranties, and permit copies and abstracts to be made from them as often as "we" reasonably request.

9. **Right of Recovery –** "We" are not liable for a loss if "you" do anything after the loss occurs to impair "our" right to recover.

   If "we" make a payment under this coverage, "we" may require that "you" assign to "us" "your" right of recovery against any person for the loss to the extent of the payment for the loss. "You" must do everything necessary to make this assignment and cooperate in "our" attempts to recover.

10. **Volunteer Payments –** "You" must not, except at "your" own expense, voluntarily make any payments, assume any obligations, pay or offer any rewards, or incur any other

expenses except as respects protecting property from further damage.

## VALUATION OF LOSSES

The valuation of losses shall be based upon the following provisions:

1. **Amount "We" Pay –** The smallest of the amounts shown below is the most that "we" will pay for a loss:

   a. "Your" original cost of the property covered. If "you" have valued this property higher or lower on "your" last written physical inventory, as reported on the application attached to this policy, "we" will use that amount.

   b. The cost to repair, replace, or rebuild the property covered with material of like kind and quality.

   c. The unpaid part of an amount that "you" have loaned on pledged property. This includes the interest, at legal rates, earned as of the date of the loss.

   d. The limit of insurance that is shown.

   This amount will not include antique, historic or sentimental value.

2. **Property While Being Shipped –** "We" will apply the limit of insurance on a per package basis for packages shipped to different addressees on the same day or from different origins to the same addressee on the same day. "We" will apply the limit of insurance on a per loss basis for packages shipped from the same origin to the same addressee on the same day.

3. **Losses Paid By Others –** "We" will not pay for the part of a loss that has been paid by someone else.

4. **Restoring the Limit of Insurance –** The payment of a claim will not reduce the limit of insurance. If "we" pay a loss for items that are separately listed, and the limit of insurance that applies to these items is reduced at "your" request, "we" will return the unearned premium for these items to "you".

5. **Appraisal –** If "you" and "we" do not agree on the amount of the loss, either party may demand that the amount be determined by appraisal.

   If either makes a written demand for appraisal, each will select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days

of receipt of the written demand. The two appraisers will then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, "you" or "we" can ask a judge of a court of record in the state where the property is located to select an umpire.

The appraisers will then determine and state separately the amount of each loss.

If the appraisers submit a written report of any agreement to "us", the amount agreed upon will be the amount of the loss. If the appraisers fail to agree within a reasonable time, they will submit only their differences to the umpire. Written agreement so itemized and signed by any two of these three, sets the amount of the loss.

Each appraiser will be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire will be paid equally by "you" and "us".

## LOSS PAYMENT

1. **Deductible –** "We" pay only that part of "your" loss over the deductible amount stated on the Declarations Page in any one occurrence. The deductible will not apply to a loss caused by fire or lightning.

2. **Insurable Interest –** "We" do not cover more than "your" insurable interest in any property.

3. **Insurance Under More Than One Coverage –** If more than one coverage of this policy insures the same loss, "we" pay no more than the actual claim, loss or damage sustained.

4. **Insurance Under More Than One Policy –**

   a. "Your" property and property belonging to others in the jewelry business – If there is other collectible insurance that applies to a covered loss or would have applied in the absence of this coverage, whether it is "your" insurance or not, "we" will pay for the loss only after the full amount from the other insurance has been paid. "We" will pay only that portion of the loss that exceeds the amount of the other insurance.

   b. Property belonging to others not in the jewelry business – If there is other collectible insurance that applies to a covered loss, "we" will pay for the loss before the other insurance.

5. **Loan Receipts –** When "we" believe that a loss can be recovered from others:

   **a.** "We" may make an advance payment to "you" in the form of a loan.

   **b.** At "our" expense, "we" will be allowed to bring suit in "your" name against those who are responsible for the loss.

   **c.** The loan will be repaid from the amount recovered.

6. **"Our" Options –** "We" have the following options:

   **a.** Pay the loss;

   **b.** Rebuild, repair or replace with property of equivalent kind and quality, to the extent practicable, within a reasonable time; or

   **c.** Take all or any part of the damaged property at the agreed or appraised value.

   "We" must give "you" notice of "our" intent to rebuild, repair or replace within 30 days after receipt of a duly executed proof of loss.

7. **Property of Others –** Losses to property of others may be adjusted with "you". "We" reserve the right to adjust with and pay losses to the owners. Payment to the owners satisfies "our" obligation to "you" for loss to this property. It is "your" duty to defend any suits by owners of the property against "you". "We" have the option but not the duty to defend such suits.

8. **"Your" Losses –** "We" will adjust all losses with "you". Payment will be made to "you" unless another loss payee is shown on the Declarations Page. An insured loss will be payable 30 days after a satisfactory proof of loss is received, and the amount of the loss has been established either by written agreement with "you" or the filing of an appraisal award with "us".

---

## OTHER COVERAGE CONDITIONS

1. **Assignment –** This policy is void if it is assigned without "our" written consent.

2. **Benefit to Others –** Insurance under this policy shall not directly or indirectly benefit anyone having custody of "your" property covered.

3. **Burglar Alarm Systems and Other Premises Security Devices –** "You" must maintain all burglar alarm systems and other premises security devices described on the application attached to this policy. These described burglar alarm systems and other premises security devices must be in working order at all times, connected and in the on position when the "described premises" is closed and unoccupied. If these described burglar alarm systems and other premises security devices are not in working order, and "you" have knowledge that they are not in working order, "you" must follow the alarm guidelines endorsed to this policy.

4. **Cancellation –** "You" may cancel this policy by returning it to "us" or by giving "us" a written notice and stating at what future time coverage is to cease.

   "We" may cancel this policy, or one or more of its parts, by giving "you" a written notice at least 10 days before the cancellation is to take effect. The notice will state the time the cancellation is to take effect. The notice will be sent to "your" mailing address last known to "us".

   "Your" return premium, if any, will be refunded to "you" with the cancellation notice or within a reasonable time. Payment or tender of the unearned premium is not a condition of cancellation.

5. **Change, Modification or Waiver of Policy Terms –** A change or waiver of "terms" of this policy must be issued by "us" in writing to be valid.

6. **Conformity With Statute –** "Terms" of this policy, in conflict with the statutes of the state where the "described premises" are located, are amended to conform to such statutes.

7. **Examination of Books and Records –** "We" may examine and audit "your" books and records that relate to this policy during the policy period and within three years after the policy has expired.

8. **Inspections –** "We" have the right, but are not obligated, to inspect "your" property and operations. This inspection may be made by "us" or may be made on "our" behalf. An inspection or its resulting advice or report does not warrant that "your" property or operations are safe; healthful; or in compliance with laws, rules or regulations. Inspections or reports are for "our" benefit only.

9. **Liberalization –** If "we" adopt a revision of forms during a policy period which broadens this policy without additional premium, the broadened coverage will automatically apply

to this policy. This also applies if "we" adopt the revision within 60 days before this policy is effective.

**10. Loss Payable Provision –** If a loss payee is named in the policy, and is shown on the Declarations Page, loss to property covered shall be adjusted with "you" and shall be paid to "you" and to the loss payee as interests may appear. If more than one loss payee is named, they will be paid in order of precedence.

"We" will not pay the loss payee if "your" insurance is void because of "your" acts, neglect, or failure to comply with the coverage "terms", or if the loss payee is aware of changes in ownership or substantial increase in risk and does not notify "us".

"We" will notify any known loss payee if "we" cancel the policy.

**11. Misrepresentation, Concealment or Fraud –** This coverage is void if before or after a loss:

**a.** Any "insured" has concealed or misrepresented:

**1)** A material fact or circumstance that relates to this insurance or the subject thereof; or

**2)** The "insured's" interest herein.

**b.** There has been fraud or false swearing by any "insured" with regard to a matter that relates to this insurance or the subject thereof.

**12. Records –** "You" must keep the following records:

**a.** A detailed and itemized inventory of "your" property covered, which includes the quantity, description and value of the inventory at cost or as valued for reporting under the application attached to this policy. This must be updated by taking a physical inventory at least once a year.

**b.** Purchase invoices, sales receipts and related documents; and

**c.** A detailed listing of property:

**1)** Belonging to others not in the jewelry business;

**2)** Belonging to others in the jewelry business;

**3)** Away from the "described premises", in "your" custody or the custody

of a principal, officer, employee or commissioned salesperson; and

**4)** "You" send to others.

"You" must keep and produce these records for "us" in a manner that will allow "us" to accurately determine and verify the existence of the property covered and the amount of the loss.

**13. Recoveries –** If "we" pay "you" for the loss under this policy and lost or damaged property is recovered, or payment is made by those responsible for the loss, the following provisions apply:

**a.** "You" must notify "us" promptly if "you" recover property or receive payment.

**b.** "We" must notify "you" promptly if "we" recover property or receive payment.

**c.** Any recovery expenses incurred by either are reimbursed first.

**14. Reporting Terms Only –** This coverage may be subject to reporting terms. If it is cancelled, "you" must report the required amounts as of the cancellation date.

**15. Suit Against "Us" –** No suit to recover any loss may be brought against "us" unless:

**a.** The "terms" of this policy have been fully complied with; and

**b.** The suit is commenced within one year after the loss.

Underwritten by Jewelers Mutual Insurance Company, SI

JB 00 02 10 15



EST 1913

**Jewelers Mutual**®

G R O U P

24 Jewelers Park Drive P.O. Box 468 Neenah, WI 54957-0468 USA
800-558-6411 ▪ JewelersMutual.com

# Loss-Free Renewal Credit Clause

The Jewelers Block coverages are amended as follows:

---

**OTHER COVERAGE CONDITION**

---

The following item is added.

**Loss-Free Renewal Credit Clause** – If "we" incur a loss or loss adjustment expense on claims reported by "you" during a policy period, "we" will not apply a credit to "your" next renewal. However, if no losses or loss adjustment expenses are incurred by "us" during a policy period, "we" will apply a credit to "your" next renewal. This credit will be 10% percent of the premium earned during the loss-free policy period. "Your" credit amount, in dollars, will apply against the premium that would otherwise apply. This credit does not modify any change to base premium reflective of all exposures and coverage applicable at the time of "your" next renewal.

Other warranties, requirements, or restrictions:

If "your" policy is not renewed for any reason, "you" will not qualify for payment of this credit by other means.

Underwritten by Jewelers Mutual Insurance Company, SI    JB 04 06 02 14



**EST 1913**

# Jewelers Mutual®

G R O U P

24 Jewelers Park Drive P.O. Box 468 Neenah, WI 54957-0468 USA
800-558-6411  ■  JewelersMutual.com

# Unattended Property Exclusion

This endorsement changes the policy as follows:

**SCHEDULE**

| Type of location | Individuals the exclusion applies to | Extensions of Coverage to hotel/motel safe, safe deposit, or vault (Enter Yes or No) |
|---|---|---|
| Hotel/Motel Room | You, Your employee, Salesperson | No |

---

**PROPERTY NOT COVERED AND EXCLUSIONS**

This section is amended to include the following provision:

For "theft" from an unattended hotel/motel room or private dwelling of any individual identified in the Schedule above. An attended hotel/motel room or private dwelling has a person actually in the room or private dwelling. This person must be "you", "your" employee, a commissioned salesperson, or a person you have specifically asked to attend to the room or private dwelling.

**EXTENSIONS OF COVERAGE**

This section is amended to include the following provision:

If indicated in the Schedule above, "we" cover property in safekeeping within a central safe, safe deposit box, or vault of a hotel or motel where "you", "your" employee, or a commissioned salesperson is a registered guest.

"We" do not pay for loss to property that is secured within locked containers or safes within any hotel or motel guest room.

Underwritten by Jewelers Mutual Insurance Company, SI                JB 04 10 10 15



**EST 1913**

# Jewelers Mutual®
G R O U P

24 Jewelers Park Drive P.O. Box 468 Neenah, WI 54957-0468 USA
800-558-6411 ▪ JewelersMutual.com

# Stock Out of Safe(s)/Vault(s)
# during Hurricane Warning Period

---

**This endorsement changes the Jewelers Block Coverages**
**provided by this policy and is subject to all Policy Terms.**

**- PLEASE READ THIS CAREFULLY -**

---

**The Jewelers Block Coverages are amended as follows:**

### PROPERTY COVERED

This section is amended to include the following:

Upon notification of a Hurricane Warning by the National Hurricane Center to the area in which the insured's premises are located, coverage will be excluded for all stock located at the insured premises that is not secured in locked safe(s) and / or vault(s) for seventy two (72) hours immediately following the warning. Coverage will be reinstated immediately upon the Hurricane Warning being cancelled only if the hurricane did not affect the area in which the premises is located. If the location is within the path of the hurricane then this exclusion shall stay in effect until the insured's premises can be protected by an operational alarm.

Upon notification of a Hurricane Warning by the National Hurricane Center to the area in which the insured's premises are located; coverage for property stored in the safe deposit box of a bank vault will automatically be increased to a limit adequate to store the property that would be left out of the approved locked safes and vaults during the normal course of business. This automatic increase includes coverage to and from the bank. This coverage shall remain in effect the latter of 72 hours immediately following the warning or until the insured's premises can be protected by an operational alarm.

This endorsement applies only to the premises described on the schedule below.

All other term and conditions of coverage remain the same.

### SCHEDULE

| Location Number | Described Premises |
|---|---|
| 1 | 10272 CAYMAN ST HOLLYWOOD, FL 33026-4664 |

Underwritten by Jewelers Mutual Insurance Company, SI          JB003P 04-12

**EST 1913**

# Jewelers Mutual®

G R O U P

**Property Off Premises Amendment**

24 Jewelers Park Drive P.O. Box 468 Neenah, WI 54957-0468 USA
800-558-6411 ▪ JewelersMutual.com

The entries required to complete this endorsement will be shown below or on the "declarations."

The Jewelers Block coverages are amended as follows:

The limit of insurance for Item 2.d. on the Declarations Page is subject to the following additional warranties, requirements or restrictions.

It is understood and agreed upon that travel coverage may be increased to $500,000 subject to prior advise of underwriters on temporary basis at rate of $1 per thousand of increase per day. It is further understood that a two person warranty will apply to increases.

It is understood and agreed upon that the travel limit is further increased to $300,000 subject to a two person warranty. The second individual can be a family member, member of the firm or trusted friend.

**EST 1913**

# Jewelers Mutual®

### G R O U P

**Alarm Guidelines**

24 Jewelers Park Drive P.O. Box 468 Neenah, WI 54957-0468 USA
800-558-6411 ■ JewelersMutual.com

If the burglar alarm systems and other premises security devices described in the application are not in working order, and "you" have knowledge that they are not in working order, "you" must follow these guidelines until they are in working order.

Notify "your" alarm company immediately to arrange for repairs. If repairs cannot be made before the store will be closed to business, notify "us" immediately. Call the Underwriting Department at 800-558-6411 (24-hour phone coverage) for instructions for the safeguarding of "your" property. If "you" are unable to contact "us," "you" must do the following.

1. Notify "your" local police department, explain "your" situation and ask for additional patrols.

2. Leave the lights on in "your" store all night.

3. Unless prohibited by "your" lease or civil authority, hire a trained security guard (at "your" expense) to stay in the store when closed to business. "You," or one of "your" employees, should be this person if a trained security guard is not available.

Notify "us" when "your" burglar alarm system is in working order.

# Jewelers Mutual®

G R O U P

EST 1913

**Bank Vault Requirement**

24 Jewelers Park Drive P.O. Box 468 Neenah, WI 54957-0468 USA
800-558-6411 ▪ JewelersMutual.com

The Jewelers Block coverages are amended as follows:

The following Bank Vault Requirement is added:

| Location Number | Described Premises |
|---|---|
| 1 | 10272 CAYMAN ST<br>HOLLYWOOD, FL 33026-4664 |

During the term of the policy, the minimum proportion by value of property covered that will be:

a.  Kept in locked safes and vaults on premises at all times when the described premises is closed to business is 0%;

b.  Kept out of safe and vaults on premises at all times when the described premises is closed to business is 0%; and

**c.**  Kept in a safe or vault of a bank, trust or safe deposit company at all times when the described premises is closed to business is 100%.

Additional warranties, requirements, and restrictions:

None

**Private Books And Records**

ES T 1913

# Jewelers Mutual®

G R O U P

24 Jewelers Park Drive P.O. Box 468 Neenah, WI 54957-0468 USA
800-558-6411  ▪  JewelersMutual.com

The Jewelers Block coverages are amended as follows:

**OTHER COVERAGE CONDITIONS**

Item 12., Records, is deleted and replaced with the following:

**12. Private Books And Records** – "You" must maintain detailed inventory records of property covered, including sales and purchases, so "we" can determine the amount of any loss or damage. The total loss shall be determined on the basis of such records.

Underwritten by Jewelers Mutual Insurance Company, SI     JB051 05-06



**Special State
Amendatory Endorsement**

EST 1913

G R O U P

24 Jewelers Park Drive P.O. Box 468 Neenah, WI 54957-0468 USA
800-558-6411 ▪ JewelersMutual.com

The Jewelers Block application and all policy forms are amended as follows:

All statements or descriptions are deemed representations and not warranties. A misrepresentation, unless material or fraudulent, will not prevent a recovery under the Jewelers Block policy.

 Underwritten by Jewelers Mutual Insurance Company, SI JB700A 01-98

MAJOR LEAGUE JEWELERS
10272 CAYMAN ST
HOLLYWOOD FL  33026-4664

The policy is a legal contract between the policy owner and Jewelers Mutual Insurance Company, SI. PLEASE READ YOUR
POLICY CAREFULLY. The policy sets forth, in detail, the rights and obligations of both you and your insurance company. IT IS
THEREFORE IMPORTANT THAT YOU READ YOUR POLICY.



**Jewelers Block**
**Change Endorsement**

24 Jewelers Park Drive P.O. Box 468 Neenah, WI 54957-0468 USA
800-558-6411 ▪ JewelersMutual.com

| Policy Number | From | To | |
|---|---|---|---|
| 55-015767 | 12/28/2020 | 12/28/2021 | 12:01 a.m. standard time |

**Named Insured and Address**

Major League Jewelers
10272 Cayman St
Hollywood FL 33026-4664

**Agency**

IJU AGENCY LTD
1040 AVENUE OF THE AMERICAS STE 1401
NEW YORK, NY 10018-3703

**Agency Phone:** 212-575-1860
**Agency Code:** Agency Code: P28Z

This endorsement changes the coverages provided by this policy and is subject to all policy terms.

**-Please read this carefully-**

The following change(s) resulted in **an additional charge** of $1,800.00.

Effective 02/19/2021 to 03/01/2021, this endorsement becomes part of your policy. The coverage provided by this endorsement will apply to losses occurring during the policy period but only on or after the effective date of this endorsement.

This change resulted in an additional premium of: $1,800

We provide the change(s) shown below:

The off premises travel coverage has been increased to $500,000. The coverage is for travel. The coverage is subject to a $10,000 deductible.

Additional warranties, requirements, or restrictions:

No coverage for unexplained disappearance

Request private security screenings at airports if available

Take direct routes to/from destinations carrying a working cell phone

Goods must be attended at all times by member of firm and second individual as described in the policy unless being kept in locked two key hotel vault/safe or with another jewelry dealer for safe keeping

Merchandise may not be checked as baggage

sschutkoske
03/04/2021

MAJOR LEAGUE JEWELERS
10272 CAYMAN ST
HOLLYWOOD FL  33026-4664

The policy is a legal contract between the policy owner and Jewelers Mutual Insurance Company, SI. PLEASE READ YOUR POLICY CAREFULLY. The policy sets forth, in detail, the rights and obligations of both you and your insurance company. IT IS THEREFORE IMPORTANT THAT YOU READ YOUR POLICY.



EST 1913

# Jewelers Mutual®

G R O U P

24 Jewelers Park Drive P.O. Box 468 Neenah, WI 54957-0468 USA
800-558-6411 ▪ JewelersMutual.com

# Jewelers Block
## Change Endorsement

**Effective 05/11/2021**

| Policy Number | From | To | |
|---|---|---|---|
| 55-015767 | 12/28/2020 | 12/28/2021 | 12:01 a.m. standard time |

**Named Insured and Address**

Major League Jewelers
10272 Cayman St
Hollywood FL 33026-4664

**Agency**

IJU AGENCY LTD
1040 AVENUE OF THE AMERICAS STE 1401
NEW YORK, NY 10018-3703

**Agency Phone:** 212-575-1860
**Agency Code:** Agency Code: P28Z

This endorsement changes the coverages provided by this policy and is subject to all policy terms.
**-Please read this carefully-**

The following change(s) resulted in no additional charge.

Effective 05/11/2021, this endorsement becomes part of your policy. The coverage provided by this endorsement will apply to losses occurring during the policy period but only on or after the effective date of this endorsement. We provide the change(s) shown below:

Loss Payee has been added to the Jewelers Block at location 10272 Cayman St, Hollywood, FL 33026-4664 as follows: Bank of America, Gateway Village - 900 Building, 900 W Trade St, Charlotte, NC 28255, NC1-026-06-07.

cmeisner
05/20/2021



EST 1913

# Jewelers Mutual
### G R O U P

24 Jewelers Park Drive P.O. Box 468 Neenah, WI 54957-0468 USA
800-558-6411 ▪ JewelersMutual.com

## Jewelers Block
## Policy Change Declaration

**Effective 05/11/2021**

---

| **Name and Address** | | **Policy Number** | **Policy Period** |
|---|---|---|---|
| Major League Jewelers | | 55-015767 | 12/28/2020 to 12/28/2021 |
| 10272 Cayman St | | | **12:01 a.m. standard time** |
| Hollywood FL  33026-4664 | | | |

---

**Agency** P28Z | | **Policy Coverage Parts Attached**

---

IJU Agency Ltd
1040 Avenue Of The Americas
Ste 1401
New York, NY  10018-3703

| Policy Premium | $6,947.00 |
|---|---|
| **Total** | **$6,947.00** |

**Agency Phone:**  212-575-1860

**Named Insured**
Major League Jewelers

**Doing Business As:** Corporation

**Agreement**

In return for your payment of the premium, we provide the coverages shown. Coverage applies to the described premises ONLY where a limit of insurance is shown, subject to all the terms of policy forms and endorsements shown.

**Policy Number: 55-015767**
**Policy Period:**

12:01 a.m. standard time
12/28/2020 to 12/28/2021

# Jewelers Block
# Policy Change
# Declaration

**Effective: 05/11/2021**

## Important Membership Information

This policy is issued by Jewelers Mutual Insurance Company, SI, an insurer whose policyholders are members of a mutual holding company. This means special provisions apply to each member's policies or contracts of insurance, of which the following apply to and form a part of this policy:

**Membership and Voting** - While this policy is in force, each named insured in the Declarations is a member of Jewelers Mutual Holding Company, Wisconsin. As a member, you are entitled to one vote, in person or by proxy, at all meetings of the members. If two or more persons qualify as members under a single policy, they are deemed one member for the purposes of voting and collectively are entitled to one vote. You can only cast one vote regardless of the number of policies or coverage you purchased. The owner of any group policy has one vote regardless of the number of individuals insured or coverage purchased. Fractional voting is not permitted. If you are a minor, any vote is vested in your parent or legal guardian.

**Annual Meeting Notice -** The annual meeting of the members of Jewelers Mutual Holding Company is held at its home office in Neenah, Wisconsin on the third Wednesday in May, in each year, at 10:00 a.m. This notice is your formal notification of the time and place. If the Board of Directors changes the time or place of the meeting, notice of the change will be mailed to each member at the address disclosed in this policy at least 10 days prior to the meeting.

_____
President & CEO

_____
Corporate Secretary

**Policy Number: 55-015767**

**Policy Period:**

12:01 a.m. standard time
12/28/2020 to 12/28/2021

# Jewelers Block
# Policy Change
# Declaration

**Effective: 05/11/2021**

---

1. **On The Described Premises Location # 1**
   10272 CAYMAN ST
   HOLLYWOOD, FL  33026-4664

   **Type of Business**

   Retail

   Limit of insurance – The limit of insurance shown is the most we will pay for any one loss.

|  |  | Limit of Insurance | Deductible |
|---|---|---|---|
| **a.** | Stock (Including customers' and memorandum/consignment property and samples) | $300,000 | $5,000 |
| **b.** | Show window(s) |  |  |
|  | **1)**  Closed to business | ZERO | ZERO |
|  | **2)**  Open to business | Included in stock limit | $5,000 |
| **c.** | Out of Safe/Vault/Stockroom limit when closed to business | N/A | N/A |
| **d.** | Patterns, molds, models, and dies | ZERO | ZERO |
| **e.** | Your interest in tenant's improvements | ZERO | ZERO |
| **f.** | Furniture; fixtures; safes; modular vaults; machinery, tools and their parts | ZERO | ZERO |
| **g.** | Money and securities | ZERO | ZERO |

**Policy Number: 55-015767**

**Policy Period:**

12:01 a.m. standard time
12/28/2020 to 12/28/2021

# Jewelers Block
# Policy Change
# Declaration

**Effective: 05/11/2021**

---

## 2. Off All Described Premises

Limit of insurance – The limit of insurance shown is the most we will pay for any one loss.

| | | Limit of Insurance | Deductible |
|---|---|---|---|
| **a.** | In transit by: | | |
| **1)** | Registered Mail through the U.S. Postal Service in excess of any coverage purchased from the U.S. Postal Service | $100,000 | ZERO |
| **2)** | Priority Mail Express through the U.S. Postal Service in excess of any coverage purchased from the U.S. Postal Service. The Priority Mail Express deductible (up to $2,500) will be waived for shipments arranged through JM Shipping Solution or another online logistics site approved by us. | $25,000 | $2,500 |
| **3)** | Armored car service | ZERO | ZERO |
| **4)** | Specified private, paid delivery service, or other contract or common carrier | ZERO | ZERO |
| **5)** | Unspecified private, paid delivery service, or other contract common carrier (not including any service provided by the U.S. Postal Service) | ZERO | ZERO |
| **b.** | In the custody of jewelry dealers not included in 2.d. This does not include property covered while entrusted to another jewelry dealer for safekeeping by someone covered in 2.d. | ZERO | ZERO |
| **c.** | In the safe or vault of a bank, trust, or safe-deposit company | $300,000 | $5,000 |
| **d.** | Property in the close personal custody and under the direct control of you, your employee, a commissioned salesperson, or a person you hire for a short time when traveling off the described premises: | $25,000 | $1,000 |
| **1)** | The most we will pay for any one loss involving an individual is the limit listed below or | | |

| | a) You, your employees, or a person you hire for a short time who carry property valued at more than $25,000: | Limit | Deductible |
|---|---|---|---|
| | **Name, City, State** | $100,000 | $5,000 |
| | Anyone Member of Firm, Hollywood, Florida | | |

| | | | | |
|---|---|---|---|---|
| **2)** | The most we will pay for any one loss involving two or more individuals traveling together is the lesser of the sum of their limits or | | $300,000 | $5,000 |
| **e.** | Otherwise away from any described premises and not included in 2.a., b., c., or d. | | ZERO | ZERO |

**Policy Number: 55-015767**

**Policy Period:**

12:01 a.m. standard time

12/28/2020 to 12/28/2021

**Jewelers Block
Policy Change
Declaration**

**Effective: 05/11/2021**

## Coverage Forms and Endorsements

If a form or endorsement applies only to a specific described premises, the location number will be shown. Otherwise, the forms and endorsements apply to all described premises covered by the policy.

### All Lines

| Form Number | Version | Description |
|---|---|---|
| DNCAT | 01 15 | Certified Terrorism Insurance Policyholder Disclosure Notice |

### Jewelers Block

| Described Premises Location # | Form Number | Version | Description |
|---|---|---|---|
| | CO 90 01 | 04 14 | Jewelers Block or Jewelers Standard Section Page |
| | IM 04 12 | 01 18 | Deductible Amendment |
| | IM 04 15 | 03 19 | Shipping Endorsement |
| | JB 00 01 | 01 18 | Jewelers Block Application |
| | JB 00 02 | 10 15 | Comprehensive Jewelers Block Policy |
| | JB 04 06 | 02 14 | Loss-Free Renewal Credit Clause |
| | JB 04 10 | 10 15 | Unattended Property Exclusion |
| | JB DS 01 | 01 13 | Jewelers Block Declaration |
| | JB010G | 02-02 | Property Off Premises Amendment |
| | JB021 | 06-01 | Alarm Guidelines |
| | JB051 | 05-06 | Private Books and Records |
| 1 | CL0600 | 01 15 | Certified Terrorism Loss |
| 1 | CL1630 | 06-06 | Conditional Terrorism Exclusion |
| 1 | IM 01 24 | 01 20 | Amendatory Endorsement Florida |
| 1 | JB003P | 04-12 | Stock Out of Safe(s)/Vault(s) during Hurricane Warning Period |
| 1 | JB025 | 06-01 | Bank Vault Requirement |
| 1 | JB700A | 01-98 | Special State Amendatory Endorsement |

**Policy Number: 55-015767**

**Policy Period:**

12:01 a.m. standard time

12/28/2020 to 12/28/2021

**Jewelers Block
Policy Change
Declaration**

**Effective: 05/11/2021**

## Additional Interests

**Name and Address**
Bank of America
Gateway Village - 900 Building
900 W Trade St
Charlotte, NC  28202-1139

### Described Premises Location # 1

10272 CAYMAN ST
HOLLYWOOD, FL  33026-4664

Inland Marine Line

| Type of Interest | Interest | Form |
|---|---|---|
| Loss Payee | Jewelry Stock | |

| IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA | | |
|---|---|---|
| **DIVISION**<br>X CIVIL<br>Ⓠ OTHER | **SUMMONS** | **CASE NUMBER** |
| **PLAINTIFF(S)**<br>MAJOR LEAGUE JEWELERS | **DEFENDANT(S)**<br>JEWELERS MUTUAL<br>INSURANCE COMPANY | **CLOCK IN** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

You ARE COMMANDED to serve this summons and a copy of the ***Complaint, Plaintiff's First Set of Interrogatories, Plaintiff's First Request for Production, and Notice of Taking Corporate Representatives Deposition*** in this action on defendant:

### JEWELERS MUTUAL INSURANCE COMPANY
### c/o THE FLORIDA CHIEF FINANCIAL OFFICER as RA
### 200 E. GAINES STREET
### TALLAHASSEE, FLORIDA 32399-4201

Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney:
Idelys Martinez, Esq., Florida Bar No. 1011047, whose address 2601 S. Bayshore Drive, 18th Floor, Miami, Florida 33133 Telephone No.: 1-888-570-5677, Telefax No.: 1-888-745-5677, Email: Eservice@yourinsuranceattorney.com, Secondary Email: YIA20@Yourinsuranceattorney.com within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.

| CLERK OF COURTS | | DATE |
|---|---|---|
| | BY_____<br>**BRENDA D. FORMAN**<br>DEPUTY CLERK | JUN 06 2022 |

IF YOU ARE A PERSON WITH DISABILITY WHO NEEDS ANY ACCOMODATION IN ORDER TO PARTICIPATE IN THIS PROCEEDING, YOU ARE ENTITLED, AT NO COST TO YOU, TO THE PROVISION OF CERTAIN ASSISTANCE. PLEASE CONTACT THE ADA COORDINATOR, ROOM 20140, 201 S.E. 6TH STREET, FT. LAUDERDALE, FL 33301, (954) 831-7721 AT LEAST 7 DAYS BEFORE YOUR SCHEDULED COURT APPEARANCE, OR IMMEDIATELY UPON RECEIVING THIS NOTIFICATION IF THE TIME BEFORE THE SCHEDULE APPEARANCE IS LESS THAN 7 DAYS; IF YOU ARE HEARING OR VOICE IMPAIRED, CALL 711.

COURT SEAL



**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>MAJOR LEAGUE JEWELERS</u>
Plaintiff                                                                 Case # _____
                                                                             Judge  _____

vs.
<u>JEWELERS MUTUAL INSURANCE COMPANY</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 06/03/2022 04:20:16 PM.****

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☐ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   2

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ David F Garcia          Fla. Bar # 87055
        Attorney or party            (Bar # if attorney)

David F Garcia           06/03/2022
  (type or print name)        Date

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN
## AND FOR BROWARD COUNTY, FLORIDA

Major League
JEWELERS

Plaintiff

VS

Jewelers Mutual
INS Co

Defendant

Case No: CACE-22-008155

Judge Division: 04

FILED
JUN 06 2022
By GL

## CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020–73Civ/2020–74–UFC:
**"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",**

**The Clerk has conducted a search for all previous existing civil cases related to these two parties.**

**Listed below are all the aforementioned related cases:** NONE

Brenda D. Forman
Circuit and County Courts

By: _____

Deputy Clerk

Case 0:23-cv-62137-RNS   Document 1-1   Entered on FLSD Docket 11/16/2022   Page 91 of 204

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

     Plaintiff,

                                CASE NO.: CACE-22-008155

v.

JEWELERS MUTUAL INSURANCE COMPANY,

     Defendant.

_____/

## DEFENDANT'S NOTICE OF APPEARANCE
## AND DESIGNATION OF E-MAIL ADDRESSES

COMES NOW WILLIAM R. LEWIS, ESQ., and KATELYN N. LOKUTA, ESQ., with the law firm of Butler Weihmuller Katz Craig LLP and hereby files their Notice of Appearance to represent the Defendant, JEWELERS MUTUAL INSURANCE COMPANY.  It is respectfully requested that all future pleadings and discovery be served upon the undersigned in connection with this action.

NOTICE IS ALSO HEREBY GIVEN that the Defendant, JEWELERS MUTUAL INSURANCE COMPANY, by and through its undersigned counsel, and pursuant to the Supreme Court of Florida No. SC10-2101, Fla. Judicial Admin. R. 2.516(b)(1)(A), hereby designate the following primary and secondary e-mail addresses:

         Primary:     wlewis@butler.legal
                          klokuta@butler.legal

         Secondary:   jdearborn@butler.legal

BUTLER WEIHMULLER KATZ CRAIG LLP

WILLIAM R. LEWIS, ESQ.
Florida Bar No.:  0879827
wlewis@butler.legal
KATELYN N. LOKUTA, ESQ.
Florida Bar No: 106198
klokuta@butler.legal
Secondary:   jdearborn@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
*Attorneys for Defendant, Jewelers Mutual Insurance Company*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that the foregoing instrument was served utilizing the Court's e-filing portal and e-service in accordance with Fla.R.Jud.Admin. 2.516 and AOSC13-49 on June 20, 2022 to:

Idelys Martinez, Esq.
Your Insurance Attorney, PLLC
2601 S. Bayshore Dr., 18th Floor
Coconut Grove, FL 33133
YIA20@yourinsuranceattorney.com
eservice@yourinsuranceattorney.com

KATELYN N. LOKUTA, ESQ.

2

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

     Plaintiff,

                              CASE NO.: CACE-22-008155

v.

JEWELERS MUTUAL INSURANCE COMPANY,

     Defendant.

_____/

## **DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

### **Definitions Of Terms**

1.    "Plaintiff," "you," "your," "Insured" means Plaintiff, MAJOR LEAGUE JEWELERS, its affiliates, agents, employees and representatives.

2.    "Defendant" and/or "JEWELERS" means Defendant, JEWELERS MUTUAL INSURANCE COMPANY its agents, employees and representatives.

3.    The term "communication" shall mean any transmission of information by any means, including, without limitation, by spoken language, electronic transmission of data or any other means.  The term "communication" shall include, without limitation, any copies of written information received by the person or entity responding to this request, even if such person or entity is not the primary or direct addressee of such written information.

4.    The term "document" or "documents" is used in its broadest sense and includes, without limitation, drafts, and documents whether printed, recorded, stored or reproduced by any mechanical or electronic process, or written or produced by hand, and including computer tapes (including backup tapes) and all other computer-related documents, within your possession, custody or control. "Documents" shall also include (1) each copy that is not identical to the original or to any other copy, and (2) any tangible thing that is called for by or identified in response to any request.  "Document" as used herein shall be construed broadly to include all documents and things within the scope of the Florida Rules of Civil Procedure and refers to all writings or other graphic matter, as well as any other medium by which information is stored or recorded.  It includes originals, drafts, copies and reproductions; and it includes, without limiting the generality of the foregoing, letters; memoranda; reports and/or summaries of investigations; police reports; accident reports; opinions or reports of consultants; diagrams; marginal

comments appearing on any documents; accounts; telegrams; studies; lists of persons attending meetings or conferences; records or memoranda of telephone conversations; written statements; transcripts or recorded statements; recorded statements; records of personal conversations or interviews; calculations; computations; specifications; drawings; advertisements; circulars; trade letters; press releases; prints; recordings; positive or negative films, slides or photographs; magnetic, electronic or video tapes; computer tapes, cards or printouts; and all other things of like nature; and any and all containers, boxes or other receptacles or repositories housing or containing such "documents."

5.   The term "referring" or "relating" shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

6.   "Subject Damages" means any loss or damage for which you now contend JEWELERS must pay you in this lawsuit.

7.   "Subject Property" means the property that is the subject of your lawsuit.

8.   "Subject Loss" means the loss for which you believe JEWELERS owes you insurance proceeds.

9.   The "Subject Policy" means the insurance policy number 55-015767 issued by JEWELERS MUTUAL INSURANCE COMPANY to you for the policy period of December 28, 2021 to December 28, 2022.

10.   The term "representative" as used herein with regard to a person or entity means and includes each and every present and former director, officer, partner, employee, agent, independent consultant or expert or other person (including attorneys) acting or purporting to act on behalf of the person or entity.

11.   The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including, without limitation."

12.   All other words have their plain and ordinary meaning.

## **Instructions**

1.   This set of interrogatories shall be deemed to be continuing so as to require further and supplemental responses as specified in Florida Rules of Civil Procedure.

2.   Where identification of a document is requested, please set forth the identity of its author or originator, date of such authorship or origination, identity of each person to whom the original or copy was addressed or delivered, identity of each person known or reasonably believed to have present possession, custody, or control thereof, and a brief description of the subject matter thereof.

3.   If any documents covered by this Interrogatory are withheld by reason of a claim of privilege, work product immunity or other ground of non-production, a list is to be furnished identifying each such documents for which the privilege is claimed specifically by its nature (e.g., letter, memorandum, etc.) together with the following information with respect to any such document withheld:  author; recipient; sender; indicated or blind copies; date; subject matter; basis on which the privilege is claimed; number of pages; and the paragraph of this Interrogatory to which such document relates.

4.   If you assert that any document to be identified in connection with answering these interrogatories has been destroyed or lost, set forth in writing the contents of the document, the date the document was destroyed or lost and the name of the person who authorized or directed the destruction of the document or was last in possession of the document.  If you cannot respond to any of the interrogatories in full, answer to the extent possible, and specify in writing the reasons for your inability to provide a complete answer to the interrogatory.

5.   All objections or answers to interrogatories which fail or refuse fully to respond to any interrogatory on the ground of any claim of privilege of any kind whatever shall (a) state the nature of the claim of privilege; (b) state all facts relied upon in support of the claim of the privilege or related thereto; (c) identify all documents related to the claim of privilege; (d) identify all persons having knowledge of any facts related to the claim of privilege; and (3) identify all events, transactions or occurrences related to the claim of privilege.

6.   Where identification of a person is requested, please set forth the person's name, last-known home and business address and telephone number, and relation to the party answering these interrogatories, if any.

**INTERROGATORIES**

1.      State comprehensively and in detail all damages that you are seeking to recover in this lawsuit.  Be sure that your answer (a) sets forth the grand total amount claimed, in dollars and cents; (b) contains a line item description for each item of damage claimed, including the precise dollar amount claimed for each line item; (c) contains a detailed description of how you determined the amount of each damage claimed; (d) shows all your calculations in determining these dollar figures;

**RESPONSE**:

2.      State with specificity the total monetary amount Plaintiff is alleging Jewelers owes to Plaintiff as it relates to the lawsuit and how you determined this amount.

**RESPONSE**:

*(Remainder of page intentionally left blank.)*

4

**MAJOR LEAGUE JEWELERS**

By: _____

Print Name: _____

Title: _____

## **ACKNOWLEDGMENT**

STATE OF _____

COUNTY OF _____

    The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization via audio-video communication by _____ on behalf of MAJOR LEAGUE JEWELERS ☐ who is personally known to me or ☐ who has produced _____ as identification and who, after first being duly sworn, deposes and says that he/she has read the foregoing Answers to the Interrogatories which were propounded to him/her by the Defendant(s) which, to the best of his/her knowledge and belief, are true and correct, and who has acknowledged to me that he/she executed the same as his/her free act and deed.

    SWORN TO AND SUBSCRIBED before me, this _____ day of _____, 2022.

_____
NOTARY PUBLIC

State of _____ at Large

My Commission Expires:

*22-000201464*

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

MAJOR LEAGUE JEWELERS

PLAINTIFF(S)

VS.

JEWELERS MUTUAL INSURANCE COMPANY

DEFENDANT(S)
_____/

SUMMONS, COMPLAINT, DISCOVERY

| | |
|---|---|
| **CASE #:** | **CACE-22-008155** |
| **COURT:** | **CIRCUIT COURT** |
| **COUNTY:** | **BROWARD** |
| **DFS-SOP #:** | 22-000201464 |

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said  process was received in my office by ELECTRONIC DELIVERY on Tuesday, June 14, 2022 and a copy was forwarded by ELECTRONIC DELIVERY on Thursday, June 16, 2022 to the designated agent for the named entity as shown below.

JEWELERS MUTUAL INSURANCE COMPANY
MARK K WILLSON
24 JEWELERS PARK DR
NEENAH, WI 54956

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule  #1.080**

Jimmy Patronis
Chief Financial Officer

ANTHONY LOPEZ
2601 SOUTH BAYSHORE DRIVE - SUITE 850
COCONUT GROVE, FL 33133

KJ1

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

      Plaintiff,

                                      CASE NO.:   CACE-22-008155

v.

JEWELERS MUTUAL INSURANCE COMPANY,

      Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS
COUNT II OF PLAINTIFFS' COMPLAINT**

      Defendant, JEWELERS MUTUAL INSURANCE COMPANY ("JEWELERS MUTUAL"), by and through its undersigned counsel, moves this Court to dismiss Count II of the Complaint ("Complaint") filed by Plaintiff, MAJOR LEAGUE JEWELERS ("PLAINTIFF"), and in support thereof states as follows:

**I.    FACTUAL BACKGROUND**

      1.    JEWELERS MUTUAL issued an insurance policy to Plaintiff, identified by policy number 55-015767, for the period of December 28, 2020 to December 28, 2021, which provided coverage for PLAINTIFF's jewelry sold from its physical retail space located at 10272 Cayman St., Hollywood, FL 33026, subject to the terms, conditions, limitations, and exclusions contained therein. *See* Complaint, ¶ 6.

      2.    PLAINTIFF alleges its property sustained a covered loss as a result of Negligent Procurement on or about September 29, 2021 ("Claim"). *See* Complaint, ¶ 8.

      3.    PLAINTIFF disagrees with JEWELERS MUTUAL's coverage position in connection with the Claim. *See* Complaint, ¶ 10.

      4.    PLAINTIFF'S Complaint includes two (2) causes of action. Count II is a cause of action in connection with the Claim for declaratory relief. Count I is a cause of action in

connection with the Claim for breach of contract.

5.    Count II is duplicative of Count I and PLAINTIFF has failed to articulate a separate bona fide, actual, present need for any declaration of rights.

6.    Therefore, this Court should dismiss Count II of the Complaint.

## II.    LEGAL ARGUMENT

Count II should be dismissed because it fails to state a cause of action for declaratory relief.  In order to demonstrate a right to proceed with an action seeking declaratory relief, "the party seeking a declaration must show that he is in doubt as to the existence or nonexistence of some right, status, immunity, power, or privilege and that he is entitled to have such doubt removed."  *"X" Corp. v. "Y" Person*, 622 So.2d 1098, 1101 (Fla. 2d DCA 1993) (citing *Flagship Real Estate Corp. v. Flagship Banks, Inc.*, 374 So. 2d 1020 (Fla. 2d DCA 1979)).  Moreover, "[b]efore any proceedings for declaratory relief should be entertained it should be clearly made to appear that there is a bona fide, actual, present need for the declaration."  *Wells v. Wells*, 24 So.3d 579, 583 (Fla. 4th DCA 2009) (quoting *May v. Holley*, 59 So.2d 636, 639 (Fla. 1952)).

In Count II of the Complaint, PLAINTIFF purports to seek declaratory relief. Specifically, PLAINTIFF seeks a declaration by this Court as to whether PLAINTIFF is entitled to coverage under the Policy for the reported loss.  However, the Complaint also asserts a breach of contract count for this loss. The breach of contract and declaratory relief counts are premised on the same factual disputes and seek a determination of coverage available for the reported loss. In such a circumstance, "Plaintiff will be able to secure full, adequate and complete relief through the breach of contract claim," and the  claims for declaratory judgment should be dismissed.  *Fernando Grinberg Trust Success Int. Properties, LLC v. Scottsdale Ins. Co.*, No. 10-20448-Civ, 2010 WL 2510662, at *1 (S.D. Fla. June 21, 2010).  As explained in *Fernando Grinberg Trust Success Int. Properties*:

A court may declare the rights and other legal relations of any interested party in the case of an actual controversy within its jurisdiction.  28 U.S.C. § 2201.  Florida Statute Section 86.021 provides for the declaration of rights or status where a party to an agreement is in doubt as to his or her rights.  *City of Hollywood v. Fla. Power & Light, Co.*, 624 So.2d 285 (Fla. Dist. Ct. App. 1993).  The only relevant inquiry in a motion to dismiss a declaratory judgment action is whether or not the plaintiff is entitled to a declaration of rights.  *Toban v. Am. Sec. Ins. Co.*, No. 06-61912-Civ, 2007 WL 1796250, at *2 (S.D. Fla. June 20, 2007); *see also Gov't Emp. Ins. v. Anta*, 379 So.2d 1038, 1039 (Fla. Dist. Ct. App. 1980).  "[A] trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief."  *McIntosh v. Harbour Club Villas*, 468 So.2d 1075, 1080-81 (Fla. Dist. Ct. App. 1985) (Nesbitt, J. specially concurring); *see also Taylor v. Cooper*, 60 So.2d 534, 535-36 (Fla. 1952).

*Id.*

"The Declaratory Judgment Act 'permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty.'"  *Eisenberg v. Standard Ins. Co.*, No. 09-80199-CIV, 2009 WL 3667086, at *2 (S.D. Fla. Oct. 26, 2009) (quoting 10B C. Wright & A. Miller, *Federal Practice & Procedure*, Civil 3d § 2751 (2004)).  Asking the Court to declare whether the policy provides coverage to the PLAINTIFF for the Loss, however, is not a proper use of the declaratory judgment act.  Where, as here, the PLAINTIFF believes that the insurance policy does, in fact, provide coverage, the PLAINTIFF is actually seeking a judicial declaration that JEWELERS MUTUAL has breached the Policy.  As explained in *Eisenberg*:

A petition seeking declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition claiming breach of contract.  It thus provides an adequate remedy at law, and a decision on the merits of the breach of contract claim would render the [plaintiff's] request for declaratory judgment moot or redundant.

*Id.* at *2-3 (quoting *Amerisure Mut. Ins. Co. v. Maschmeyer Landscapers, Inc.*, 2007 WL 2811080 (E.D. Mo. 2007)).  Simply put, there is no need for such a judicial declaration because PLAINTIFF has not identified a legitimate confusion, ambiguity or the need for judicial interpretation of the Policy itself.

A judicial declaration is unnecessary and duplicative of the breach of contract claim in the Complaint.  It has been held that "[a] court must dismiss a claim for declaratory judgment if it is duplicative of a claim for breach of contract and, in effect, seeks adjudication on the merits of the breach of contract claim." *Miami Yacht Charters, LLC v. National Union Fire Ins. Co. of Pittsburgh, PA*, No. 11-21163-CIV, 2012 WL 1416428, at *2 (S.D. Fla. Apr. 24, 2012) (citations omitted).  In *Berkower v. USAA Casualty Insurance Company,* 2016 WL 4574919 (S.D. Fla. Sept. 1, 2016), the Southern District affirmed its holding in *Fernando Grinberg Trust,* 2010 WL 2510662, *1 (S.D. Fla) and addressed the impact of *Higgins v. State Farm Fire & Cas. Co.,* 894 So.2d 5, 15 (Fla. 2004), which held that declaratory judgments "may proceed based on an unambiguous insurance policy."  The *Berkower* Court noted that despite the holding in *Higgins,* a court *must* dismiss a declaratory judgment action when the breach of contract claim involves the same factual dispute as the declaratory judgment claim and the plaintiff will be able to secure full and adequate relief in the breach of contract claim.  *Berkower v. USAA Casualty Insurance Company,* 2016 WL 4574919, *3 [*Emphasis* added]; *see also Regency of Palm Beach, Inc. v. QBE Ins. Corp.*, 2009 WL 2729954 (S.D. Fla. Aug. 25, 2009) (dismissing portions of declaratory judgment count because damages will be resolved in the breach of contract count); *Cummins vs. Lexington Insurance Company,* 2018 WL 4039310 (S.D. Fla. 2018); *Perez*, No. 19-22761-CIV, 2019 WL 5457746, at *5; *Perez*, No. 19-cv-22346-GAYLES, 2020 WL 607145, at *3.   Here, as in *Berkower,* PLAINTIFF has asserted a count for breach of contract and a count for declaratory relief.  Both counts incorporate by reference all general allegations of the Complaint, and both counts also seek recovery of attorneys' fees and costs.  PLAINTIFF is asking the Court to determine coverage under the Policy and will be able to secure full and adequate relief in Count I for breach of contract which is premised on the identical factual dispute.

In sum, PLAINTIFF'S claim for declaratory relief is, in reality, an improperly plead action for breach of contract.  PLAINTIFF has failed to articulate a separate bona fide, actual, present need for any declaration of rights.  As such, Count II of PLAINTIFF's Complaint should be dismissed as a matter of law.

WHEREFORE, Defendant, JEWELER'S MUTUAL INSURANCE COMPANY, respectfully requests that this Court enter an Order dismissing Count II of the Complaint filed by Plaintiff, MAJOR LEAGUE JEWELERS, for the reasons stated herein and grant JEWELERS MUTUAL such other and further relief as this Court deems just and proper.

BUTLER WEIHMULLER KATZ CRAIG LLP

s/ Katelyn N. Lokuta
WILLIAM R. LEWIS, ESQ.
Florida Bar No.:  0879827
wlewis@butler.legal
KATELYN N. LOKUTA, ESQ.
Florida Bar No: 106198
klokuta@butler.legal
Secondary:    jdearborn@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:    (813) 281-1900
Facsimile:    (813) 281-0900
*Attorneys for Defendant, Jewelers Mutual Insurance Company*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a copy hereof has been furnished to:

> Idelys Martinez, Esq.
> Florida Bar No.: 1011047
> Your Insurance Attorney, PLLC
> 2601 S. Bayshore Dr., 18th Floor
> Coconut Grove, FL 33133
> Phone: (888)570-5677
> YIA20@yourinsuranceattorney.com
> Eservice@yourinsuranceattorney.com
> Attorneys For: Plaintiff

By e-Portal on June 30, 2022

s/ Katelyn N. Lokuta _____
KATELYN N. LOKUTA, ESQ.

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

      Plaintiff,

                                        CASE NO.: CACE-22-008155

v.

JEWELERS MUTUAL INSURANCE COMPANY,

      Defendant.

_____/

## **ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**

COMES NOW, the Defendant, JEWELERS MUTUAL INSURANCE COMPANY ("Jewelers Mutual"), by and through its undersigned counsel, and responds to the Complaint filed herein as follows:

## **PARTIES, JURISDICTION AND VENUE**

1.      Admitted that Plaintiff has alleged that their action is one for damages that exceed Thirty Thousand Dollars ($30,000.00), exclusive of attorney's fees and costs; otherwise, denied.

2.      Defendant is without sufficient information to admit the allegations of this paragraph. Therefore, denied.

3.      Denied that Jewelers Mutual is a Florida corporation. Admitted for purposes of jurisdiction and venue, that Jewelers Mutual is authorized to do business in Florida and has, at all times material hereto, been conducting business in Broward County, Florida; otherwise denied.

4.      Admitted for purposes of jurisdiction and venue, otherwise, denied.

5.      Denied.

**GENERAL ALLEGATIONS**

6.      Admitted that Jewelers Mutual issued an insurance policy to Plaintiff, identified by policy number 55-015767, for the period of December 28, 2021 to December 28, 2022, which provided coverage for Plaintiff's jewelry sold from its physical retail space located at 10272 Cayman St., Hollywood, FL 33026, subject to the terms, conditions, limitations, and exclusions contained therein ("Policy"); otherwise, denied.

7.      Admitted that Jewelers Mutual issued an insurance policy to Plaintiff, identified by policy number 55-015767, for the period of December 28, 2021 to December 28, 2022, which provided coverage for Plaintiff's jewelry sold from its physical retail space located at 10272 Cayman St., Hollywood, FL 33026, subject to the terms, conditions, limitations, and exclusions contained therein; otherwise, denied.

8.      Admitted that Jewelers Mutual issued an insurance policy to Plaintiff, identified by policy number 55-015767, for the period of December 28, 2021 to December 28, 2022, which provided coverage for Plaintiff's jewelry sold from its physical retail space located at 10272 Cayman St., Hollywood, FL 33026, subject to the terms, conditions, limitations, and exclusions contained therein; Admitted that Plaintiff reported a supplemental claim for loss, arising from transit of certain jewelry on or about September 29, 2021; otherwise denied.

9.      Admitted that Jeweler's Mutual assigned claim number 45-014740 to investigate the supplemental loss reported by Plaintiff, arising from transit of certain jewelry on or about September 29, 2021.

10.      Admitted that on or about December 23, 2021, Jeweler's Mutual informed the Plaintiff that it was denying coverage for claim number 45-014740, as the loss was

not covered by the jewelers insurance policy identified by policy number 55-015767, issued to the Plaintiff, for the period of December 28, 2020 to December 28, 2021; otherwise denied.

11.     Denied.

12.     Jewelers Mutual is without knowledge as to what to compelled Plaintiff to retain counsel, therefore denied.

## COUNT I- BREACH OF CONTRACT

13.     Defendant readopts and realleges its responses to paragraphs 1 through 12 as if fully set forth herein.

14.     Admitted that Jewelers Mutual issued an insurance policy to Plaintiff, identified by policy number 55-015767, for the period of December 28, 2020 to December 28, 2021, which provided coverage for Plaintiff's jewelry sold from its physical retail space located at 10272 Cayman St., Hollywood, FL 33026, for a premium paid, subject to the terms, conditions, limitations, and exclusions contained therein; otherwise denied.

15.     Admitted that the Plaintiff has paid all premiums due and owing as contemplated by "the Policy"; otherwise denied.

16.     Denied.

17.     Denied.

18.     Admitted that the loss was not covered by the insurance policy identified by policy number 55-015767, issued to the Plaintiff, for the period of December 28, 2020 to December 28, 2021; otherwise denied.

19.     Denied.

## COUNT II- DECLARATORY JUDGMENT

20.-26.    See Motion to Dismiss Count II filed contemporaneously with this answer.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to provide the department with the Notice required by section 627.70152, Florida Statutes, et seq. Section 627.70152(3)(a), Florida Statutes, states:

(3)    NOTICE. –

(a)    As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department. Such notice must be given at least 10 business days before filing suit under the policy, but may not be given before the insurer has made a determination of coverage under s. 627.70131. Notice to the insurer must be provided by the department to the e-mail address designated by the insurer under s. 624.422. The notice must state with specificity all of the following information:

1.    That the notice is provided pursuant to this section.

2.    The alleged acts or omissions of the insurer giving rise to the suit, which may include a denial of coverage.

3.    If provided by an attorney or other representative, that a copy of the notice was provided to the claimant.

4.    If the notice is provided following a denial of coverage, an estimate of damages, if known.

5.    If the notice is provided following acts or omissions by the insurer other than denial of coverage, both of the following:

a.    The presuit settlement demand, which must itemize the damages, attorney fees, and costs.

b.    The disputed amount.

4

Documentation to support the information provided in this paragraph may be provided along with the notice to the insurer.

(b) A claimant must serve a notice of intent to initiate litigation within the time limits provided in s. 95.11. However, the notice is not required if the suit is a counterclaim. Service of a notice tolls the time limits provided in s. 95.11 for 10 business days if such time limits will expire before the end of the 10-day notice period.

* * *

This statute requires Plaintiff to provide the department with written notice of intent to initiate litigation on a form provided by the department to Jewelers Mutual. Notice must be given at least 10 business days before filing suit under the Policy.

Plaintiff filed the Complaint on June 3, 2022. But Plaintiff failed to provide a Notice required by the statute before filing the Complaint. A Notice that complies with all requirements of the statute is a condition precedent to Plaintiff's filing suit. Plaintiff failed to comply with all requirements of the statute, and did not file a Notice. Because Plaintiff failed to file the required Notice, the Complaint fails to satisfy the minimum pleading requirements as established by section 627.70152(3), Florida Statutes. As such, Plaintiff has not perfected her right to sue Jewelers Mutual.

Plaintiff cannot demonstrate entitlement to attorney's fees under the statute. Plaintiff did not provide a pre-suit demand, so there is no reasonable basis for a calculation of attorney's fees based on section 627.70152(8)(a), Florida Statutes.

## **SECOND AFFIRMATIVE DEFENSE**

The relief sought by Plaintiff in this lawsuit and the underlying claim, in all or part, is excepted, excluded, and/or limited under the following Policy provision:

**PERILS NOT COVERED, EXCLUSIONS AND LIMITATIONS**

"We" do not pay for loss if one or more of the following exclusions apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded causes or events.

\* \* \*

**4.      Criminal, Fraudulent or Dishonest Act –**

**a.**      "We" do not cover loss caused by or resulting from criminal, fraudulent or dishonest acts committed by:

\* \* \*

**3)**      Others to whom "you" or anyone delivers or entrusts the property covered for any reason, including but not limited to giving possession of property to someone by reason a fraudulent scheme, trick, device or false pretense by the person receiving the property except for temporary safekeeping during travel;

Based upon information and belief, the items shipped by Plaintiff were delivered to the customer who purchased the jewelry, however the customer claims to have not received the package. Losses resulting from criminal or fraudulent acts, including delivering or entrusting property to someone by reason of false pretense, are not covered under the Policy.

## THIRD AFFIRMATIVE DEFENSE

The relief sought by Plaintiff in this lawsuit and the underlying claim, in all or part, is excepted, excluded, and/or limited under the following Policy provision:

**PERILS NOT COVERED, EXCLUSIONS AND LIMITATIONS**

"We" do not pay for loss if one or more of the following exclusions apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded causes or events.

\* \* \*

**6.      Disappearance** – "We" do not cover unexplained loss, shortage discovered on taking inventory, or shortage from a package received in good condition with unbroken seals.

Based upon information and belief, the items shipped by Plaintiff were delivered to the customer who purchased the jewelry, however the customer claims to have not received the package. Unexplained losses are not covered by the Policy.

## FOURTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff in this lawsuit and the underlying claim, in all or part, is excepted, excluded, and/or limited under the following Policy provision:

**PROPERTY NOT COVERED AND EXCLUSIONS**

"We" do not cover property:

\* \* \*

**6.** While being shipped, unless there is a limit of insurance on the Declarations Page and it is:

a. Shipped by the U.S. Postal Service as Registered Mail or Priority Express;
b. Shipped by armored car service; or
c. Shipped under receipt by a private, paid delivery service or other common or contract carrier (not including any service provided by the U.S. Postal Service).

**Jewelers Block Renewal Declaration JB DS 01 01 03**

2. Off All Described Premises

| | Limit of Insurance | Deductible |
|---|---|---|
| **a.** In transit by: | | |
| 1) Registered Mail through the U.S. Postal Service in excess of any coverage purchased from the U.S. Postal Service | $100,000 | ZERO |
| 2) Priority Mail Express through the U.S. Postal Service in excess of any coverage purchased from *the U*.S. Postal Service. The Priority Mail Express deductible (up to $2,500) will be waived for shipments arranged through JM Shipping Solution or another online logistics site approved by us. | $25,000 | $2,500 |
| 3) Armored car service | ZERO | ZERO |
| 4) Specified private, paid delivery service, or other contract or common carrier | ZERO | ZERO |
| 5) Unspecified private, paid delivery service, or other contract common carrier (not including any service provided by the U.S. Postal Services | ZERO | ZERO |

According to the Declarations Page, only items shipped Registered Mail or Priority

Mail Express, through the United Stated Postal Service are covered by the Policy. Upon information and belief the insured jewelry was shipped via FedEx and not through the United States Postal Service. Thus, the shipped jewelry would not be covered by the policy.

## **STATEMENT**

Jewelers Mutual denies all allegation not specifically admitted herein and hereby reserves the right to amend this Answer to assert additional defenses or any other applicable terms, conditions, limitations, and/or exclusions of the Policy that may become apparent during discovery.

**WHEREFORE**, the Defendant, JEWELERS MUTUAL INSURANCE COMPANY, respectfully requests judgment in its favor, costs of this action and such other relief as this Court deems appropriate under the circumstances.  Defendant demands a jury trial on all issues so triable as a matter of right.

BUTLER WEIHMULLER KATZ CRAIG LLP

WILLIAM R. LEWIS, ESQ.
Florida Bar No.:  0879827
wlewis@butler.legal
KATELYN N. LOKUTA, ESQ.
Florida Bar No: 106198
klokuta@butler.legal
Secondary:   jdearborn@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
*Counsel for Defendant, Jewelers Mutual Insurance Company*

**CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished to:

Idelys Martinez, Esq.
Florida Bar No.: 1011047
Your Insurance Attorney, PLLC
2601 S. Bayshore Dr., 18th Floor
Coconut Grove, FL 33133
Phone: (888)570-5677
YIA20@yourinsuranceattorney.com
Eservice@yourinsuranceattorney.com
Attorneys For: Plaintiff

by e-Portal on June 30, 2022.


_____
KATELYN N. LOKUTA, ESQ.

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

     Plaintiff,

                                     CASE NO.: CACE-22-008155

v.

JEWELERS MUTUAL INSURANCE COMPANY,

     Defendant.

_____/

## **DEFENDANT'S NOTICE OF SERVING ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

TO:           Idelys Martinez, Esq.
                Your Insurance Attorney, PLLC
                2601 South Bayshore Drive
                18th Floor
                Coconut Grove, FL 33133
                YIA20@yourinsuranceattorney.com
                Secondary: eservice@yourinsuranceattorney.com
                Counsel for Major League Jewelers

COMES NOW, the Defendant, JEWELERS MUTUAL INSURANCE COMPANY, by and through its undersigned counsel, and files this Notice of Serving its Answers to Plaintiff, MAJOR LEAGUE JEWELERS' Interrogatories.

                BUTLER WEIHMULLER KATZ CRAIG LLP

                *Katelyn Lokuta*

                _____
                WILLIAM R. LEWIS, ESQ.
                Florida Bar No.: 0879827
                wlewis@butler.legal
                KATELYN N. LOKUTA, ESQ.
                Florida Bar No: 106198
                klokuta@butler.legal
                Secondary: jdearborn@butler.legal

400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:     (813) 281-0900
*Counsel for Defendant, Jewelers Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I certify that the foregoing Notice has been furnished by e-Portal and that the foregoing Notice and Answers have been furnished to the above-named addressee via e-mail on July 29, 2022.

_____
KATELYN N. LOKUTA, ESQ.

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

     Plaintiff,

                              CASE NO.: CACE-22-008155

v.

JEWELERS MUTUAL INSURANCE COMPANY,

     Defendant.

_____/

## **NOTICE OF PRODUCTION FROM NON-PARTIES**

TO:      Idelys Martinez, Esq.
           Your Insurance Attorney, PLLC
           2601 South Bayshore Drive
           18th Floor
           Coconut Grove, FL  33133
           YIA20@yourinsuranceattorney.com
           Secondary:  eservice@yourinsuranceattorney.com
           Counsel for Major League Jewelers

     YOU ARE HEREBY NOTIFIED that after ten (10) days from the date of service

of this Notice if service is by delivery or e-mail and after fifteen (15) days if service is by

mail, and if no objection is received from any party, the undersigned will issue the

attached Subpoenas Duces Tecum Without Deposition directed to:

           JPM Bros.
           36 W. 47th St., Suite 1002
           New York, NY 10036

           KC Jewelry
           550 S. Hill St., Suite 640
           Los Angeles, CA 90013

who are not parties to this action to produce the items listed at the date, time, and place

specified in the Subpoenas Duces Tecum Without Deposition.  In accordance with

Rule 1.351(b), Fla. R. Civ. P., any objection to production pursuant to said Rule must be served within ten (10) days of the date of service of this Notice.

BUTLER WEIHMULLER KATZ CRAIG LLP

*Katelyn Lokuta*

WILLIAM R. LEWIS, ESQ.
Florida Bar No.:  0879827
wlewis@butler.legal
KATELYN N. LOKUTA, ESQ.
Florida Bar No: 106198
klokuta@butler.legal
Secondary:   jdearborn@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
*Counsel for Defendant, Jewelers Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished to the above-named addressee by e-Portal on July 21, 2022.

*Katelyn Lokuta*

KATELYN N. LOKUTA, ESQ.

IN THE CIRCUIT COURT OF THE 17TH

JUDICIAL CIRCUIT, IN AND FOR

BROWARD COUNTY, FLORIDA

CASE NO.:  CACE-22-008155

MAJOR LEAGUE JEWELERS,

Plaintiff,

v.

JEWELERS MUTUAL INSURANCE
COMPANY,

Defendant.                                                /
_____

## **MOTION FOR EXTENSION OF TIME TO FILE**
## **RESPONSE TO DISCOVERY REQUESTS**

COMES NOW, Plaintiff, **MAJOR LEAGUE JEWELERS,** moves this Court for an order

extending the time in which Plaintiff's response to the Defendant, **JEWELERS MUTUAL**

**INSURANCE COMPANY,** discovery requests are due.  In support of this motion, the Plaintiff

states as follows:

1.      On or about June 21st, 2022, Plaintiff was served with Defendant's First Set of

Interrogatories to Plaintiff and Defendant's Request for Production of Documents.

2.      Plaintiff seeks additional time in which to adequately respond to Defendant's

discovery requests by 30 days.

3.      Plaintiff is not seeking to extend any other deadlines.

4.      An extension of time for the requested deadline will be sufficient to adequately file

a response to Defendant's discovery requests.

5.      Furthermore, an extension of the deadline will not prejudice either party.

**WHEREFORE**, **MAJOR LEAGUE JEWELERS,** respectfully requests that this Court enter

an Order granting this Motion to Extend the time in which Plaintiff's response to the Defendant's

discovery requests are due, and for any further relief this Court deems just and proper.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via E-Mail to all parties on this 24th of July, 2022.

**Your Insurance Attorney, PLLC.**
Counsel for the Insured
2601 South Bayshore Drive 18th Floor
Coconut Grove, FL 33133
Phone No.: 1-888-570-5677
Fax: 1-888-745-5677
Email: YIA5@Yourinsuranceattorney.com
Secondary Email: Eservice@Yourinsuranceattorney.com

By: */s/ David Garcia*
David Garcia, Esq.
Florida Bar No. 87055
Idelys Martinez, Esq.
Florida Bar No. 1011047

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

     Plaintiff,

                                   CASE NO.: CACE-22-008155

v.

JEWELERS MUTUAL INSURANCE COMPANY,

     Defendant.

_____/

**<u>SUBPOENA DUCES TECUM WITHOUT DEPOSITION</u>**

THE STATE OF FLORIDA:

TO:   RECORDS CUSTODIAN
       JPM Bros.
       36 W. 47th St., Suite 1002
       New York, NY 10036

     YOU ARE HEREBY COMMANDED to appear at Veritext Legal Solutions, 7 Times Square, 16th Floor, New York, NY 10036, on August 23, 2022 at 10:00am, and to have with you at that time and place all documents on attached Exhibit "A:"

     These items will be inspected and may be copied at that time.  You will not be required to surrender the original items.  You may comply with this Subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this Subpoena on or before the scheduled date of production.  You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.  **You may mail or deliver the copies to the attorney whose name appears on this Subpoena and thereby eliminate your appearance at the time and place specified above**.  You have the right to object to the production pursuant to this Subpoena at any time before production by giving written notice to the attorney whose name appears on this Subpoena.  **THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.**

     If you fail to:

(1)    appear as specified; or
(2)    furnish the records instead of appearing as provided above; or
(3)    object to this Subpoena,

you may be in contempt of Court.   You are subpoenaed by the following attorney, and

unless excused from this Subpoena by this attorney or the Court, you shall respond to this Subpoena as directed.

      DATED on August 1, 2022.

                        Katelyn Lokuta, Esq.
                        For the Court

                        *Katelyn Lokuta*

                        ————————————————————
                        William R. Lewis, Esq.
                        Florida Bar No.:  0879827
                        wlewis@butler.legal
                        Katelyn N. Lokuta, Esq.
                        Florida Bar No: 106198
                        klokuta@butler.legal
                        Secondary: jdearborn@butler.legal
                        BUTLER WEIHMULLER KATZ CRAIG LLP
                        400 N. Ashley Drive, Suite 2300
                        Tampa, Florida  33602
                        Telephone:   (813) 281-1900
                        Facsimile:    (813) 281-0900
                        *Counsel for Defendant, Jewelers Mutual Insurance Company*


**\*\*\* IF DUPLICATION OF THE REQUESTED RECORDS WILL COST IN EXCESS OF $50.00, WE REQUEST THAT YOU CONTACT OUR OFFICE PRIOR TO DUPLICATING/ SENDING THE RECORDS. ALL INVOICES MUST BE ITEMIZED. \*\*\***


**Note:** You will be in compliance with this subpoena if you elect to mail or email legible copies of the documents requested above, to the address indicated below, on or before August 23, 2022:

Tammy Garcia,
Paralegal
Butler Weihmuller Katz Craig LLP
400 North Ashley Drive, Suite 2300
Tampa, FL  33602
tgarcia@butler.legal
(813) 594-5689
Fax: (813) 281-0900

## **DEFINITIONS**

1.  The term "communication" shall mean any transmission of information by any means, including, without limitation, by spoken language, electronic transmission of data or any other means.  The term "communication" shall include, without limitation, any copies of written information received by the person or entity responding to this request, even if such person or entity is not the primary or direct addressee of such written information.

2.  The term "document" or "documents" is used in its broadest sense and includes, without limitation, drafts, documents whether printed, recorded, stored or reproduced by any mechanical or electronic process, or written or produced by hand, and including computer tapes (including backup tapes) and all other computer-related documents, within your possession, custody or control. "Documents" shall also include (1) each copy that is not identical to the original or to any other copy, and (2) any tangible thing that is called for by or identified in response to any request.  "Document" as used herein shall be construed broadly to include all documents and things within the scope of the Florida Rules of Civil Procedure and refers to all writings or other graphic matter, as well as any other medium by which information is stored or recorded.  It includes originals, drafts, copies and reproductions; and it includes, without limiting the generality of the foregoing, letters; memoranda; reports and/or summaries of investigations; police reports; accident reports; opinions or reports of consultants; diagrams; marginal comments appearing on any documents; accounts; telegrams; studies; lists of persons attending meetings or conferences; records or memoranda of telephone conversations; written statements; transcripts or recorded statements; recorded statements; records of personal conversations or interviews; calculations; computations; specifications; drawings; advertisements; circulars; trade letters; press releases; prints; recordings; positive or negative films, slides or photographs; magnetic, electronic or video tapes; computer tapes, cards or printouts; and all other things of like nature; and all containers, boxes or other receptacles or repositories housing or containing such "documents."

3.  "Plaintiff", means Plaintiff, MAJOR LEAGUE JEWELERS, their affiliates, agents, employees and representatives.

4.  "Defendant" and/or "JEWELERS" means Defendant, JEWELERS MUTUAL INSURANCE COMPANY and its respective agents, employees and representatives.

5.  "Subject Property" means the jewelry alleged as being lost during transit on or about September 28, 2021 that is the subject of Plaintiff's Complaint.

6.  "Subject Claim" and/or "Subject Loss", shall refer to Plaintiff's claim with JEWELERS and assigned claim number 45-014740 with an alleged date of loss on or about September 28, 2021.

7.  "Person" means a natural person, firm, association, partnership, corporation or other firm of legal or business entity, public or private.

8.  The term "referring" or "relating" shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

9.  The term "representative" as used herein with regard to a person or entity means and includes each and every present and former director, officer, partner, employee, agent, independent consultant or expert or other person (including attorneys) acting or purporting to act on behalf of the person or entity.

10. The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive; the word "including" means "including, without limitation."

11. All other words have their plain and ordinary meaning.

## **INSTRUCTIONS**

1.  You are instructed either to produce documents as they are kept in the ordinary course of business or to produce documents organized and labeled to correspond with the categories on Exhibit A.  In addition, documents are to be produced in full and unexpurgated form.

2.  This request shall be deemed continuing so as to require further and supplemental production in the event that the party requested to produce, or any of his or her attorneys, agents or representatives, obtains or discovers additional information or documents between the time of the initial production and the time of hearing or trial.

3.  If any document covered by Exhibit A is withheld by reason of a claim of privilege, work product immunity or other ground of non-production, a list is to be furnished at the time that documents are produced identifying each such document not produced specifically by its nature (e.g., letter, memorandum, etc.) together with the following information with respect to any such document withheld:  Author(s); recipient(s); sender(s); indicated or blind copies; date; subject matter; basis for non-production; number  of pages; and the paragraph(s) of Exhibit A to which such document relates.

4.  If a portion of an otherwise responsive document contains information that is subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted from the document and the rest of the document shall be produced.

5.  In the event that any document called for by Exhibit A has been destroyed, lost,

discarded or otherwise disposed of, each such document is to be identified as completely as possible, including, without limitation, the following information: Author(s); recipient(s); sender(s); subject matter; date prepared or received; date of disposal; person(s) currently in possession of the document; and person disposing of the document.

6.    All objections to any category of documents to be produced pursuant to this request or to any definition or instruction it contains shall be in writing and delivered to Plaintiff's counsel at or before the time of production.

*(Remainder of page left blank intentionally)*

## <u>EXHIBIT A</u>
## Documents to be Produced

1.      All documents related to invoice number 91997 with an invoice date of September 29, 2021 ("Invoice"). This includes but is not limited to proofs of payment, shipping invoices, tracking information, and correspondence related to the purchase.

2.      All documents related to where the watch listed on the Invoice, CRT Santos Men's Watch, Full Diams ("Watch"). This includes documents identifying who the recipient of the shipment was, the address it was shipped to, the carrier it was shipped with, the tracking information, and documents related to delivery.

3.      All documents related to any insurance on the Watch shipped, including but not limited to insurance purchased through the carrier.

4.      All documents related to any claims made by you or on your behalf relating to the shipment being lost in transit.

5.      All documents or other items of a tangible nature that calculate or evaluate the cost and/or value of the Watch.


**Note:**  Any and all electronic files maintained in the regular course of business that are responsive to the above requests are required to be produced to Defendant in their electronic, pristine, native format.  Any USB, flash drive or external drive forwarded to Defendant producing the requested electronic files will be returned to the nonparty if requested once the electronic files are in the Defendant's possession.


**Note**:  You MUST return the following Affidavit, notarized and completed in full. Otherwise, you will not be in compliance with this request.

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

      Plaintiff,

                                 CASE NO.: CACE-22-008155

v.

JEWELERS MUTUAL INSURANCE COMPANY,

      Defendant.

_____/

### <u>AFFIDAVIT OF RECORDS CUSTODIAN CERTIFICATE OF AUTHENTICITY</u>

IT IS HEREBY CERTIFIED that (*please fill out either A or B only):*

☐ A)  the attached records with regard to:

JPM Bros.
36 W. 47th St., Suite 1002
New York, NY 10036

are authentic copies of all of the documents and tangible items in the possession, or under the control of **JPM Bros.** that are responsive to requests contained in the Notice propounded by Defendant, and that said documents and tangible items consist of _____ pages and/or the following:

_____

_____.

It is certified that the making of the said documents and tangible items is a regular practice of **JPM Bros.**

It is certified that the said documents and tangible items are kept in the course of a regularly conducted business activity of **JPM Bros.**

*- OR -*

☐ B)  I certify that I have performed a diligent search of all documents and tangible items in the possession, or under the control, of **JPM Bros.** and have determined that that none are responsive to requests contained in the Notice propounded by Defendant.

I certify that I searched all records dating back ___ years, and that the documents and

tangible items in the possession, or under the control, of **JPM Bros.** are maintained in the following manner:

_____

_____,

and that none were found relating to the Plaintiff(s)/Claimant(s)/Property(ies) involved in this litigation.

Though none were found, I certify that the making of the type of documents and tangible items which are requested, is a regular practice of **JPM Bros.**

Though none were found, I certify that the type of documents and tangible items responsive to the requests contained in the Notice propounded by Defendant, are kept in the course of a regularly conducted business activity of **JPM Bros.**

Dated this _____ day of _____, 2022.

By: _____
Records Custodian

STATE OF: _____

COUNTY OF: _____

THE FOREGOING INSTRUMENT was acknowledged before me this day of _____, 2022 by means of ☐ physical presence or ☐ online notarization by _____, who ☐ is personally known to me or ☐ who has produced _____ as identification.


_____

NOTARY PUBLIC

My Commission Expires:

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

      Plaintiff,

                              CASE NO.: CACE-22-008155

v.

JEWELERS MUTUAL INSURANCE COMPANY,

      Defendant.

_____/

## **SUBPOENA DUCES TECUM WITHOUT DEPOSITION**

THE STATE OF FLORIDA:

TO:    RECORDS CUSTODIAN
       KC Jewelry
       550 S. Hill St., Suite 640
       Los Angeles, CA 90013

      YOU ARE HEREBY COMMANDED to appear at Veritext Legal Solutions, 707 Wilshire Boulevard, Suite 3500, Los Angeles, CA 90017, on August 23, 2022 at 10:00am, and to have with you at that time and place all documents on attached Exhibit "A:"

      These items will be inspected and may be copied at that time.  You will not be required to surrender the original items.  You may comply with this Subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this Subpoena on or before the scheduled date of production.  You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.  **You may mail or deliver the copies to the attorney whose name appears on this Subpoena and thereby eliminate your appearance at the time and place specified above**.  You have the right to object to the production pursuant to this Subpoena at any time before production by giving written notice to the attorney whose name appears on this Subpoena.  **THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.**

      If you fail to:

(1)    appear as specified; or
(2)    furnish the records instead of appearing as provided above; or
(3)    object to this Subpoena,

you may be in contempt of Court.   You are subpoenaed by the following attorney, and unless excused from this Subpoena by this attorney or the Court, you shall respond to this Subpoena as directed.

DATED on August 1, 2022.

Katelyn Lokuta, Esq.
For the Court

_William R. Lewis, Esq._
William R. Lewis, Esq.
Florida Bar No.:  0879827
wlewis@butler.legal
Katelyn N. Lokuta, Esq.
Florida Bar No: 106198
klokuta@butler.legal
Secondary: jdearborn@butler.legal
BUTLER WEIHMULLER KATZ CRAIG LLP
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:   (813) 281-0900
*Counsel for Defendant, Jewelers Mutual Insurance Company*

**\*\*\* IF DUPLICATION OF THE REQUESTED RECORDS WILL COST IN EXCESS OF $50.00, WE REQUEST THAT YOU CONTACT OUR OFFICE PRIOR TO DUPLICATING/ SENDING THE RECORDS.
ALL INVOICES MUST BE ITEMIZED. \*\*\***

**Note:** You will be in compliance with this subpoena if you elect to mail or email legible copies of the documents requested above, to the address indicated below, on or before August 23, 2022:

Tammy Garcia,
Paralegal
Butler Weihmuller Katz Craig LLP
400 North Ashley Drive, Suite 2300
Tampa, FL  33602
tgarcia@butler.legal
(813) 594-5689
Fax: (813) 281-0900

## **DEFINITIONS**

1.     The term "communication" shall mean any transmission of information by any means, including, without limitation, by spoken language, electronic transmission of data or any other means.  The term "communication" shall include, without limitation, any copies of written information received by the person or entity responding to this request, even if such person or entity is not the primary or direct addressee of such written information.

2.     The term "document" or "documents" is used in its broadest sense and includes, without limitation, drafts, documents whether printed, recorded, stored or reproduced by any mechanical or electronic process, or written or produced by hand, and including computer tapes (including backup tapes) and all other computer-related documents, within your possession, custody or control. "Documents" shall also include (1) each copy that is not identical to the original or to any other copy, and (2) any tangible thing that is called for by or identified in response to any request.  "Document" as used herein shall be construed broadly to include all documents and things within the scope of the Florida Rules of Civil Procedure and refers to all writings or other graphic matter, as well as any other medium by which information is stored or recorded.  It includes originals, drafts, copies and reproductions; and it includes, without limiting the generality of the foregoing, letters; memoranda; reports and/or summaries of investigations; police reports; accident reports; opinions or reports of consultants; diagrams; marginal comments appearing on any documents; accounts; telegrams; studies; lists of persons attending meetings or conferences; records or memoranda of telephone conversations; written statements; transcripts or recorded statements; recorded statements; records of personal conversations or interviews; calculations; computations; specifications; drawings; advertisements; circulars; trade letters; press releases; prints; recordings; positive or negative films, slides or photographs; magnetic, electronic or video tapes; computer tapes, cards or printouts; and all other things of like nature; and all containers, boxes or other receptacles or repositories housing or containing such "documents."

3.     "Plaintiff", means Plaintiff, MAJOR LEAGUE JEWELERS, their affiliates, agents, employees and representatives.

4.     "Defendant" and/or "JEWELERS" means Defendant, JEWELERS MUTUAL INSURANCE COMPANY and its respective agents, employees and representatives.

5.     "Subject Property" means the jewelry alleged as being lost during transit on or about September 28, 2021 that is the subject of Plaintiff's Complaint.

6.     "Subject Claim" and/or "Subject Loss", shall refer to Plaintiff's claim with JEWELERS and assigned claim number 45-014740 with an alleged date of loss on or about September 28, 2021.

7.  "Person" means a natural person, firm, association, partnership, corporation or other firm of legal or business entity, public or private.

8.  The term "referring" or "relating" shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

9.  The term "representative" as used herein with regard to a person or entity means and includes each and every present and former director, officer, partner, employee, agent, independent consultant or expert or other person (including attorneys) acting or purporting to act on behalf of the person or entity.

10. The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive; the word "including" means "including, without limitation."

11. All other words have their plain and ordinary meaning.


## INSTRUCTIONS

1.  You are instructed either to produce documents as they are kept in the ordinary course of business or to produce documents organized and labeled to correspond with the categories on Exhibit A.  In addition, documents are to be produced in full and unexpurgated form.

2.  This request shall be deemed continuing so as to require further and supplemental production in the event that the party requested to produce, or any of his or her attorneys, agents or representatives, obtains or discovers additional information or documents between the time of the initial production and the time of hearing or trial.

3.  If any document covered by Exhibit A is withheld by reason of a claim of privilege, work product immunity or other ground of non-production, a list is to be furnished at the time that documents are produced identifying each such document not produced specifically by its nature (e.g., letter, memorandum, etc.) together with the following information with respect to any such document withheld:  Author(s); recipient(s); sender(s); indicated or blind copies; date; subject matter; basis for non-production; number  of pages; and the paragraph(s) of Exhibit A to which such document relates.

4.  If a portion of an otherwise responsive document contains information that is subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted from the document and the rest of the document shall be produced.

5.  In the event that any document called for by Exhibit A has been destroyed, lost,

discarded or otherwise disposed of, each such document is to be identified as completely as possible, including, without limitation, the following information: Author(s); recipient(s); sender(s); subject matter; date prepared or received; date of disposal; person(s) currently in possession of the document; and person disposing of the document.

6.    All objections to any category of documents to be produced pursuant to this request or to any definition or instruction it contains shall be in writing and delivered to Plaintiff's counsel at or before the time of production.

*(Remainder of page left blank intentionally)*

## EXHIBIT A
## Documents to be Produced

1.      All documents related to invoice number 1062340 with an invoice date of September 10, 2021 ("Invoice"). This includes but is not limited to proofs of payment, shipping invoices, tracking information, and correspondence related to the purchase.

2.      All documents related to where the chain listed on the Invoice as item no. NK013220 ("Chain"). This includes documents identifying who the recipient of the shipment was, the address it was shipped to, the carrier it was shipped with, the tracking information, and documents related to delivery.

3.      All documents related to any insurance on the Chain shipped, including but not limited to insurance purchased through the carrier.

4.      All documents related to any claims made by you or on your behalf relating to the shipment being lost in transit.

5.      All documents or other items of a tangible nature that calculate or evaluate the cost and/or value of the Chain.


**Note:**  Any and all electronic files maintained in the regular course of business that are responsive to the above requests are required to be produced to Defendant in their electronic, pristine, native format.  Any USB, flash drive or external drive forwarded to Defendant producing the requested electronic files will be returned to the nonparty if requested once the electronic files are in the Defendant's possession.


**Note**:  You MUST return the following Affidavit, notarized and completed in full. Otherwise, you will not be in compliance with this request.

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

     Plaintiff,

                              CASE NO.: CACE-22-008155

v.

JEWELERS MUTUAL INSURANCE COMPANY,

     Defendant.

_____/

**AFFIDAVIT OF RECORDS CUSTODIAN CERTIFICATE OF AUTHENTICITY**

     IT IS HEREBY CERTIFIED that (*please fill out either A or B only):*

☐ C)  the attached records with regard to:

        KC Jewelry
        550 S. Hill St., Suite 640
        Los Angeles, CA 90013

are authentic copies of all of the documents and tangible items in the possession, or under the control of **KC Jewelry** that are responsive to requests contained in the Notice propounded by Defendant, and that said documents and tangible items consist of _____ pages and/or the following:

_____

_____.

It is certified that the making of the said documents and tangible items is a regular practice of **KC Jewelry.**

It is certified that the said documents and tangible items are kept in the course of a regularly conducted business activity of **KC Jewelry.**

*- OR -*

☐ D)  I certify that I have performed a diligent search of all documents and tangible items in the possession, or under the control, of **KC Jewelry** and have determined that that none are responsive to requests contained in the Notice propounded by Defendant.

I certify that I searched all records dating back ____ years, and that the documents and

17

tangible items in the possession, or under the control, of **KC Jewelry** are maintained in the following manner:

_____

_____,

and that none were found relating to the Plaintiff(s)/Claimant(s)/Property(ies) involved in this litigation.

Though none were found, I certify that the making of the type of documents and tangible items which are requested, is a regular practice of **KC Jewelry.**

Though none were found, I certify that the type of documents and tangible items responsive to the requests contained in the Notice propounded by Defendant, are kept in the course of a regularly conducted business activity of **KC Jewelry.**


Dated this _____ day of _____, 2022.


By: _____

   Records Custodian

STATE OF: _____

COUNTY OF: _____

THE FOREGOING INSTRUMENT was acknowledged before me this day of

_____, 2022 by means of ☐ physical presence or ☐ online

notarization by _____, who ☐ is personally known to me or

☐ who has produced _____ as identification.



_____

NOTARY PUBLIC

My Commission Expires:

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

     Plaintiff,

                                        CASE NO.: CACE-22-008155

v.

JEWELERS MUTUAL INSURANCE COMPANY,

     Defendant.

_____/

## DEFENDANT'S NOTICE OF SERVING INTERROGATORIES TO PLAINTIFF

TO:   Idelys Martinez, Esq.
       Your Insurance Attorney, PLLC
       2601 S. Bayshore Drive, 18th Floor
       Coconut Grove, FL 33133
       YIA20@yourinsuranceattorney.com
       eservice@yourinsuranceattorney.com

     COMES NOW, the Defendant, JEWELERS MUTUAL INSURANCE COMPANY,

by and through its undersigned counsel, and in accordance with the applicable Rules of

Civil Procedure, requests that the Plaintiff, MAJOR LEAGUE JEWELERS, answer the

attached Interrogatories, within thirty (30) days after service hereof.

                  BUTLER WEIHMULLER KATZ CRAIG LLP

                  *Katelyn Lokuta*

                  _____
                  WILLIAM R. LEWIS, ESQ.
                  Florida Bar No.:  0879827
                  wlewis@butler.legal
                  KATELYN N. LOKUTA, ESQ.
                  Florida Bar No: 106198
                  klokuta@butler.legal
                  Secondary:   jdearborn@butler.legal
                  400 N. Ashley Drive, Suite 2300
                  Tampa, Florida  33602
                  Telephone:   (813) 281-1900

Facsimile:     (813) 281-0900
*Attorneys for Defendant, Jewelers Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing <u>Notice</u> has been furnished by e-Portal and that the foregoing <u>Notice</u> and <u>Interrogatories</u> have been furnished to the above-named addressee by e-mail on June 21, 2022.

_____
KATELYN N. LOKUTA, ESQ.

Case 0:22-cv-62137-RNS   Document 1-1   Entered on FLSD Docket 11/16/2022   Page 138 of 204

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

     Plaintiff,

                              CASE NO.: CACE-22-008155

v.

JEWELERS MUTUAL INSURANCE COMPANY,

     Defendant.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION

COMES NOW, the Defendant, JEWELERS MUTUAL INSURANCE COMPANY

("Jewelers"), by and through its undersigned counsel, and responds to Plaintiff, MAJOR

LEAGUE JEWELERS' Request for Production, as follows:

1.    A true and correct certified copy of the insurance policy provided by the Insurance Company to the Insured, for which this lawsuit is premised, including but not limited to, declaration sheet(s), all addendums and attachments.

    **RESPONSE: A certified copy of the policy Jewelers issued to Major League Jewelers will be produced.**

2.    Each and every timesheet, log and all other documents reflecting time spent by the Insurance Company at the Property.

    **RESPONSE: Jewelers objects to this request as it is vague, ambiguous and overly broad. Jewelers also objects to the extent that the request seeks documents protected from disclosure by the attorney-client privilege, work product doctrine or because they are documents contained in the claim file which are not discoverable in a first party breach of contract action. See *Nationwide Ins. Co. of Florida v. Demmo*, 57 So.3d 982 (Fla. 2d DCA 2011); *Gavin's Ace Hardware, Inc. v. Federated Mutual Insurance Company*, 2011 WL 5104476 (M.D.Fla. 2011). Subject to and without waiving the foregoing, none in Jewelers' possession relating to the subject claim.**

3.    Each and every document, evidencing the name, address, and the position/relationship with the Insurance Company, of every individual who has visited or plans to visit the Property on behalf of the Insurance Company.

**RESPONSE: Jewelers objects to this request as it is vague, ambiguous and overly broad. Jewelers also objects to the extent that the request seeks documents protected from disclosure by the attorney-client privilege, work product doctrine or because they are documents contained in the claim file which are not discoverable in a first party breach of contract action. See *Nationwide Ins. Co. of Florida v. Demmo*, 57 So.3d 982 (Fla. 2d DCA 2011); *Gavin's Ace Hardware, Inc. v. Federated Mutual Insurance Company*, 2011 WL 5104476 (M.D.Fla. 2011). Subject to and without waiving the foregoing, none in Jewelers' possession relating to the subject claim.**

4.      Any and all correspondence or written communications from the Insurance Company to the Insured, which in any manner pertain to the Insured's loss as described in the Complaint.

      **RESPONSE: Documents responsive to this request attached hereto.**

5.      Any and all correspondence or written communications from the Insured, to the Insurance Company which in any manner pertains to the Insured's loss as described in the Complaint.

      **RESPONSE: Documents responsive to this request attached hereto.**

6.      Any and all photographs taken by the Insurance Company of the Property.

      **RESPONSE: None.**

7.      All documents containing information regarding a statement by the Insured at any time during the Insurance Company's handling of the Insured's loss, including adjuster notes, claim reports, interoffice memorandum, tape recordings, Examination Under Oath transcripts, and any other transcripts or written statements from the Insured.

      **RESPONSE: Jewelers objects to this request as it is vague, ambiguous and overly broad. Jewelers also objects to the extent that the request seeks documents protected from disclosure by the attorney-client privilege, work product doctrine or because they are documents contained in the claim file which are not discoverable in a first party breach of contract action. See *Nationwide Ins. Co. of Florida v. Demmo*, 57 So.3d 982 (Fla. 2d DCA 2011); *Gavin's Ace Hardware, Inc. v. Federated Mutual Insurance Company*, 2011 WL 5104476 (M.D.Fla. 2011). Subject to and without waiving the foregoing, none in Jewelers' possession relating to the subject claim.**

8.      Any and all bills or estimates for repairs to the Property submitted to the Insurance Company by the Insured.

      **RESPONSE: None.**

9.      Any and all checks paid to, or on behalf of the Insured, representing insurance coverage payment(s) for the loss.

**RESPONSE: None.**

10.     All reports which in any manner pertain to the Insured's loss.

**RESPONSE: None.**

11.     All Proof of Loss forms pertaining to the subject loss that were sent or received by you or your representatives to or from the Insured or the Insured's representative.

**RESPONSE: None.**

12.     Transcripts of all recorded statements taken by you or your representatives in connection with the subject loss.

**RESPONSE: None.**

13.     All inspection reports or other documents that evidence the cause of the damages at issue in the subject claim as determined by you or your representative.

**RESPONSE: Documents responsive to this request attached hereto.**

14.     All applications for insurance submitted by or on behalf of the Insured to you or your representatives in connection with obtaining or renewing the subject Policy.

**RESPONSE: Objection. Jewelers objects to this request because it seeks information and materials that are neither relevant to the subject matter of the suit nor calculated to lead to the discovery of relevant matters, and which constitute work product and/or are protected by attorney-client privilege. The request calls also for Jewelers to produce documents from its claim file, underwriting file and/or documents that relate to its internal claims handling procedures, which is improper in a breach of contract action based on a first-party property insurance claim.** *See, e.g., State Farm Florida Ins. Co. vs. Desai***, 106 So. 3d 5 (Fla. 3d DCA 2013);** *Gen. Star Indem. Co. v. Atlantic Hospitality of Florida, LLC***, 93 So. 3d 501 (Fla. 3d DCA 2012);** *State Farm Florida Ins. Co. v. Aloni***, 101 So. 3d 412 (Fla. 4th DCA 2012);** *State Farm Florida Ins. Co. v. Ramirez***, 86 So. 3d 1198 (Fla. 3d DCA 2012);** *Nationwide Ins. Co. of Florida v. Demmo***, 57 So. 3d 982 (Fla. 2d DCA 2011);** *State Farm Fire & Cas. Co. v. Valido***, 662 So. 2d 1012 (Fla. 3d DCA 1995);** *State Farm Florida Ins. Co. v. Gallmon***, 835 So. 2d 389 (Fla. 2d DCA 2003).** *See also, State Farm Mut. Auto. Ins. Co. v. O'Hearn***, 975 So. 2d 633 (Fla. 2d DCA 2008);** *U.S. Fire Ins. Co. v. Clearwater Oaks Bank***, 421 So. 2d 783 (Fla. 2d DCA 1982);** *W. Am. Ins. Co. v. Neva Prods., Inc.,* **490 So. 2d 117 (Fla. 2d DCA 1986);** *Geico*

***Gen. Ins. Co. v. Hoy***, **927 So. 2d 122 (Fla. 2d DCA 2006);** ***State Farm Mut. Ins. Co. v. Cook***, **744 So. 2d 567 (Fla. 2d DCA 1999);** ***Am. Bankers Ins. Co. of Florida v. Wheeler***, **711 So. 2d 1347 (Fla. 5th DCA 1998);** ***Michigan Millers Mut. Ins. Co. v. Bourke***, **581 So. 2d 1368 (Fla. 2d DCA 1991);** ***State Farm Fire & Cas. Co. v. Martin***, **673 So. 2d 518 (Fla. 5th DCA 1996); and,** ***Gen. Star Indem. Co. v. Anheuser-Busch Co., Inc.***, **741 So. 2d 1259 (Fla. 5th DCA 1999).**

15. All photographs or videos taken by you or your representative(s) in connection with the initial issuance or renewal of the subject Policy.

    **RESPONSE: Objection. Jewelers objects to this request because it seeks documents protected by the work product doctrine.  The request calls also for Jewelers to produce documents from its claim file, underwriting file and/or documents that relate to its internal claims handling procedures, which is improper in a breach of contract action based on a first-party property insurance claim.** ***See, e.g., State Farm Florida Ins. Co. vs. Desai***, **106 So. 3d 5 (Fla. 3d DCA 2013);** ***Gen. Star Indem. Co. v. Atlantic Hospitality of Florida, LLC***, **93 So. 3d 501 (Fla. 3d DCA 2012);** ***State Farm Florida Ins. Co. v. Aloni***, **101 So. 3d 412 (Fla. 4th DCA 2012);** ***State Farm Florida Ins. Co. v. Ramirez***, **86 So. 3d 1198 (Fla. 3d DCA 2012);** ***Nationwide Ins. Co. of Florida v. Demmo***, **57 So. 3d 982 (Fla. 2d DCA 2011);** ***State Farm Fire & Cas. Co. v. Valido***, **662 So. 2d 1012 (Fla. 3d DCA 1995);** ***State Farm Florida Ins. Co. v. Gallmon***, **835 So. 2d 389 (Fla. 2d DCA 2003).** ***See also, State Farm Mut. Auto. Ins. Co. v. O'Hearn***, **975 So. 2d 633 (Fla. 2d DCA 2008);** ***U.S. Fire Ins. Co. v. Clearwater Oaks Bank***, **421 So. 2d 783 (Fla. 2d DCA 1982);** ***W. Am. Ins. Co. v. Neva Prods., Inc.,*** **490 So. 2d 117 (Fla. 2d DCA 1986);** ***Geico Gen. Ins. Co. v. Hoy***, **927 So. 2d 122 (Fla. 2d DCA 2006);** ***State Farm Mut. Ins. Co. v. Cook***, **744 So. 2d 567 (Fla. 2d DCA 1999);** ***Am. Bankers Ins. Co. of Florida v. Wheeler***, **711 So. 2d 1347 (Fla. 5th DCA 1998);** ***Michigan Millers Mut. Ins. Co. v. Bourke***, **581 So. 2d 1368 (Fla. 2d DCA 1991);** ***State Farm Fire & Cas. Co. v. Martin***, **673 So. 2d 518 (Fla. 5th DCA 1996); and,** ***Gen. Star Indem. Co. v. Anheuser-Busch Co., Inc.***, **741 So. 2d 1259 (Fla. 5th DCA 1999).  Subject to and without waiving the foregoing, none in Jewelers' possession.**

16. A current curriculum vitae (CV) or resume for each person retained on your behalf for the purpose of rendering an opinion as to the cause or extent of the subject damage.

    **RESPONSE: None at this time. Discovery is ongoing. Jewelers reserves the right to amend and/or supplement its response, if necessary.**

17. All affidavits or sworn statements in your possession pertaining to the subject loss.

    **RESPONSE: None.**

18.   Transcripts of all examinations under oath (EUO) taken by you or your representatives in connection with the subject loss

   **RESPONSE: None.**

BUTLER WEIHMULLER KATZ CRAIG LLP

_____
WILLIAM R. LEWIS, ESQ.
Florida Bar No.: 0879827
wlewis@butler.legal
KATELYN N. LOKUTA, ESQ.
Florida Bar No: 106198
klokuta@butler.legal
Secondary:   jdearborn@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
*Counsel for Defendant, Jewelers Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished to:

      Idelys Martinez, Esq.
      Your Insurance Attorney, PLLC
      2601 South Bayshore Drive
      18th Floor
      Coconut Grove, FL  33133
      YIA20@yourinsuranceattorney.com
      Secondary:  eservice@yourinsuranceattorney.com
      Counsel for Major League Jewelers

By e-Portal on July 29, 2022.

_____
KATELYN N. LOKUTA, ESQ.

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

       Plaintiff,                        CASE NO.:  CACE-22-008155

v.

JEWELERS MUTUAL INSURANCE
COMPANY,

       Defendant.

_____/

### DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES

COMES NOW the Defendant JEWELERS MUTUAL INSURANCE COMPANY ("JEWELERS"), by and through its undersigned counsel, pursuant to Rules 1.350 and 1.380, Florida Rules of Civil Procedure, and hereby file this Motion to Compel Discovery Responses and for Attorney's Fees and Costs, and in support thereof, would state as follows:

1. On June 21st, 2022 JEWELERS propounded Defendant's First Set of Interrogatories on Plaintiff. *See attached* **Composite Exhibit "1."**

2. Plaintiff's responses were due July 21, 2022.

3. Plaintiff did not respond to discovery by July 21, 2022.

4. On July 22, 2022 counsel for JEWELERS sent correspondence via email and USPS to counsel for Plaintiff in a good faith attempt to obtain discovery responses and within requested that all responses be provided by August 4, 2022. *See attached* **Exhibit "2."**

5. Plaintiff did not respond to Jewelers good faith attempt to obtain overdue discovery.

6.  On July 24, 2022, Plaintiff filed a Motion for Extension of Time to File Response to Discovery Requests, requesting a thirty (30) day extension to provide discovery responses. *See attached* **Exhibit "3."**

7.  The thirty (30) day extension as requested by Plaintiff came, and went.

8.  On August 25, 2022, JEWELERS sent correspondence via email and USPS to counsel for Plaintiff in a second good faith attempt to obtain overdue discovery responses and within again requested that all responses be provided by September 1, 2022. *See attached* **Exhibit "4."**

9.  On August 31, 2022, the parties conducted a telephonic meet and confer in good faith regarding Plaintiff's overdue discovery responses. Plaintiff had not provided responses to JEWELERS discovery and counsel requested an additional extension to do so.

10. On August 31, 2022, JEWELERS requested via email that counsel for Plaintiff prepare an agreed order for an extension to September 9th, 2022. *See attached* **Exhibit "5."**

11. Plaintiff failed to provide JEWELERS with an agreed order for an extension and has yet to comply with discovery obligations.

12. Plaintiff's failure to provide responses and/or file any appropriate objections to Defendant's First Set of Interrogatories outlined in this Motion to Compel has hindered JEWELERS' right to discovery of relevant information and significantly prejudiced JEWELERS.

13. Pursuant to Rule 1.380, Fla. R. Civ. P., JEWELERS requests this Court enter an order requiring Plaintiff to respond to Defendant's First Set of Interrogatories within seven (7) days of the order being entered.

14. Additionally, an accordance with Rule 1.380(4), Fla. R. Civ. P., JEWELERS also requests this Court award JEWELERS' attorney fees and costs for having to bring this Motion to Compel.

WHEREFORE, the Defendant, JEWELERS MUTUAL INSURANCE COMPANY, respectfully requests this Court grant this Motion to Compel, award attorney's fees and costs, and award any and all other relief this Honorable Court deems just and proper.

BUTLER WEIHMULLER KATZ CRAIG LLP

_Katelyn Lokuta_

WILLIAM R. LEWIS, ESQ.
Florida Bar No.:  0879827
wlewis@butler.legal
KATELYN N. LOKUTA, ESQ.
Florida Bar No: 106198
klokuta@butler.legal
Secondary:   jdearborn@butler.legal
                     tgarcia@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
*Counsel for Defendant, Jewelers Mutual Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof has been furnished via e-Portal on September 13,

2022 to:

Idelys Martinez, Esq.
Your Insurance Attorney, PLLC
2601 S. Bayshore Dr., 18th Floor
Coconut Grove, FL 33133
YIA20@yourinsuranceattorney.com
eservice@yourinsuranceattorney.com


_____
KATELYN N. LOKUTA, ESQ.

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

     Plaintiff,

                                     CASE NO.: CACE-22-008155

v.

JEWELERS MUTUAL INSURANCE COMPANY,

     Defendant.

_____/

## **DEFENDANT'S NOTICE OF SERVING INTERROGATORIES TO PLAINTIFF**

TO:    Idelys Martinez, Esq.
       Your Insurance Attorney, PLLC
       2601 S. Bayshore Drive, 18th Floor
       Coconut Grove, FL 33133
       YIA20@yourinsuranceattorney.com
       eservice@yourinsuranceattorney.com

     COMES NOW, the Defendant, JEWELERS MUTUAL INSURANCE COMPANY,

by and through its undersigned counsel, and in accordance with the applicable Rules of

Civil Procedure, requests that the Plaintiff, MAJOR LEAGUE JEWELERS, answer the

attached Interrogatories, within thirty (30) days after service hereof.

             BUTLER WEIHMULLER KATZ CRAIG LLP

_____
WILLIAM R. LEWIS, ESQ.
Florida Bar No.:  0879827
wlewis@butler.legal
KATELYN N. LOKUTA, ESQ.
Florida Bar No: 106198
klokuta@butler.legal
Secondary:   jdearborn@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:   (813) 281-1900

**EXHIBIT**

**Composite 1**

Facsimile:     (813) 281-0900
*Attorneys for Defendant, Jewelers Mutual Insurance
Company*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing <u>Notice</u> has been furnished by e-Portal and that the foregoing <u>Notice</u> and <u>Interrogatories</u> have been furnished to the above-named addressee by e-mail on June 21, 2022.

_____
KATELYN N. LOKUTA, ESQ.

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

     Plaintiff,

                                      CASE NO.: CACE-22-008155

v.

JEWELERS MUTUAL INSURANCE COMPANY,

     Defendant.

_____/

## **DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

### **Definitions Of Terms**

1.    "Plaintiff," "you," "your," "Insured" means Plaintiff, MAJOR LEAGUE JEWELERS, its affiliates, agents, employees and representatives.

2.    "Defendant" and/or "JEWELERS" means Defendant, JEWELERS MUTUAL INSURANCE COMPANY its agents, employees and representatives.

3.    The term "communication" shall mean any transmission of information by any means, including, without limitation, by spoken language, electronic transmission of data or any other means.  The term "communication" shall include, without limitation, any copies of written information received by the person or entity responding to this request, even if such person or entity is not the primary or direct addressee of such written information.

4.    The term "document" or "documents" is used in its broadest sense and includes, without limitation, drafts, and documents whether printed, recorded, stored or reproduced by any mechanical or electronic process, or written or produced by hand, and including computer tapes (including backup tapes) and all other computer-related documents, within your possession, custody or control. "Documents" shall also include (1) each copy that is not identical to the original or to any other copy, and (2) any tangible thing that is called for by or identified in response to any request.  "Document" as used herein shall be construed broadly to include all documents and things within the scope of the Florida Rules of Civil Procedure and refers to all writings or other graphic matter, as well as any other medium by which information is stored or recorded.  It includes originals, drafts, copies and reproductions; and it includes, without limiting the generality of the foregoing, letters; memoranda; reports and/or summaries of investigations; police reports; accident reports; opinions or reports of consultants; diagrams; marginal

comments appearing on any documents; accounts; telegrams; studies; lists of persons attending meetings or conferences; records or memoranda of telephone conversations; written statements; transcripts or recorded statements; recorded statements; records of personal conversations or interviews; calculations; computations; specifications; drawings; advertisements; circulars; trade letters; press releases; prints; recordings; positive or negative films, slides or photographs; magnetic, electronic or video tapes; computer tapes, cards or printouts; and all other things of like nature; and any and all containers, boxes or other receptacles or repositories housing or containing such "documents."

5. The term "referring" or "relating" shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

6. "Subject Damages" means any loss or damage for which you now contend JEWELERS must pay you in this lawsuit.

7. "Subject Property" means the property that is the subject of your lawsuit.

8. "Subject Loss" means the loss for which you believe JEWELERS owes you insurance proceeds.

9. The "Subject Policy" means the insurance policy number 55-015767 issued by JEWELERS MUTUAL INSURANCE COMPANY to you for the policy period of December 28, 2021 to December 28, 2022.

10. The term "representative" as used herein with regard to a person or entity means and includes each and every present and former director, officer, partner, employee, agent, independent consultant or expert or other person (including attorneys) acting or purporting to act on behalf of the person or entity.

11. The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including, without limitation."

12. All other words have their plain and ordinary meaning.

## **Instructions**

1. This set of interrogatories shall be deemed to be continuing so as to require further and supplemental responses as specified in Florida Rules of Civil Procedure.

2. Where identification of a document is requested, please set forth the identity of its author or originator, date of such authorship or origination, identity of each person to whom the original or copy was addressed or delivered, identity of each person known or reasonably believed to have present possession, custody, or control thereof, and a brief description of the subject matter thereof.

3.  If any documents covered by this Interrogatory are withheld by reason of a claim of privilege, work product immunity or other ground of non-production, a list is to be furnished identifying each such documents for which the privilege is claimed specifically by its nature (e.g., letter, memorandum, etc.) together with the following information with respect to any such document withheld:  author; recipient; sender; indicated or blind copies; date; subject matter; basis on which the privilege is claimed; number of pages; and the paragraph of this Interrogatory to which such document relates.

4.  If you assert that any document to be identified in connection with answering these interrogatories has been destroyed or lost, set forth in writing the contents of the document, the date the document was destroyed or lost and the name of the person who authorized or directed the destruction of the document or was last in possession of the document.  If you cannot respond to any of the interrogatories in full, answer to the extent possible, and specify in writing the reasons for your inability to provide a complete answer to the interrogatory.

5.  All objections or answers to interrogatories which fail or refuse fully to respond to any interrogatory on the ground of any claim of privilege of any kind whatever shall (a) state the nature of the claim of privilege; (b) state all facts relied upon in support of the claim of the privilege or related thereto; (c) identify all documents related to the claim of privilege; (d) identify all persons having knowledge of any facts related to the claim of privilege; and (3) identify all events, transactions or occurrences related to the claim of privilege.

6.  Where identification of a person is requested, please set forth the person's name, last-known home and business address and telephone number, and relation to the party answering these interrogatories, if any.

## <u>INTERROGATORIES</u>

1.  State comprehensively and in detail all damages that you are seeking to recover in this lawsuit.  Be sure that your answer (a) sets forth the grand total amount claimed, in dollars and cents; (b) contains a line item description for each item of damage claimed, including the precise dollar amount claimed for each line item; (c) contains a detailed description of how you determined the amount of each damage claimed; (d) shows all your calculations in determining these dollar figures;

    **<u>RESPONSE</u>**:

2.  State with specificity the total monetary amount Plaintiff is alleging Jewelers owes to Plaintiff as it relates to the lawsuit and how you determined this amount.

    **<u>RESPONSE</u>**:

*(Remainder of page intentionally left blank.)*

**MAJOR LEAGUE JEWELERS**

By: _____

Print Name: _____

Title: _____

## **ACKNOWLEDGMENT**

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization via audio-video communication by _____ on behalf of MAJOR LEAGUE JEWELERS ☐ who is personally known to me or ☐ who has produced _____ as identification and who, after first being duly sworn, deposes and says that he/she has read the foregoing Answers to the Interrogatories which were propounded to him/her by the Defendant(s) which, to the best of his/her knowledge and belief, are true and correct, and who has acknowledged to me that he/she executed the same as his/her free act and deed.

SWORN TO AND SUBSCRIBED before me, this _____ day of _____, 2022.

_____
NOTARY PUBLIC

State of _____ at Large

My Commission Expires:

5



TAMPA
DALLAS
CHICAGO
CHARLOTTE
PHILADELPHIA
TALLAHASSEE
MOBILE
MIAMI

July 22, 2022

***VIA EMAIL:***

Idelys Martinez, Esq.
Your Insurance Attorney, PLLC
2601 S. Bayshore Drive, 18th Floor
Coconut Grove, FL 33133
YIA20@yourinsuranceattorney.com
eservice@yourinsuranceattorney.com

      Re:   *Major League Jewelers vs. Jewelers Mutual Insurance Company*
             Case No.: CACE-22-008155
             Our File Number: 2027-2111098

Dear Ms. Martinez,

      I write in a good faith attempt to obtain full, complete, and proper responses to the written discovery requests propounded by Jewelers Mutual Insurance Company ("Jewelers Mutual") without Court intervention, in strict compliance with Florida Rules of Civil Procedure 1.380(a)(4), as well as other authority.

      Plaintiff sued Jewelers Mutual. The accusations leveled are false and without support. Thus, on June 21, 2022, Jewelers Mutual propounded written discovery to defend itself, as is its absolute right. Specifically, Jewelers Mutual served its First Set of Interrogatories and First Request for Production to Plaintiff.

      Plaintiff's responses to these discovery requests were due on July 21, 2022. No request for an extension to respond was requested by Plaintiff and Plaintiff neither objected nor moved for a protective order. Consequently, Plaintiff waived most objections by operation of law.

      Please supply full, complete, and proper responses to Jewelers Mutual's discovery requests by 5:00pm on Thursday, August 4, 2022. If you do not, Jewelers Mutual will be forced to seek judicial assistance. We hope it does not come to that.

           Regards,

           BUTLER WEIHMULLER KATZ CRAIG LLP

EXHIBIT
2

**BUTLER**

Idelys Martinez, Esq.
July 22, 2022
Page 2


William R. Lewis
wlewis@butler.legal


Katelyn Lokuta, Esq.
klokuta@butler.legal

IN THE CIRCUIT COURT OF THE 17TH

JUDICIAL CIRCUIT, IN AND FOR

BROWARD COUNTY, FLORIDA

CASE NO.:  CACE-22-008155

MAJOR LEAGUE JEWELERS,

Plaintiff,

v.

JEWELERS MUTUAL INSURANCE
COMPANY,

Defendant.                                    /
_____

## **MOTION FOR EXTENSION OF TIME TO FILE**
## **RESPONSE TO DISCOVERY REQUESTS**

COMES NOW, Plaintiff, **MAJOR LEAGUE JEWELERS,** moves this Court for an order

extending the time in which Plaintiff's response to the Defendant, **JEWELERS MUTUAL**

**INSURANCE COMPANY,** discovery requests are due.  In support of this motion, the Plaintiff

states as follows:

1.      On or about June 21st, 2022, Plaintiff was served with Defendant's First Set of

Interrogatories to Plaintiff and Defendant's Request for Production of Documents.

2.      Plaintiff seeks additional time in which to adequately respond to Defendant's

discovery requests by 30 days.

3.      Plaintiff is not seeking to extend any other deadlines.

4.      An extension of time for the requested deadline will be sufficient to adequately file

a response to Defendant's discovery requests.

5.      Furthermore, an extension of the deadline will not prejudice either party.

**WHEREFORE**, **MAJOR LEAGUE JEWELERS,** respectfully requests that this Court enter

an Order granting this Motion to Extend the time in which Plaintiff's response to the Defendant's

**EXHIBIT**
**3**

discovery requests are due, and for any further relief this Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via E-Mail to all parties on this 24th of July, 2022.

**Your Insurance Attorney, PLLC.**
Counsel for the Insured
2601 South Bayshore Drive 18th Floor
Coconut Grove, FL 33133
Phone No.: 1-888-570-5677
Fax: 1-888-745-5677
Email: YIA5@Yourinsuranceattorney.com
Secondary Email: Eservice@Yourinsuranceattorney.com

By: */s/ David Garcia*
David Garcia, Esq.
Florida Bar No. 87055
Idelys Martinez, Esq.
Florida Bar No. 1011047



TAMPA
DALLAS
CHICAGO
CHARLOTTE
PHILADELPHIA
TALLAHASSEE
MOBILE
MIAMI

August 25, 2022

**_VIA EMAIL AND CERTIFIED MAIL 9489009000276428901741_**:

Idelys Martinez, Esq.
Your Insurance Attorney, PLLC
2601 S. Bayshore Drive, 18th Floor
Coconut Grove, FL 33133
YIA20@yourinsuranceattorney.com
eservice@yourinsuranceattorney.com

   Re: *Major League Jewelers vs. Jewelers Mutual Insurance Company*
      Case No.: CACE-22-008155
      Our File Number: 2027-2111098

Dear Ms. Martinez,

   I write in a good faith attempt to obtain full, complete, and proper responses to the written discovery requests propounded by Jewelers Mutual Insurance Company ("Jewelers Mutual") without Court intervention, in strict compliance with Florida Rules of Civil Procedure 1.380(a)(4), as well as other authority.

   Plaintiff sued Jewelers Mutual. The accusations leveled are false and without support. Thus, on June 21, 2022, Jewelers Mutual propounded written discovery to defend itself, as is its absolute right. Specifically, Jewelers Mutual served its First Set of Interrogatories and First Request for Production to Plaintiff.

   Plaintiff's responses to these discovery requests were due on July 21, 2022. On July 22, 2022, we wrote to you in a good faith attempt to obtain overdue discovery. Plaintiff did not respond to our letter, but instead filed a Motion for Extension on July 24, 2022 requesting a 30 day extension. Plaintiff did not reach out to Counsel for AXIS to obtain an agreed upon extension or set the motion for hearing.

   Nonetheless, the 30 day extension to respond as requested by Plaintiff came, and went.  Plaintiff did not respond, object or move for a protective order. Consequently, Plaintiff waived most objections by operation of law.

   If full, complete, and proper responses to Jewelers Mutual's discovery requests are not produced within **seven (7) days** of the date of this letter, a motion to compel will be filed and set for a hearing.

**BUTLER WEIHMULLER KATZ CRAIG** LLP
400 North Ashley Drive ◦ Suite 2300 ◦ Tampa, FL 33602
P  813.281.1900 ◦ F  813.281.0900
www.butler.legal

EXHIBIT

4

# BUTLER

Idelys Martinez, Esq.
August 25, 2022
Page 2

Regards,

BUTLER WEIHMULLER KATZ CRAIG LLP

William R. Lewis
wlewis@butler.legal

Katelyn Lokuta, Esq.
klokuta@butler.legal

**Archived:** Tuesday, September 13, 2022 12:01:57 PM
**From:** Katelyn Lokuta
**Mail received time:** Wed, 31 Aug 2022 12:14:48
**Sent:** Wed, 31 Aug 2022 16:14:47
**To:** 'im@yourinsuranceattorney.com'
**Cc:** 'vjorge@yourinsuranceattorney.com' Julia Dearborn 'YIA20@Yourinsuranceattorney.com'
**Subject:** FW: 5141-004 Major League Jewelers v. Jewelers Mutual Case Number: CACE-22-008155:
**Importance:** Normal
**Sensitivity:** None

---

Good Afternoon,

I glad we could connect this morning to discuss the discovery issues and Plaintiff's claims. In light of your need for an additional time to respond to our discovery requests, please send us a proposed agreed order on your motion for extension to respond to discovery until September 9th (next Friday).

Thank you!



**Katelyn Lokuta** | Attorney at Law
BUTLER WEIHMULLER KATZ CRAIG LLP
400 N. Ashley Drive, Suite 2300 | Tampa, FL 33602
Direct 813.594.5622 | Office 813.281.1900
www.butler.legal | email | vCard | location

**EXHIBIT 5**

---

**From:** Katelyn Lokuta
**Sent:** Tuesday, August 30, 2022 4:34 PM
**To:** 'Victoria Jorge' <vjorge@yourinsuranceattorney.com>
**Cc:** Idelys Martinez <im@yourinsuranceattorney.com>; YIA20 <YIA20@yourinsuranceattorney.com>; Julia Dearborn <jdearborn@butler.legal>
**Subject:** RE: 5141-004 Major League Jewelers v. Jewelers Mutual Case Number: CACE-22-008155:

Good Afternoon,

Does Idelys intend on re-scheduling the teleconference, which was supposed to take place at 4pm this afternoon?



**Katelyn Lokuta** | Attorney at Law
BUTLER WEIHMULLER KATZ CRAIG LLP
400 N. Ashley Drive, Suite 2300 | Tampa, FL 33602
Direct 813.594.5622 | Office 813.281.1900
www.butler.legal | email | vCard | location

**From:** Julia Dearborn <jdearborn@butler.legal>
**Sent:** Monday, August 29, 2022 3:24 PM
**To:** 'Victoria Jorge' <vjorge@yourinsuranceattorney.com>; Tammy Garcia <tgarcia@butler.legal>; Katelyn Lokuta <klokuta@butler.legal>
**Cc:** Idelys Martinez <im@yourinsuranceattorney.com>; YIA20 <YIA20@yourinsuranceattorney.com>
**Subject:** RE: 5141-004 Major League Jewelers v. Jewelers Mutual Case Number: CACE-22-008155:

Good afternoon,

4pm tomorrow works. Please have Idelys call Katelyn at 813.594.5622.

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

     Plaintiff,

                                  CASE NO.: CACE-22-008155

v.

JEWELERS MUTUAL INSURANCE COMPANY,

     Defendant.

_____/

## **DEFENDANT'S NOTICE OF SERVING INTERROGATORIES TO PLAINTIFF**

TO:   Idelys Martinez, Esq.
       Your Insurance Attorney, PLLC
       2601 S. Bayshore Drive, 18th Floor
       Coconut Grove, FL 33133
       YIA20@yourinsuranceattorney.com
       eservice@yourinsuranceattorney.com

     COMES NOW, the Defendant, JEWELERS MUTUAL INSURANCE COMPANY,

by and through its undersigned counsel, and in accordance with the applicable Rules of

Civil Procedure, requests that the Plaintiff, MAJOR LEAGUE JEWELERS, answer the

attached Interrogatories, within thirty (30) days after service hereof.

                    BUTLER WEIHMULLER KATZ CRAIG LLP

                    *Katelyn Lokuta*

                    _____
                    WILLIAM R. LEWIS, ESQ.
                    Florida Bar No.:  0879827
                    wlewis@butler.legal
                    KATELYN N. LOKUTA, ESQ.
                    Florida Bar No: 106198
                    klokuta@butler.legal
                    Secondary:   jdearborn@butler.legal
                    400 N. Ashley Drive, Suite 2300
                    Tampa, Florida  33602
                    Telephone:   (813) 281-1900

**EXHIBIT**

**Composite 1**

Facsimile:     (813) 281-0900
*Attorneys for Defendant, Jewelers Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing <u>Notice</u> has been furnished by e-Portal and that the foregoing <u>Notice</u> and <u>Interrogatories</u> have been furnished to the above-named addressee by e-mail on June 21, 2022.

_____
KATELYN N. LOKUTA, ESQ.

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

     Plaintiff,

                              CASE NO.: CACE-22-008155

v.

JEWELERS MUTUAL INSURANCE COMPANY,

     Defendant.

_____/

## **DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

### **Definitions Of Terms**

1. "Plaintiff," "you," "your," "Insured" means Plaintiff, MAJOR LEAGUE JEWELERS, its affiliates, agents, employees and representatives.

2. "Defendant" and/or "JEWELERS" means Defendant, JEWELERS MUTUAL INSURANCE COMPANY its agents, employees and representatives.

3. The term "communication" shall mean any transmission of information by any means, including, without limitation, by spoken language, electronic transmission of data or any other means. The term "communication" shall include, without limitation, any copies of written information received by the person or entity responding to this request, even if such person or entity is not the primary or direct addressee of such written information.

4. The term "document" or "documents" is used in its broadest sense and includes, without limitation, drafts, and documents whether printed, recorded, stored or reproduced by any mechanical or electronic process, or written or produced by hand, and including computer tapes (including backup tapes) and all other computer-related documents, within your possession, custody or control. "Documents" shall also include (1) each copy that is not identical to the original or to any other copy, and (2) any tangible thing that is called for by or identified in response to any request. "Document" as used herein shall be construed broadly to include all documents and things within the scope of the Florida Rules of Civil Procedure and refers to all writings or other graphic matter, as well as any other medium by which information is stored or recorded. It includes originals, drafts, copies and reproductions; and it includes, without limiting the generality of the foregoing, letters; memoranda; reports and/or summaries of investigations; police reports; accident reports; opinions or reports of consultants; diagrams; marginal

comments appearing on any documents; accounts; telegrams; studies; lists of persons attending meetings or conferences; records or memoranda of telephone conversations; written statements; transcripts or recorded statements; recorded statements; records of personal conversations or interviews; calculations; computations; specifications; drawings; advertisements; circulars; trade letters; press releases; prints; recordings; positive or negative films, slides or photographs; magnetic, electronic or video tapes; computer tapes, cards or printouts; and all other things of like nature; and any and all containers, boxes or other receptacles or repositories housing or containing such "documents."

5.  The term "referring" or "relating" shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

6.  "Subject Damages" means any loss or damage for which you now contend JEWELERS must pay you in this lawsuit.

7.  "Subject Property" means the property that is the subject of your lawsuit.

8.  "Subject Loss" means the loss for which you believe JEWELERS owes you insurance proceeds.

9.  The "Subject Policy" means the insurance policy number 55-015767 issued by JEWELERS MUTUAL INSURANCE COMPANY to you for the policy period of December 28, 2021 to December 28, 2022.

10. The term "representative" as used herein with regard to a person or entity means and includes each and every present and former director, officer, partner, employee, agent, independent consultant or expert or other person (including attorneys) acting or purporting to act on behalf of the person or entity.

11. The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including, without limitation."

12. All other words have their plain and ordinary meaning.

**<u>Instructions</u>**

1.  This set of interrogatories shall be deemed to be continuing so as to require further and supplemental responses as specified in Florida Rules of Civil Procedure.

2.  Where identification of a document is requested, please set forth the identity of its author or originator, date of such authorship or origination, identity of each person to whom the original or copy was addressed or delivered, identity of each person known or reasonably believed to have present possession, custody, or control thereof, and a brief description of the subject matter thereof.

3. If any documents covered by this Interrogatory are withheld by reason of a claim of privilege, work product immunity or other ground of non-production, a list is to be furnished identifying each such documents for which the privilege is claimed specifically by its nature (e.g., letter, memorandum, etc.) together with the following information with respect to any such document withheld:  author; recipient; sender; indicated or blind copies; date; subject matter; basis on which the privilege is claimed; number of pages; and the paragraph of this Interrogatory to which such document relates.

4. If you assert that any document to be identified in connection with answering these interrogatories has been destroyed or lost, set forth in writing the contents of the document, the date the document was destroyed or lost and the name of the person who authorized or directed the destruction of the document or was last in possession of the document.  If you cannot respond to any of the interrogatories in full, answer to the extent possible, and specify in writing the reasons for your inability to provide a complete answer to the interrogatory.

5. All objections or answers to interrogatories which fail or refuse fully to respond to any interrogatory on the ground of any claim of privilege of any kind whatever shall (a) state the nature of the claim of privilege; (b) state all facts relied upon in support of the claim of the privilege or related thereto; (c) identify all documents related to the claim of privilege; (d) identify all persons having knowledge of any facts related to the claim of privilege; and (3) identify all events, transactions or occurrences related to the claim of privilege.

6. Where identification of a person is requested, please set forth the person's name, last-known home and business address and telephone number, and relation to the party answering these interrogatories, if any.

## **INTERROGATORIES**

1.   State comprehensively and in detail all damages that you are seeking to recover in this lawsuit.  Be sure that your answer (a) sets forth the grand total amount claimed, in dollars and cents; (b) contains a line item description for each item of damage claimed, including the precise dollar amount claimed for each line item; (c) contains a detailed description of how you determined the amount of each damage claimed; (d) shows all your calculations in determining these dollar figures;

     **RESPONSE**:

2.   State with specificity the total monetary amount Plaintiff is alleging Jewelers owes to Plaintiff as it relates to the lawsuit and how you determined this amount.

     **RESPONSE**:

*(Remainder of page intentionally left blank.)*

**MAJOR LEAGUE JEWELERS**

By: _____

Print Name: _____

Title: _____

## **<u>ACKNOWLEDGMENT</u>**

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization via audio-video communication by _____ on behalf of MAJOR LEAGUE JEWELERS ☐ who is personally known to me or ☐ who has produced _____ as identification and who, after first being duly sworn, deposes and says that he/she has read the foregoing Answers to the Interrogatories which were propounded to him/her by the Defendant(s) which, to the best of his/her knowledge and belief, are true and correct, and who has acknowledged to me that he/she executed the same as his/her free act and deed.

SWORN TO AND SUBSCRIBED before me, this _____ day of _____, 2022.

_____
NOTARY PUBLIC

State of _____ at Large

My Commission Expires:

5



TAMPA
DALLAS
CHICAGO
CHARLOTTE
PHILADELPHIA
TALLAHASSEE
MOBILE
MIAMI

July 22, 2022

***VIA EMAIL*:**

Idelys Martinez, Esq.
Your Insurance Attorney, PLLC
2601 S. Bayshore Drive, 18th Floor
Coconut Grove, FL 33133
YIA20@yourinsuranceattorney.com
eservice@yourinsuranceattorney.com

  Re: *Major League Jewelers vs. Jewelers Mutual Insurance Company*
    Case No.: CACE-22-008155
    Our File Number: 2027-2111098

Dear Ms. Martinez,

  I write in a good faith attempt to obtain full, complete, and proper responses to the written discovery requests propounded by Jewelers Mutual Insurance Company ("Jewelers Mutual") without Court intervention, in strict compliance with Florida Rules of Civil Procedure 1.380(a)(4), as well as other authority.

  Plaintiff sued Jewelers Mutual. The accusations leveled are false and without support. Thus, on June 21, 2022, Jewelers Mutual propounded written discovery to defend itself, as is its absolute right. Specifically, Jewelers Mutual served its First Set of Interrogatories and First Request for Production to Plaintiff.

  Plaintiff's responses to these discovery requests were due on July 21, 2022. No request for an extension to respond was requested by Plaintiff and Plaintiff neither objected nor moved for a protective order. Consequently, Plaintiff waived most objections by operation of law.

  Please supply full, complete, and proper responses to Jewelers Mutual's discovery requests by 5:00pm on Thursday, August 4, 2022. If you do not, Jewelers Mutual will be forced to seek judicial assistance. We hope it does not come to that.

    Regards,

    BUTLER WEIHMULLER KATZ CRAIG LLP

**BUTLER WEIHMULLER KATZ CRAIG** LLP
400 North Ashley Drive • Suite 2300 • Tampa, FL 33602
P  813.281.1900 • F  813.281.0900
www.butler.legal

**EXHIBIT
2**

**BUTLER**

Idelys Martinez, Esq.
July 22, 2022
Page 2

William R. Lewis
wlewis@butler.legal

Katelyn Lokuta, Esq.
klokuta@butler.legal

IN THE CIRCUIT COURT OF THE 17TH

JUDICIAL CIRCUIT, IN AND FOR

BROWARD COUNTY, FLORIDA

CASE NO.: CACE-22-008155

MAJOR LEAGUE JEWELERS,

Plaintiff,
v.

JEWELERS MUTUAL INSURANCE
COMPANY,

Defendant.                                    /
_____

## **MOTION FOR EXTENSION OF TIME TO FILE**
## **RESPONSE TO DISCOVERY REQUESTS**

COMES NOW, Plaintiff, **MAJOR LEAGUE JEWELERS,** moves this Court for an order

extending the time in which Plaintiff's response to the Defendant, **JEWELERS MUTUAL**

**INSURANCE COMPANY,** discovery requests are due. In support of this motion, the Plaintiff

states as follows:

1. On or about June 21st, 2022, Plaintiff was served with Defendant's First Set of

Interrogatories to Plaintiff and Defendant's Request for Production of Documents.

2. Plaintiff seeks additional time in which to adequately respond to Defendant's

discovery requests by 30 days.

3. Plaintiff is not seeking to extend any other deadlines.

4. An extension of time for the requested deadline will be sufficient to adequately file

a response to Defendant's discovery requests.

5. Furthermore, an extension of the deadline will not prejudice either party.

**WHEREFORE**, **MAJOR LEAGUE JEWELERS,** respectfully requests that this Court enter

an Order granting this Motion to Extend the time in which Plaintiff's response to the Defendant's

**EXHIBIT**

**3**

discovery requests are due, and for any further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via E-Mail to all parties on this 24th of July, 2022.

**Your Insurance Attorney, PLLC.**
Counsel for the Insured
2601 South Bayshore Drive 18th Floor
Coconut Grove, FL 33133
Phone No.: 1-888-570-5677
Fax: 1-888-745-5677
Email: YIA5@Yourinsuranceattorney.com
Secondary Email: Eservice@Yourinsuranceattorney.com

By: */s/ David Garcia*
David Garcia, Esq.
Florida Bar No. 87055
Idelys Martinez, Esq.
Florida Bar No. 1011047



TAMPA
DALLAS
CHICAGO
CHARLOTTE
PHILADELPHIA
TALLAHASSEE
MOBILE
MIAMI

August 25, 2022

**_VIA EMAIL AND CERTIFIED MAIL 9489009000276428901741_:**

Idelys Martinez, Esq.
Your Insurance Attorney, PLLC
2601 S. Bayshore Drive, 18th Floor
Coconut Grove, FL 33133
YIA20@yourinsuranceattorney.com
eservice@yourinsuranceattorney.com

      Re:    *Major League Jewelers vs. Jewelers Mutual Insurance Company*
               Case No.: CACE-22-008155
               Our File Number: 2027-2111098

Dear Ms. Martinez,

      I write in a good faith attempt to obtain full, complete, and proper responses to the written discovery requests propounded by Jewelers Mutual Insurance Company ("Jewelers Mutual") without Court intervention, in strict compliance with Florida Rules of Civil Procedure 1.380(a)(4), as well as other authority.

      Plaintiff sued Jewelers Mutual. The accusations leveled are false and without support. Thus, on June 21, 2022, Jewelers Mutual propounded written discovery to defend itself, as is its absolute right. Specifically, Jewelers Mutual served its First Set of Interrogatories and First Request for Production to Plaintiff.

      Plaintiff's responses to these discovery requests were due on July 21, 2022. On July 22, 2022, we wrote to you in a good faith attempt to obtain overdue discovery. Plaintiff did not respond to our letter, but instead filed a Motion for Extension on July 24, 2022 requesting a 30 day extension. Plaintiff did not reach out to Counsel for AXIS to obtain an agreed upon extension or set the motion for hearing.

      Nonetheless, the 30 day extension to respond as requested by Plaintiff came, and went.  Plaintiff did not respond, object or move for a protective order. Consequently, Plaintiff waived most objections by operation of law.

      If full, complete, and proper responses to Jewelers Mutual's discovery requests are not produced within **seven (7) days** of the date of this letter, a motion to compel will be filed and set for a hearing.

EXHIBIT
**4**

**BUTLER**

Idelys Martinez, Esq.
August 25, 2022
Page 2

Regards,

BUTLER WEIHMULLER KATZ CRAIG LLP

William R. Lewis
wlewis@butler.legal

Katelyn Lokuta, Esq.
klokuta@butler.legal

**Archived:** Tuesday, September 13, 2022 12:01:57 PM
**From:** Katelyn Lokuta
**Mail received time:** Wed, 31 Aug 2022 12:14:48
**Sent:** Wed, 31 Aug 2022 16:14:47
**To:** 'im@yourinsuranceattorney.com'
**Cc:** 'vjorge@yourinsuranceattorney.com' Julia Dearborn 'YIA20@Yourinsuranceattorney.com'
**Subject:** FW: 5141-004 Major League Jewelers v. Jewelers Mutual Case Number: CACE-22-008155:
**Importance:** Normal
**Sensitivity:** None

---

Good Afternoon,

I glad we could connect this morning to discuss the discovery issues and Plaintiff's claims. In light of your need for an additional time to respond to our discovery requests, please send us a proposed agreed order on your motion for extension to respond to discovery until September 9th (next Friday).

Thank you!



**Katelyn Lokuta** | Attorney at Law
BUTLER WEIHMULLER KATZ CRAIG LLP
400 N. Ashley Drive, Suite 2300 | Tampa, FL 33602
Direct 813.594.5622 | Office 813.281.1900
www.butler.legal | email | vCard | location

**EXHIBIT 5**

---

**From:** Katelyn Lokuta
**Sent:** Tuesday, August 30, 2022 4:34 PM
**To:** 'Victoria Jorge' <vjorge@yourinsuranceattorney.com>
**Cc:** Idelys Martinez <im@yourinsuranceattorney.com>; YIA20 <YIA20@yourinsuranceattorney.com>; Julia Dearborn <jdearborn@butler.legal>
**Subject:** RE: 5141-004 Major League Jewelers v. Jewelers Mutual Case Number: CACE-22-008155:

Good Afternoon,

Does Idelys intend on re-scheduling the teleconference, which was supposed to take place at 4pm this afternoon?



**Katelyn Lokuta** | Attorney at Law
BUTLER WEIHMULLER KATZ CRAIG LLP
400 N. Ashley Drive, Suite 2300 | Tampa, FL 33602
Direct 813.594.5622 | Office 813.281.1900
www.butler.legal | email | vCard | location

**From:** Julia Dearborn <jdearborn@butler.legal>
**Sent:** Monday, August 29, 2022 3:24 PM
**To:** 'Victoria Jorge' <vjorge@yourinsuranceattorney.com>; Tammy Garcia <tgarcia@butler.legal>; Katelyn Lokuta <klokuta@butler.legal>
**Cc:** Idelys Martinez <im@yourinsuranceattorney.com>; YIA20 <YIA20@yourinsuranceattorney.com>
**Subject:** RE: 5141-004 Major League Jewelers v. Jewelers Mutual Case Number: CACE-22-008155:

Good afternoon,

    4pm tomorrow works. Please have Idelys call Katelyn at 813.594.5622.

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

    Plaintiff,

                                CASE NO.: CACE-22-008155

v.

JEWELERS MUTUAL INSURANCE COMPANY,

    Defendant.

_____/

## **NOTICE OF HEARING**

PLEASE TAKE NOTICE that a hearing will be held before the Honorable Sandra Perlman, one of the Judges of the above-styled Court, via Video Teleconference on the 8th Day of November, 2022, at 8:45 a.m., or as soon thereafter as same may be heard, on:

                Defendant's Motion to Compel Overdue Discovery Responses

TIME RESERVED:  5-10 minutes.

The undersigned attorney ☐ will be / ☒ will _not_ be securing the services of a court reporter.

PLEASE BE GOVERNED ACCORDINGLY.

                BUTLER WEIHMULLER KATZ CRAIG LLP

                *Katelyn Lokuta*

                _____
                WILLIAM R. LEWIS, ESQ.
                Florida Bar No.:  0879827
                wlewis@butler.legal
                KATELYN N. LOKUTA, ESQ.
                Florida Bar No: 106198
                klokuta@butler.legal
                Secondary:   jdearborn@butler.legal

400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:    (813) 281-1900
Facsimile:     (813) 281-0900
*Attorneys for Defendant, Jewelers Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to:

Idelys Martinez, Esq.
David F. Garcia, Esq.
Your Insurance Attorney, PLLC
2601 South Bayshore Drive
18th Floor
Coconut Grove, FL  33133-5454
YIA20@yourinsuranceattorney.com
Secondary:  eservice@yourinsuranceattorney.com
*Counsel for Plaintiff*

by e-Portal on September 22, 2022.


_____
KATELYN N. LOKUTA, ESQ.

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

     Plaintiff,

CASE NO.:

v.

JEWELERS MUTUAL INSURANCE COMPANY,

     Defendant,

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, MAJOR LEAGUE JEWELERS (the "Insured"), pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby requests that Defendant, JEWELERS MUTUAL INSURANCE COMPANY (the "Insurance Company"), make available for inspection and duplication, in response to each numbered paragraph, all documents specified herein which are in its possession, custody or control or in the possession, custody or control of its agents, accountants or attorneys. Defendant is requested to make such production within the time period prescribed either by the Florida Rules of Civil Procedure or by order of the Court, at the offices of **Your Insurance Attorney, PLLC., 2601 South Bayshore Drive, 18th Floor, Coconut Grove, Florida 33133.**

I.     **DEFINITIONS AND INSTRUCTIONS**

1.      The terms "you", "your(s)", "yourselves", "defendant", and/or "Insurance Company" means the party or parties to which this request is addressed, and any agents, representatives, attorneys or other persons acting or purporting to act, on its behalf.

2.      The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

3.      The "Complaint" means the Complaint filed by the Insured in this action.

4.      The term "document" shall mean any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, <u>including the originals and all non-identical copies,</u> whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, work-sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (<u>and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing</u>), graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

5.      The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

6.      The term "Insurance Company" shall refer to the Defendant in this action, its affiliates, subsidiaries, predecessors, successors, agents, attorneys and/or anyone else acting in its behalf.

7.      The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, personal delivery or otherwise.

8. As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neuter shall include each of the other genders.

9. The terms "and", "as well as" and "or" shall be construed disjunctively as well as conjunctively as necessary to make the interrogatory inclusive rather than exclusive. The term "all" means "any and all." The terms "each" and "every" means "each and every," the term "including" means "including without limitation."

10. The terms "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

11. The terms "locate" or "location" means to state the present whereabouts of each document and to identify the person(s) having possession, custody or control thereof.

12. The term "to date" shall mean the date on which you respond to this request.

13. When producing the required documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

14. When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

15. In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file.

16. The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

17.     If you claim that the attorney/client or any other privilege or the attorney's work product doctrine applies to any document, the production of which is called for by these requests, then for each such document, state its date, subject matter, author(s), recipient(s), present custodian and all past custodians, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim.

18.     If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any one of these requests, then in response to the appropriate request:

(a)     furnish each such document that is available to you without undertaking what you contend to be an unreasonable burden;

(b)     state with particularity the grounds on which you contend that additional efforts to obtain such documents would be unreasonably burdensome; and

(c)     describe with particularity the efforts made by you to secure such documents, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such documents, including the duration of time spent and nature of work done by each person.

19.     Unless otherwise indicated, all requests include the time period from the date of the Loss to the date you receive this request.

20.     The term "Insured" shall refer to the Plaintiff(s), affiliates, predecessors, successors, agents, attorneys and/or anyone else acting in their behalf.

## II.   <u>LOST/DESTROYED DOCUMENTS</u>

If any document to be produced was, but is no longer, in your possession, custody or control and/or has been destroyed or is otherwise incapable of production or state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; (d) if not destroyed, the reason why the document is incapable of production; and (e) the subject matter of the document.

## III.   <u>DOCUMENTS REQUESTED</u>

1.   A true and correct certified copy of the insurance policy provided by the Insurance Company to the Insured, for which this lawsuit is premised, including but not limited to, declaration sheet(s), all addendums and attachments.

2.   Each and every timesheet, log and all other documents reflecting time spent by the Insurance Company at the Property.

3.   Each and every document, evidencing the name, address, and the position/relationship with the Insurance Company, of every individual who has visited or plans to visit the Property on behalf of the Insurance Company.

4.   Any and all correspondence or written communications from the Insurance Company to the Insured, which in any manner pertain to the Insured's loss as described in the Complaint.

5.   Any and all correspondence or written communications from the Insured, to the Insurance Company which in any manner pertains to the Insured's loss as described in the Complaint.

6.   Any and all photographs taken by the Insurance Company of the Property.

7.   All documents containing information regarding a statement by the Insured at any time during the Insurance Company's handling of the Insured's loss, including adjuster notes, claim reports, interoffice memorandum, tape recordings, Examination Under Oath transcripts, and any other transcripts or written statements from the Insured.

8.  Any and all bills or estimates for repairs to the Property submitted to the Insurance Company by the Insured.

9.  Any and all checks paid to, or on behalf of the Insured, representing insurance coverage payment(s) for the loss.

10.  All reports which in any manner pertain to the Insured's loss.

11.  All Proof of Loss forms pertaining to the subject loss that were sent or received by you or your representatives to or from the Insured or the Insured's representative.

12.  Transcripts of all recorded statements taken by you or your representatives in connection with the subject loss.

13.  All inspection reports or other documents that evidence the cause of the damages at issue in the subject claim as determined by you or your representative.

14.  All applications for insurance submitted by or on behalf of the Insured to you or your representatives in connection with obtaining or renewing the subject Policy.

15.  All photographs or videos taken by you or your representative(s) in connection with the initial issuance or renewal of the subject Policy.

16.  A current curriculum vitae (CV) or resume for each person retained on your behalf for the purpose of rendering an opinion as to the cause or extent of the subject damage.

17.  All affidavits or sworn statements in your possession pertaining to the subject loss.

18.  Transcripts of all examinations under oath (EUO) taken by you or your representatives in connection with the subject loss.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail

to: JEWELERS MUTUAL INSURANCE COMPANY c/o The Florida Chief Financial Officer as

RA, 200 E. Gaines Street, Tallahassee, Florida 32399-4201, on this 3rd day of June 2022.

**Your Insurance Attorney, PLLC.**
2601 South Bayshore Drive 18th Floor
Coconut Grove, FL 33133
Phone No.: 1-888-570-5677
Fax: 1-888-745-5677
Email:YIA20@Yourinsuranceattorney.com
Secondary Email: Eservice@Yourinsuranceattorney.com

By: */s/ Idelys Martinez*_____
Idelys Martinez, Esq.
Florida Bar No. 1011047

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

MAJOR LEAGUE JEWELERS,

      Plaintiff,

CASE NO.:

v.

JEWELERS MUTUAL INSURANCE
COMPANY,

      Defendant.

_____ /

## <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>

Plaintiff, MAJOR LEAGUE JEWELERS (the "Insured"), pursuant to Rule 1.340 of the

Florida Rules of Civil Procedure, propounds the following First Set of Interrogatories upon

Defendant, JEWELERS MUTUAL INSURANCE COMPANY (the "Insurance Company"), to be

answered in writing, under oath, within the time specified.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail

to: JEWELERS MUTUAL INSURANCE COMPANY c/o The Florida Chief Financial Officer as

RA, 200 E. Gaines Street, Tallahassee, Florida 32399-4201, on this 3rd day of June 2022**.**

**Respectfully Submitted by,**

**Your Insurance Attorney, PLLC.**
2601 South Bayshore Drive 18th Floor
Coconut Grove, FL 33133
Phone No.: 1-888-570-5677
Fax: 1-888-745-5677
Email:YIA20@Yourinsuranceattorney.com
Secondary Email: Eservice@Yourinsuranceattorney.com

By: */s/ Idelys Martinez*_____
Idelys Martinez, Esq.
Florida Bar No. 1011047

## DEFINITIONS AND INSTRUCTIONS

1.      Insert your answers in the space provided following each question.  If additional space is needed, so indicate in the space provided, prepare your answers on a separate paper, and attach the additional paper to your answers.

2.      Separately answer each interrogatory, and each subsection of each interrogatory. The term "you" and "your" means the party or parties to which this request is addressed, including its divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, accountants, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.

3.      The terms "Insurance Company" or "Defendant" means the defendant in this action to which these Interrogatories are addressed, including its agents, attorneys, accountants, and all other persons acting or purporting to act on their behalf.  The terms "Insurance Company" or "Defendant" also includes the party's divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and accountants as well as each partnership in which it is a partner, and includes any other person, acting or purporting to act on its behalf.

4.      The terms "you" and "your" mean the party or parties to which these interrogatories are addressed, including its agents, attorneys, accountants, and all other persons acting or purporting to act on its behalf.

5.      The "Complaint" means the Complaint filed by the Insured in this action.

6.      The term "Claim" means any statement, concept, assertion, idea, allegation, fact, law, rule, theory, observation, cause of action, or principle whatsoever, based upon which Plaintiff demands that she has suffered damages, or has a right to payment, as the result of any act or omission of Defendant.

7.      The terms "person" or "persons" mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, and group of natural persons or other entity, and includes any other person acting on behalf of a person.

8.      The term "contract" means any promise, or set or promises, which creates an obligation to do or not do a particular thing where there was meeting of the minds on a given proposition and an understanding and intention between the parties.

9.      The term "communication" means any information given, whether oral or written; any oral or written statement, conference, consultation, dialogue, colloquy, discussion, conversation, agreement, the sharing of knowledge by one with another, bargaining preparatory to making a contract or any expression of any kind.

10.      The term "document" means and includes any kind of written, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, and every record of every type, including originals, non-identical copies and drafts, and both sides of any documentation where information appears on both sides, and including but not limited to: letters, correspondence, memoranda, meeting transcripts or minutes, public filings or tax returns, papers, books, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, notes, notations, accountants' working papers, transcriptions, agendas, reports, recordings of telephone or other conversations, of interviews, of conferences or of meetings, telephone messages, diaries, indices, books, reports, ledgers, working papers, invoices, worksheets, receipts, computer printouts, financial statements, schedules affidavits, contracts, canceled checks, statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the

foregoing, whether handwritten, printed or electronically prepared, filed or stored, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print-outs, data processing input and output, microfilms, newspapers, magazines, books, periodicals or press releases, including information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored to which you have or had access. "Document" shall also be deemed to include any summary of a document or documents called for hereafter.

11.     The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

12.     As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

13.     The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to make the interrogatory inclusive rather than exclusive. The term "all" means "any and all." The term "each" means "each and every," and the term "every" means "each and every."

14.     The terms "refer" or "relate to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

15.     The term "locate" or "location" means to state the present whereabouts of each Document and to identify the persons having possession, custody or control thereof.

16.     The term "to date" shall mean the date on which you answer these interrogatories.

17.     The term "including" means "including but not limited to".

18.    "Relating to" or "relevant to" means embodying, pertaining to, concerning, involving, constituting, comprising, reflecting, discussing, evidencing, referring to, consisting of, or having any logical or factual connection whatever with the subject matter in question.

19.    The term "Identify," when used with reference to a natural person, means state:

(a)    his full name and address (or, if the present address is not known, his last known address).

(b)    the full name and address of each of his employers, each corporation of which he is an officer or director and each business in which he is a principal.

(c)    his present (or, if the present is not known, his last known) position and his position or positions at the time of the act to which the interrogatory answer relate, and

(d)    such other information sufficient to enable Plaintiff to identify the person.

20.    "Identify," when used with reference to any entity other than a natural person, means:

(a)    state the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity, and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization.

21.    "Identify," when used with reference to a document or written communication, means state:

(a)    its nature (e.g., letter, telegram, floppy disc, computer printout, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee, if there is an addressee;

(b)    the identity of each signer to the document or communication;

(c)    the title or heading of the document or communication;

(d)    its substance;

(e)    its present (or, if the present is not known, the last known) location and custodian.

(f)    the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (I) respondent and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof;

(g)    the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

22.    "Identify," when used with reference to an oral transaction or oral communication, means state:

(a)    its nature (e.g., telephone call, conversation in person, etc.)

(b)    the date and place thereof.

(c)    the identity and address of each person participating therein, present during or witness to any part thereof.

(d)    identify each document in which such transaction or communication was recorded, described or referred to.

23.    "Identify" when used with reference to a lawsuit means state:

(a)    the caption of each lawsuit;

(b)    the court in which the lawsuit was filed;

(c)    the case number;

(d)    identify the parties, and

(e)    a brief summary of the nature of the claim or charge.

24.    "Identify" when used with reference to an administrative claim or charge means state:

(a)    identify the claimant or charging party;

(b)    the administrative office were filed;

(c)    the number assigned to identify the claim or charge, and

(d)      a brief summary of the nature of the claim or charge.

25.      "Identify," when used in any other context that is herein above set forth, means to describe the act, word, situation, event, etc. (and/or conduct, course of action of any nature whatsoever, including without limitation any failure to act, to engage in any conduct or to pursue any course of action), to be identified as fully as possible and identify each document or communication or act in which such act, word, situation, event, conduct or course of action, etc., was recorded, refers or relates to each answer, forms all or part of the basis for an answer; and/or corroborates and answer.

26.      You may, in lieu of identifying any Document or written communication, attach a true copy of each Document as an exhibit to the answers to these interrogatories.  On each occasion in which you choose to attach a Document as your answer to an interrogatory, identify the portion of the Document that answers the interrogatory.

27.      Identify each Document produced pursuant to an interrogatory by the paragraph number of the interrogatory in response to which it is produced and by the file from which the document was produced.

28.      If any of the information furnished in an answer to all or part of an interrogatory is not within your personal knowledge, identify each person who has personal knowledge of the information furnished in such answer and each person who communicated to you any part of the information furnished.

29.      If the answer to all or any part of the interrogatory is not presently known or available to you, include a statement to that effect, furnish the information now known or otherwise available to you, and respond to the entire interrogatory by supplemental answer, in writing, under oath, within ten days from the time the entire answer becomes known or available to you, but. in no event less

than five days prior to trial.

30.     If you contend that it would be unreasonably burdensome to obtain and provide all of the information called for in response to any one of these interrogatories or any subpart thereof, then in response to the appropriate interrogatory or subpart:

   (a)   set forth all such information that is available to you without undertaking what you contend to be an unreasonable burden;

   (b)   state with particularity the grounds on which you contend that additional efforts to obtain such information would be unreasonably burdensome; and

   (c)   describe with particularity the efforts made by you to secure such information, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such information, including the duration of time spent and nature of work done by each person.

31.     Unless your response to an interrogatory is complete when made, these interrogatories are continuing insofar as you are required to promptly make further or supplemental answers if new information is discovered and/or acquired by you between the date of your initial answer and any time thereafter.

32.     If you claim in response to any request for production that any requested document is "privileged" and not subject to discovery, you shall so state expressly and, in addition, shall provide a privilege log, describing the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

33.     If all of the information furnished in answer to all or part of an interrogatory is not within the personal knowledge of the affiant, identify each person to whom all or part of the information furnished is a matter of personal knowledge and each person who communicated to the

affiant any part of the information furnished.

      34.    To the extent precise and complete information cannot be furnished, such information as is available shall be supplied, together with an estimate of the precise and complete information. Where such an estimate is given, the method employed in making the estimate shall be described.

## <u>INTERROGATORIES</u>

1.      Please state the name, title, current business address, and phone number of all persons answering or assisting with the answering of this set of interrogatories.

2.      Please state the date that the Insurance Company first received notice from the Insured for a claim of benefits under the Policy for property damages as described in the Complaint in this lawsuit.

3.      In reference to the Insurance Company's denial of the Insured's claim for benefits under the Policy, please state:

      a.      The date the decision to deny the claim was made.

      b.      Identify each person who participated in the decision to deny the Insured's claim.

      c.      Describe each and every fact upon which you relied in forming the basis for your denial of the Insured's claim.

      d.      Identify each document sent by the Insurance Company to the Insured detailing the reasons why the Insurance Company denied the Insured's claim.

      e.      State the location, including, page(s), line(s) and paragraph number(s), and the exact language contained in the Policy, which you used to base your decision to deny coverage of the Insured's claim.

      4.      Identify each person, by name, address, phone number and position, whom on behalf of the Insurance Company, inspected the Insured Property in reference to the claim for benefits under the Policy, including his or her field of expertise and the date of each inspection.

5.      Identify each written estimate for repair or replacement, including the amount set forth in each estimate, which has been provided to the Insurance Company by the Insured in reference to the Insured's claim for benefits under the Policy.

6.      Identify all persons (other than the Insurance Company) believed or known by you, your agents or attorneys to have knowledge concerning any of the issues raised by the pleadings, specifying the subject matter about which witnesses have knowledge and state whether you have obtained any statements (oral, written or recorded) from any of said witnesses, list the dates any such

witness statements were taken, by whom any such witness were taken and who has the present possession, custody and control of any such statements.

7.     Identify all persons who, on the Insurance Company's behalf, have in any way participated in the investigation, evaluation, adjusting or handling of the claim involved hereto. Please specify the nature of the participation for each and every such person and give the time period during which they participated.

8.     For each decision that was made that the claim of the Insured were allegedly not covered under the Policy, please state the date you first decided that the Insured was allegedly not covered, the date you arrived at the conclusion the Insured was not covered and the names and address and phone number and the dates of involvement of each and every person that knows any information concerning these matters.

9.      Please describe all requests made by the Insurance Company upon the Insured for post-loss compliance (i.e., requests for examination under oath, information, documents, sworn proofs of loss, etc.,) in reference to this claim and the dates made.

10.     With reference to each of your affirmative defenses raised in the lawsuit, please describe each and every fact upon which you rely to substantiate such affirmative defense, including identification of all witnesses to each such fact.

11.     Please verify the date the Policy became effective.

12.     Please state the amount of money paid by the Insured towards the premium of the Policy in place at the time of the Loss.

13.     Please state whether or not you performed any inspections of the insured premises prior to the Loss.  If so, provide the date the inspection was performed, the purpose of the inspection, by whom and their contact information.

14.    Please provide the name and contact information for the agent that sold the Policy to the Insured.

15.    If you contend that the Insured did not comply with the terms and conditions set forth in the Policy please described:

       a.    the term and/or condition of the Policy not complied with;

       b.    how the Insured failed to comply with the term and/or condition;

c.      when a request was made by you demanding compliance with the term and/or condition of the Policy;

d.      why compliance with the terms and/or condition was necessary for you to adjust the Loss and determine coverage.

16.    Please verify the name, phone number, address and title of the corporate representative(s) with the most knowledge regarding the allegations set forth in the complaint.

17.     Please identify all claims made by the Insured for the Insured premises.

IN WITNESS WHEREOF, the Insurance Company has executed the foregoing answers to interrogatories and states that same are true and correct to the best of the undersigned's knowledge and belief.

_____

JEWELERS MUTUAL INSURANCE COMPANY

By: _____

Title: _____

STATE OF FLORIDA              }
                             }
COUNTY OF _____     }

BEFORE ME, the undersigned authority, personally appeared _____, who is personally known to me or who has produced _____ as identification, being first duly sworn according to law, deposes and says that he executed the foregoing Answers to Plaintiff's First Set of Interrogatories and that they are true and correct to the best of his/her knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of my office; in the County and State last aforesaid, this _____ day of _____2022.

IN THE COUNTY COURT FOR THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:  CACE-22-008155

MAJOR LEAGUE JEWELERS,

                Plaintiffs,

v.

JEWELERS MUTUAL INSURANCE
COMPANY,

                Defendant.

_____/

## PLAINTIFF'S UNVERIFIED RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

**COMES NOW**, Plaintiff's, MAJOR LEAGUE JEWELERS, hereby gives notice of the service of his responses to Defendant JEWELERS MUTUAL INSURANCE COMPANY, First Set of Interrogatories.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via Electronic Mail to: counsel of record for the Defendant, on this 7th day of November 2022.

**Your Insurance Attorney, PLLC.**
2601 South Bayshore Drive 18th Floor
Coconut Grove, FL 33133
Phone No.: 1-888-570-5677
Fax: 1-888-745-5677
Email:YIA20@Yourinsuranceattorney.com
Secondary Email: vjorge@Yourinsuranceattorney.com

By: */s/ David Garcia* ___
    David Garcia, Esq.
    Florida Bar No. 87055
    Idelys Martinez, Esq.
    Florida Bar No. 1011047